## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JOHN SMENTEK, | ) | |
| | ) | |
| Plaintiff, | ) | 09 C 529 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Joan H. Lefkow |
| SHERIFF OF COOK COUNTY, | ) | |
| and COOK COUNTY, ILLINOIS | ) | Magistrate Judge Brown |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S
### MOTION FOR CLASS CERTIFICATION

NOW COME Defendants, SHERIFF THOMAS DART and COOK COUNTY ("Defendants"), by their attorney, Anita Alvarez, State's Attorney of Cook County, through her Assistant State's Attorney, Michael L. Gallagher, and pursuant to Federal Rule of Civil Procedure 23, submit their response to Plaintiff's Motion for class certification as follows:

### INTRODUCTION

The Plaintiff has brought claims under 42 U.S.C. §1983 and now seeks certification to proceed as a class action pursuant to Federal Rule of Civil Procedure Rule 23(b)(3) [*see generally*, Exhibit I, Plaintiff's Motion for Class Certification ("Motion")]. Plaintiff, on behalf of the purported class, alleges a constitutional violation stemming from the dental care offered by Cermak Health Services ("Cermak") at the Cook County Department of Corrections ("CCDOC"). (Exhibit I, p.1-2). In particular, Plaintiff proposes that the following class be certified:

> All persons who, while confined at the Cook County Jail on and after January 1, 2007, made a request for treatment of dental pain and were not examined by a dentist within 7 days of that request. *Id* at 1.[1]

---

[1] This purported class in the present case is identical to the proposed class in *Wrightsell v. Sheriff of Cook County.*

However, Plaintiff's identical claim was rejected by Judge Leinenweber in the matter of *Smith v. Sheriff of Cook County,* 2008 U.S. Dist. LEXIS 36884 (N.D. Ill., May 6, 2008) (J. Leinenweber); *reconsideration denied*, *Smith v. Sheriff of Cook County*, 2008 U.S. Dist. LEXIS 60248 (N.D. Ill., July 16, 2008); *Petition for leave to appeal pursuant to FRCP 23(f) denied*, No. 08-8023 (7th Cir. 2008); and also by Judge Darrah in the matter of *Wrightsell v. Sheriff of Cook County*, 2009 U.S. Dist. LEXIS 14521* (N.D. Ill. February 19, 2009) (J. Darrah); *Petition for leave to appeal pursuant to FRCP 23(f) denied*, No. 09-8016 (7th Cir. 2009).[2] Plaintiff's attempt to "roll the dice" in the hopes that he receives a favorable ruling is exactly the type of forum shopping denounced by the Seventh Circuit in *Bridgestone II*, and barred by the doctrine of collateral estoppel. *In re Bridgestone/Firestone, Inc., Tires Products Liability Litigation,* 333 F.3d 763, 767 (7th Cir. 2003); *Washington Group International, Inc. v. Bell, Boyd & Lloyd LLC,* 383 F.3d 633, 636 (7th Cir. 2004).

## ARGUMENT

### I.     Plaintiff's Motion is barred by the doctrine of collateral estoppel.

The doctrine of collateral estoppel is designed to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication*." ITOFCA, Inc. v. Mega Trans Logistics, Inc.*, 322 F.3d 928, 933 (7th Cir. 2003); *citing, Allen v. McCurry,* 449 U.S. 90, 94 (1980). Under federal law, issue

---

[2]     On July 30, 2008 and March 11, 2009, the plaintiffs in *Smith* and *Wrightsell* petitioned the Seventh Circuit for permission to appeal the district courts' denials of their motions for class certification. (Exhibit II, Smith petition; Exhibit III, Wrightsell's petition). In those petitions, the plaintiffs' claims were identical to the ones made in the motion at bar, and after reviewing those claims the Seventh Circuit denied plaintiffs permission to appeal. (Exhibit IV, Seventh Circuit Order denying Smith's petition; Exhibit V, Seventh Circuit Order denying Wrightsell's petition).

Case law states that the Seventh Circuit evaluates each Rule 23(f) petition and is more likely to allow the appeal if the following requirement(s) are met: the issue presented by the appeal is novel, the resolution of the issue is important to either the particular litigation or to the general development of class action law, and if the prompt resolution of the issue is more likely to expedite the litigation and prevent a coercive settlement. *Carnegie v. Household Int'l, Inc.,* 376 F.3d 656, 658 (7th Cir. 2004).

preclusion prevents relitigation of a previously decided issue when (1) the issue sought to be precluded is the same as that involved in the prior action; (2) the issue was actually litigated; (3) the determination of the issue was essential to the final judgment; and (4) the party against whom estoppel is invoked was fully represented in the prior action. *Washington Group International, Inc. v. Bell, Boyd & Lloyd LLC,* 383 F.3d 633, 636 (7th Cir. 2004).

For purposes of issue preclusion, a "'final judgment' includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." *In re Bridgestone/Firestone, Inc., Tires Products Liability Litigation,* 333 F.3d 763, 767 (7th Cir. 2003). In determining if a decision is "final" for collateral estoppel purposes, courts are instructed to consider whether: (1) the decision was not "avowedly tentative"; (2) the hearing was adequate and the parties were fully heard; (3) the court supported its decision with a reasoned opinion; and (4) the decision was appealable or had been appealed. *Miller Brewing Co. v. Joseph Schlitz Brewing Co.,* 605 F.2d 990, 996 (7th Cir. 1979), *cert. denied,* 444 U.S. 1102 (1980).

In *Bridgestone II,* the Seventh Circuit held that an issue litigated and resolved on a denial of class certification may be given estoppel effect to all putative class members if the absent members were adequately represented by counsel. 333 F.3d at 766-767. In *Bridgestone I,* the Seventh Circuit ruled that the district court abused its discretion by certifying a nationwide class covering multiple models of vehicles and tires. *Id* at 765. However, after the court's ruling, class counsel filed the same nationwide class action lawsuit in several other courts in the hopes of receiving a favorable ruling. *Id.* Eventually, the class counsel found a state court willing to grant their motion for class certification, and in response, the defendants motioned the district court in

*Bridgestone I* to enjoin any further nationwide class actions. *Id.* The district court denied the defendants' motion to enjoin and that decision was appealed. *Id.*

In *Bridgestone II,* class counsel claimed, in relevant part, that the district court's denial of defendants' motion to enjoin should have been affirmed because: (1) the federal action had not produced a final judgment; (2) and, the "federal court lacks personal jurisdiction over state-court plaintiffs who did not participate in the federal proceeding." *Id* at 767. The Seventh Circuit rejected class counsel's first claim that the federal action had not produced a "final judgment" by holding that the appellate court's ruling was "sufficiently firm to be accorded conclusive effect." *Id* at 767. Specifically, the court found the ruling was "sufficiently firm" because it was the result of "focused attention" by counsel in both the district and appellate court, and because the "courts addressed the issue exhaustively in published opinions [which] brought the debate to a conclusion." *Id.*

The *Bridgestone II* Court also rejected class counsels' second claim that the federal court lacked personal jurisdiction over state-court plaintiffs who did not participate in the federal proceeding. *Id.* The class counsel's argument was based on the premise that "only named class representatives, and not members of the putative classes, are treated as parties to the litigation." As a result, "class members other than the named representatives cannot be bound by an adverse decision and are free to file their own class actions elsewhere." *Id* at 768. In response, the Seventh Circuit held that if the "absent members were adequately represented by the named litigants and class counsel" they were bound by any final judgments issued by the ruling court. *Id* at 768-769. To hold otherwise would turn class action litigation into a "heads-I-win, tails-you lose situation" that would allow class counsels to "roll the dice" until they found a court willing to provide them with a favorable ruling. *Id* at 766-767.

4

In the present matter, there is no question the district courts in *Smith* and *Wrightsell* provided a "final judgment" in their written memorandums as to whether a class should be certified on behalf of CCDOC inmates that "request[ed] … treatment of dental pain and did not receive timely treatment of a dentist." *Smith,* 2008 U.S. Dist. LEXIS 36884 *1; *reconsideration denied*, *Smith*, 2008 U.S. Dist. LEXIS 60248 *1; *Wrightsell*, 2009 U.S. Dist. LEXIS 14251*1. These "final judgments" by the district courts were "sufficiently firm" in that they were the result of "focused attention" by counsels for both the plaintiffs[3] and defendants.[4]

Moreover, the district courts in *Smith* and *Wrightsell* "addressed the issue exhaustively" in their three separate memorandums denying class certification. *Bridgestone II,* 333 F.3d at 767. In *Smith*, Judge Leinenweber correctly ruled that the question of whether Defendants were "deliberately indifferent" to the class members' dental needs would be a factually specific inquiry that would require individual determinations as to causation and damages. *Smith*, 2008 U.S. Dist. LEXIS 36884 *5-7. As a result, the court ruled that "while some issues would be common, many would not, and no case would be typical." *Id* at 6. The court went on to address Smith's attempt to certify the "common" question of "whether the lengthy delay in receiving dental treatment is capable of causing a violation of constitutional rights." *Smith*, 2008 U.S. Dist. LEXIS 60248 *2. The court warned that Smith's attempt to certify a "common" question while leaving the individually fact intensive determinations for follow-on proceedings ran afoul of the

---

[3] The plaintiffs' counsel in *Smith* and *Wrightsell* filed two motions for class certification, three replies in support of their motion for class certification, one motion for reconsideration, one "renewed" motion for class certification, and two petitions for leave to appeal pursuant to FRCP 23(f). These motions and petitions consisted of seventy-six (76) pages devoted totally to the issue of whether class should be certified on behalf of CCDOC inmates that "request[ed] … treatment of dental pain and did not receive timely treatment of a dentist." (*Smith* 07 CV 3659, Docket No. 22, 30, 35, 44; *Wrightsell* 08 CV 5451, Docket No. 10, 18; Exhibit II, Smith petition; Exhibit III, Wrighsell's petition).

[4] The defense counsel's arguments in *Smith* and *Wrightsell* were equally detailed in their two responses to plaintiffs' motions for class certification, their response to Smith's motion for reconsideration, and their two responses to plaintiffs' petitions for permission to appeal pursuant to FRCP 23(f). These responses consisted of forty-four (44) pages devoted totally to plaintiffs' argument for class certification. (*Smith* 07 CV 3659, Docket No. 27, 37; *Wrighsell* 08 CV 5451, Docket No. 16; Exhibit VI, Defendants' response to Smith's petition; Exhibit VII, Defendants' response to Wrightsell's petition).

"predominance" requirement of Rule 23(b)(3). *Id* at 3-6; *citing Hyderi v. Washington Mut. Bank, FA,* 235 F.R.D. 390, 403 (N.D. Ill., 2006) (J. Phillip).

In *Wrightsell*, Judge Darrah found Judge Leinenweber's opinion to be "instructive, and his reasoning … applicable." *Wrightsell*, 2009 U.S. Dist. LEXIS 14251 *9. In an attempt to distinguish his claims from that of Smith's (which sought to establish a class on behalf of detainees that "did not receive timely treatment by a dentist") Wrightsell sought to "narrow" the purported class by limiting it to detainees that "were not examined by a dentist within 7 days of that request." *Id*. at 2*.

Judge Darrah found that this arbitrary distinction created another individualized factual determination that would have to be resolved before determining liability. *Id*. at 9-10*. In particular, the court held that while a seven day delay in treatment may be unreasonable in "very obvious and serious painful dental emergency requiring immediate treatment," that same seven day delay could be reasonable for minor dental problems. *Id*. Ultimately, the district court adopted the *Smith* court's findings, and held that "[i]ndividual – not common – issues predominate in the case, and a class action would not be superior means of resolving the alleged Eighth Amendment claim regarding dental care at the Cook County Jail." *Id*. at 9*.

Having established *supra* that the parties in *Smith* and *Wrightsell* were afforded multiple opportunities to argue their respective positions, and also establishing that the district courts responded to those arguments with comprehensive and reasoned opinions, there is no question that both cases were appealable as evidenced by plaintiffs' Rule 23(f) petition for appeal. *See generally* (Exhibit II, Smiths petition; Exhibit III, Wrightsell's petition). As a result, the opinions in *Smith* and *Wrightsell* are "final judgments" for the purpose of collateral estoppel. *In re Bridgestone/Firestone,* 333 F.3d at 767; *see Miller,* 605 F.2d at 996.

Therefore, Plaintiff's motion for class certification is barred by collateral estoppel because the exact issue of whether to certify a class of CCDOC detainees alleging deliberate indifference to dental care was litigated, it was decided in a final judgment, and where Plaintiff was an unnamed class member in both the *Smith* and *Wrightsell* matter. *Miller,* 605 F.2d at 996, *cert. denied* 444 U.S. 1102 (1980).

## II.    Plaintiff's Motion fails to satisfy the Commonality and Typicality requirements of  Rule 23(a).

Rule 23(a) of the Federal Rules of Civil Procedure states that a class action can only be maintained if:

> 1) The class is so numerous that joinder of all members is impracticable, 2) there are questions of law or fact common to the class, 3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and 4) the representative parties will fairly and adequately protect the interests of the class. FRCP 23(a)

Plaintiffs rely on Rule 23(b)(3) as authority to proceed as a class action.  Rule 23(b)(3) has requirements in addition to those stated in Rule 23(a).  A plaintiff seeking class certification must not only prove all of the requirements delineated in Rule 23(a), but must also prove that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members," and that a class action is superior to other forms of adjudication. FRCP 23(b)(3).  The court may consider (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions, (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class, c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum, and d) the difficulties likely to be encountered in the management of a class action. *Id*.

Rule 23 does not authorize a preliminary hearing on the merits as part of a determination whether a suit may be maintained as a class action; but rather inquires whether the elements of Rule 23 are met. However, the Seventh Circuit has held that the district court must pierce the pleadings to determine if a legitimate cause of action exists as part of the Rule 23 process. *Szabo v. Bridgeport Machines, Inc.,* 249 F.3d 672, 675-676 (7th Cir. 2001) (holding that "a judge should make whatever factual and legal inquiries are necessary under Rule 23" before deciding whether to allow a case to proceed as a class action.) In the present case, a brief inquiry beyond Plaintiff's Complaint shows that it fails to satisfy the requirements established by Rule 23.

### Commonality and Typicality

"Commonality exists if the class members share common questions of law or fact. The requirement is usually satisfied when a common nucleus of operative facts unites a class." *Block*, 2002 U.S. Dist. LEXIS 5453 at 8; *citing Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). "The typicality requirement of Rule 23(a)(3) is closely related to the commonality requirement of Rule 23(a)(2)." *Id* at *8-9; *citing Ruiz v. Stewart Assoc. Inc.,* 171 F.R.D. 238, 242 (N.D. Ill. 1997). However, "'if proof of [plaintiff's] claims would not necessarily prove all of the proposed class members' claims,' she fails the typicality prong of Rule 23(a)." *Block*, 2002 U.S. Dist. LEXIS 5453 at *9; *citing Williams v. Ford Motor Co*., 192 F.R.D. 580, 586 (N.D. Ill. 2000). Moreover, "[i]n a case where individual questions of fact predominate over common questions of fact, a class action is not appropriate." *Hewitt v. Joyce Beverages of Wisconsin*, 721 F.2d 625, 628-629 (7th Cir. 1983).

In the present case, Plaintiff cannot prove that his alleged claims of deliberate indifference are common or typical to the claims of the proposed class members. The question of whether Defendants' dental care policy amounted to deliberate indifference is a fact-bound

8

inquiry that requires Plaintiff to show that they he had an 1) "objectively" serious medical need, and that 2) Defendants acted with a "sufficiently culpable state of mind" in maintaining a policy that, on its face, intentionally interfered with the detainee's medical needs. *Smith*, 2008 U.S. Dist. LEXIS 36884 at *5; *citing Johnson v. Doughty*, 433 F.3d 1001 (7th Cir. 2006).

In order for Plaintiff to prove the objective element of the Eight Amendment claim, Plaintiff must first show that he had a condition that required dental care; second, that he did not receive adequate dental care; third, that he suffered significant injury or harm; and fourth, that the injury or harm was causally related to the inadequate care.[5] *Smith,* 2008 U.S. Dist. LEXIS 36884 at * 4. While there is only a single Plaintiff listed in the motion at bar, the district courts in *Smith* and *Wrightsell* recognized that the answers to the above questions of fact would differ dramatically among the five detainees named in the *Smith* matter, let alone among the two-hundred proposed class members. *Id* at 3.

In particular, while four of the five plaintiffs in *Smith* received expert medical care, two received care from medical doctors and two from dentists. *Smith,* 2008 U.S. Dist. LEXIS 36884 at * 6; *Smith*, 2008 U.S. Dist. LEXIS 60248 at *3-4. As a result, the court found that plaintiffs would have to show that providing doctor care, as opposed to dental care, violated normal medical principles. *Smith,* 2008 U.S. Dist. LEXIS 36884 at * 6; *See Cole v. Fromm*, 94 F.3d 254, 261-262 (7th Cir. 1996); *See Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996) (Matters of medical judgment, such as whether one course of treatment is preferable to another, are questions of tort and beyond the scope of the Eighth Amendment).

In addition, the proposed class members' injuries would vary dramatically and range from minor toothaches to major dental issues requiring surgery. Again, this would require

---

[5] "The protections of pre-trial detainees [under the Fourteenth Amendment] are at least as great as the Eight Amendment protections available to a convicted prisoner, and we frequently consider the standards to be analogous." *Washington v. LaPorte County Sheriff's Dep't*, 306 F.3d 515, 517 (7th Cir. 2002)

individual inquiries to determine whether the class members' injuries were "objectively" significant. Finally, because of the time in which the class members received treatment could range from days to months, there would have to be individual determinations as to whether the wait resulted in injury or harm. There is no doubt these "fact-bound" inquires will predominate over common questions of fact or law. Therefore, Plaintiff has failed to establish commonality and typicality and his motion should be denied.

### Adequacy of Representation

Defendants concede, and the district courts in *Smith* and *Wrightsell* concur, that Plaintiff and class counsel provide adequate representation to the purported class.

**III.     Plaintiff's Motion fails to satisfy the "predominance" requirement of Rule 23(b)(3).**

Assuming *arguendo* that Plaintiff has met the requirements of Rule 23(a), he fails to demonstrate that questions of common fact or law to the members of the class predominate over any questions affecting only individual members. The proposed class action is brought on behalf of:

> All persons who, while confined at the Cook County Jail on and after September 23, 2006, made a request for treatment of dental pain and were examined by a dentist within 7 days of that request.

Rule 23(b)(3) allows for certification where the requirements of Rule 23(a) have been met, and where the Court finds that "questions of law or fact common to members of the class predominate over any questions affecting only individual members" and that "a class action is superior to other available methods for resolving the controversy." Fed. R. Civ. P. 23(b)(3). The Supreme Court has taught that "even if Rule 23(a)'s commonality requirement may be satisfied . . . . the predominance criterion [of Rule 23(b)(3)] is far more demanding." *Amchem v. Windsor,* 521

U.S. 591, 623-24 (1997). In addition, the predominance requirement of Rule 23(b)(3) does not allow plaintiffs to identify a "single common issue" while disregarding the individualized issues that will dominate the resolution of the class members claims. *Hyderi v. Wash. Mutual Bank, FA*, 235 F.R.D. 390, 398; 2006 U.S. Dist. LEXIS 13781 *22-23 (N.D. Dist. Ill. 2006) (J. Fillip); *cited by Smith*, 2008 U.S. Dist. LEXIS 60248 at *6. *see also, Clark v. Experian Info. Solutions, In*c., 256 Fed. Appx. 818, 819, 821-822 (7th Cir. 2007) (Seventh Circuit affirmed the denial of class certification because plaintiffs failed to demonstrate that common issues predominated under Rule 23(b)(3). Plaintiffs' alleged that defendants engaged in deceptive trade practices, negligent misrepresentation, and unjust enrichment under Illinois law. The Court held that class certification was inappropriate because the matter would require individual determinations of causation and damages.)

In *Hyderi v. Wash. Mutual Bank, FA.*, plaintiffs' claimed that their putative class should be certified because there was a "common question" as to whether defendant's "no bill/no pay policy" was a "pattern or practice" that facially violated federal law. 2006 U.S. Dist. LEXIS 13781 at *26-27. They argued that this "common question" predominated, and once resolved, the court could proceed to individualized proceedings to determine injuries and damages. *Id.* However, Judge Fillip rejected plaintiffs' assertion and held that although there may be a common question, the individual determinations of injury and damages would dominate the proceedings. *Id* at 38-39. Specifically, Judge Fillip stated;

> A putative class representative cannot satisfy the predominance requirement by defining the common issue narrowly and leaving all of the individual issues for follow-on proceedings, especially when the non-common issues are necessarily intertwined with the common issues and resolution of the common issues would not materially advance the litigation. *Id*.

In the present case, as in *Smith* and *Wrightsell*, the Court will have to examine the following factors in determining whether Defendants were deliberately indifferent to a particular detainee's serious medical needs:

1) The preexisting conditions of the detainees teeth.

2) The relative severity of the detainee's dental problems, which could range from gingivitis (inflammation of the gums) to oral cancer.

3) The frequency and methods by which the detainee requested dental care.

4) Whether the Defendants were "subjectively aware" of the detainees "serious medical need."

5) Whether the Defendants were deliberately indifferent to that serious medical need.

6) Whether the dental care provided was a "substantial departure from accepted professional judgment, practice, or standards," or just negligent.

7) The level of dental staffing in place at the time of the particular detainees complaint(s) and or treatment(s).

8) Whether the purported class members properly exhausted their administrative remedies in accordance with the Prisoner Litigation Reform Act ("PLRA").

8) The amount of damages to be awarded to the proposed class member.

As such, these individual questions of fact will predominate over any common question of fact or law that faces the proposed class. As Defendants argued in *Smith* and *Wrightsell*, Plaintiff's attempt to put forward a "common" question of delayed dental care, while leaving the individual determinations of causation and damages for follow-on proceedings, runs afoul of the predominance requirement of Rule 23(b)(3). Therefore, Plaintiff fails to satisfy the requirements of Rule 23(b)(3) and his motion should be denied.

In *Smith,* Judge Leinenweber agreed that the individual questions of causation and damages would predominate over the question of whether the alleged reduction in dental staffing

12

resulted in significant injury to plaintiffs. Again, the district court recognized that although plaintiffs *may* be able to show "system-wide" indifference in a single proceeding, the "individualized and fact-specific inquiries" into causation would "necessarily vary from plaintiff to plaintiff." *Smith*, 2008 U.S. Dist. LEXIS 60248 at * 2-3. The district court went on to hold:

> The Court doubts that it could find the current staffing inadequate without some showing that the care of inmates has been harmfully delayed. The necessity of considering the impact upon Plaintiffs then leads back to the individualized and divergent facts which the Court originally found to make class certification inappropriate. In short, it would be difficult, if not impossible, to separate these individualized facts from resolution of the claim common to all class members, thus making Plaintiff's proposed separation of issues unworkable in practice. *Id* at 4.

The court further stated that it did not believe that a singular resolution of the common issue would lead to a noticeable gain in efficiency. *Id* at 6. In fact, the court found that because of the "disparate waiting periods endured by the named [p]laintiffs and the varying level of intermediate care they received, individualized determinations of the adequacy of dental staff are likely to prove more reliable and accurate than uniform resolution of the issue." *Id*. Therefore, the court ruled that class certification was inappropriate because "the issues of individual causation and damages will likely encompass the vast majority of the time and resources necessary to judge Plaintiffs' claims," and that such a bifurcated approach was neither an efficient nor superior means of resolving plaintiffs' claims. *Id* at 4.

In *Wrightsell*, Judge Darrah found that although the plaintiff's claim satisfied the commonality and typicality requirements of Rule 23(a), the claim failed to satisfy the predominance requirement of Rule 23(b)(3). As argued *supra*, the district court properly denied *Wrightsell's* motion by finding that individual questions of causation would predominate and that a bifurcated approach was not an efficient or superior means of resolving Plaintiff's claims. *Wrightsell*, 2009 U.S. Dist. LEXIS 14521 *7-8.

13

As he did in *Smith* and *Wrightsell*, class counsel relies on *Arreola* for the mistaken proposition that it somehow *demands* the district court certify the common question of whether the alleged reduction in dental staff deprived Plaintiff of his constitutional rights, and in turn, that the district court leave the fact intensive inquires of causation and damages for follow-up proceedings. (Exhibit I, Plaintiff's Motion p.16-17); *Arreola v. Godinez*, 546 F.3d 788 (7th Cir. 2008); *See, Clark v. Experian Info. Solutions, In*c., 256 Fed. Appx. 818, 822 (7th Cir. 2007) (unpublished opinion)[6] (The district court is not obligated to grant partial certification if particular issues are common to a class); *Citing, Fed. R. Civ. P. 23(c)(4)(A)* ("an action *may* be brought or maintained as a class action with respect to particular issues") (emphasis added).

In *Wrightsell*, the district court properly and explicitly distinguished *Arreola* by finding that "*Arreola* did not hold that a district court must certify a class under Rule 23(b)(3) under the circumstances here. Rather, the court narrowly held that 'the need for individual damages determinations does not, in and of itself, require a denial of [a] motion for certification.'" *Wrightsell*, 2009 U.S. Dist. LEXIS 14521 at *10-11; *citing, Arreola,* 546 F.3d at 801. Instead of denying Plaintiff's motion for class certification on the limited grounds that it would require individual determination of damages, the district court concurred with the *Smith* court's opinion that the individual questions of causation would predominate and that a bifurcated approach was not an efficient or superior means of resolving Plaintiff's claims. *Wrightsell*, 2009 U.S. Dist. LEXIS 14521 at 7-8*; *citing, Smith,* 2008 U.S. Dist. LEXIS 60248 at 5*.

Plaintiff also mistakenly relies on *Mejdrech* to advance his claim that there is a common question that predominates throughout the purported class. (Exhibit I, Plaintiff's Motion p.17). In *Mejdrech*, an environmental pollution case, the Seventh Circuit affirmed class certification for

---

[6] Defendants have attached a copy of the above-cited unpublished opinion in accordance with Federal Rule of Appellate Procedure 32.1.

14

the issue of whether the defendant caused contamination of the groundwater beneath the class member homes. 319 F.3d at 911. However, the "remaining claimant-specific issues" of whether a particular class member suffered any legally compensable harm, and whether damages should be awarded, were left to "individualized follow-on proceedings." *Id* at 911-912.

In stark contrast, while Plaintiff may be able to show "system-wide" indifference in a single proceeding, the "individualized and fact-specific inquiries" into causation would "necessarily vary from plaintiff to plaintiff." *Smith,* 2008 U.S. Dist. LEXIS 60248 at *2-3; *See Wrightsell,* 2009 U.S. Dist. LEXIS 14521 at *7-8. Therefore, certifying the "common" question of alleged insufficient dental staffing would do noting to resolve the issue of liability.

Finally, although Plaintiff goes to great lengths to advise this Court to disregard the *Smith* and *Wrightsell* rulings because they "are not precedents", (Exhibit I, Plaintiff's Motion p.10) *citing Harzewski v. Guidant Corp.,* 489 F.3d 799, 806 (7th Cir. 2007), Plaintiff asks that the Court take notice of various district court decisions that have *nothing* to do with either deliberate indifference or medical care. (Exhibit I, Plaintiff's Motion p.11-12).

WHEREFORE, the Defendants Sheriff Thomas Dart and Cook County, respectfully request that this Honorable Court deny Plaintiff's Motion for class certification; and grant any other relief that this Court deems necessary and just.

ANITA ALVAREZ
STATE'S ATTORNEY OF COOK COUNTY

/s/ Michael L. Gallagher
Michael L. Gallagher
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-3124