IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| John Smentek, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | No. 09-529 |
| *-vs-* | ) | |
| | ) | *(Judge Lefkow)* |
| Sheriff of Cook County and | ) | |
| Cook County, Illinois | ) | |
| | ) | |
| *Defendants.* | ) | |

## MOTION TO ADD PLAINTIFFS AND FOR LEAVE TO FILE AMENDED COMPLAINT AND AMENDED MOTION FOR CLASS CERTIFICATION

Plaintiff John Smentek, by counsel, moves the Court for leave to add as plaintiffs Malcolm Patton and Melvin Phillips, two current prisoners at the Cook County Jail. In addition, plaintiff requests leave to file an amended complaint and an amended motion for class certification in the form attached hereto.

Grounds for this motion are as follows:

1.     This action was commenced by John Smentek, a former detainee at the Cook County. Smentek seeks damages for injuries he incurred as a result of defendants' refusal to provide adequate dental services at the jail.

2.     Smentek also seeks to maintain this case as a class action pursuant to Rule 23(b)(3).

3.     Defendants have argued in opposition to plaintiff's motion for class certification that the adverse class rulings in *Smith v. Sheriff,* 07 CV 3659, and *Wrightsell v. Sheriff,* 08 CV 5451, bar by collateral estoppel plaintiff's motion for class certification.

4.     In response to defendants' invocation of collateral estoppel, the plaintiff in *Wrightsell*, who is represented by the same attorneys as the plaintiff in this case, filed a timely notice of appeal to obtain review of the adverse class ruling. This appeal is now before the Seventh Circuit as number 09-2634.

5.     This Court may well choose to defer ruling on plaintiff's request for (b)(3) certification pending the decision in the *Wrightsell* appeal.

6.     Plaintiff's counsel has been contacted by several persons who are presently confined at the Cook County Jail and who are being damaged by the same policy at issue in this case. Plaintiff seeks to add as additional plaintiffs two such persons, Malcolm Patton and Melvin Phillips. Each of these proposed additional plaintiffs has exhausted administrative remedies and each is prepared to represent a class for injunctive relief. Accordingly, plaintiff also seeks to amend his motion

for class certification to seek certification under Rule 23(b)(2) for a class of persons presently confined at the jail. Plaintiff attaches to this motion the proposed amended complaint (Exhibit 1) and the proposed amended motion for class certification (less exhibits) (as Exhibit 2).

It is therefore respectfully requested that the Court grant plaintiff leave to add as plaintiffs Malcolm Patton and Melvin Phillips, and that the Court grant plaintiff leave to file an amended complaint and an amended motion for class certification.

Respectfully submitted,

/s/ <u>Kenneth N. Flaxman</u>

Kenneth N. Flaxman
ARDC 830399
200 S Michigan Ave, Ste 1240
Chicago, Illinois 60604
(312) 427-3200

Thomas G. Morrissey.
10249 S Western Ave
Chicago, Illinois 60643
(773) 233-7900

*Attorneys for Plaintiff*

**Exhibit 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN SMENTEK, MALCOLM PATTON, | ) | |
| AND MELVIN PHILLIPS, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | No. 09 CV 00529 |
| -vs- | ) | |
| | ) | *(Judge Lefkow)* |
| SHERIFF OF COOK COUNTY, | ) | |
| and COOK COUNTY, ILLINOIS | ) | |
| | ) | |
| *Defendants.* | ) | |

# AMENDED COMPLAINT

Pursuant to leave of Court, plaintiffs file this amended complaint and, by counsel, allege as follows:

1. This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §1343.

2. Defendants are the Sheriff of Cook County and Cook County, Illinois. The Sheriff is sued in his official capacity only.

3. Defendants are responsible for providing medical and dental care to prisoners at the Cook County Jail.

4. Defendants have at all times known that broken, infected, or otherwise diseased teeth and gums can be excruciatingly painful and, if untreated, can result in serious permanent injury.

5. Defendants have also at all times known that dental care is one of the most important medical needs of inmates.

6. At all times relevant, defendants have declined to require a dental screening of persons being processed into the jail and have required

prisoners who were in need of dental treatment to endure a lengthy wait before receiving treatment.

7. In 2007, defendants effectively discontinued dental services by eliminating the positions of all but one dentist, who was to be responsible for the care of the ten thousand persons.

8. Defendants' above described actions were taken in deliberate indifference to the dental needs of prisoners at the Cook County Jail.

9. Plaintiff John Smentek was confined at the Cook County Jail from September 22, 2007 to March 14, 2008.

    a. Within two weeks of entering the jail, Smentek began to experience severe tooth pain and submitted a request for dental services.

    b. Plaintiff Smentek did not receive a response to his first request for dental services. Thereafter, Smentek submitted numerous additional requests for dental services.

    c. Plaintiff Smentek did not receive any dental services while he was confined at the Jail.

    d. On or about March 14, 2008, Smentek was transferred to the Illinois Department of Corrections.

    e. While in the Illinois Department of Corrections, Smentek received dental services and was required to undergo fourteen or fifteen tooth extractions.

    f. As the result of defendant's policies, plaintiff Smentek experienced great pain and suffering and incurred permanent damage to his mouth.

10. Plaintiff Malcolm Patton entered the Cook County Jail on November 17, 2008 and is presently confined in Division 1 at the Jail.

    a. In January of 2009, Patton began to experience severe tooth pain, accompanied by bleeding gums.

    b. Between January and April of 2009, Patton submitted more than ten requests to see a dentist.

    c. Patton began to file grievances after his requests for dental services were ignored.

    d. Patton filed his first grievance in April of 2009 and was "referred to dental services."

    e. Patton filed another grievance in June of 2009 and was advised on June 17, 2009 that he would be scheduled for "dental sick call."

    f. Patton had not seen a dentist as of July 10, 2009, and is presently experiencing severe tooth pain, bleeding gums, and headaches.

11. Plaintiff Melvin Phillips entered the Cook County Jail on February 12, 2008 and is presently confined in Division 9 at the Jail.

    a. In March of 2009, Phillips began to experience severe tooth pain when a filling came loose.

    b. Between March and May of 2009, Phillips submitted more than ten requests to see a dentist.

    c. Phillips has to date filed three grievances complaining about his unfulfilled need to see a dentist. None of these grievances has resulted in treatment by a dentist.

    d.   Phillips had not seen a dentist as of July 10, 2009, and is presently experiencing severe tooth pain, bleeding gums, and headaches.

12.   Plaintiffs Patton and Phillips are experiencing pain and are incurring physical injury as the direct and proximate result of defendants' deliberate indifference to the dental needs of prisoners at the Cook County Jail.

13.   Many prisoners at the Jail in addition to Patton and Phillips are incurring physical injury from defendants' refusal to provide adequate dental services. Accordingly, plaintiffs Patton and Phillips bring this action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure to obtain prospective injunctive relief.

14.   Plaintiffs hereby demand trial by jury on their claims for damages.

Wherefore plaintiffs request that appropriate injunctive relief be granted for the class of persons presently confined at the Jail who are in need of dental services, that appropriate damages be awarded to each of the named plaintiffs, as well as to each member of the class proposed by plaintiff Smentek, and that the Court grant whatsoever other relief as may be appropriate.

/s/ Kenneth N. Flaxman
_____

KENNETH N. FLAXMAN
ARDC No. 830399
200 South Michigan Avenue
Suite 1240
Chicago, Illinois 60604-2430
(312) 427-3200

THOMAS G. MORRISSEY
10249 South Western Avenue
Chicago, Illinois 60643
(773) 233-7900

*attorneys for plaintiffs*

**Exhibit 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

John Smentek, Malcolm Patton,      )
and Melvin Phillips,               )
                                   )
         *Plaintiffs,*             )
                                   )      No. 09-529
   *-vs-*                          )
                                   )      *(Judge Lefkow)*
Sheriff of Cook County and         )
Cook County, Illinois             )
                                   )
         *Defendants.*             )

# AMENDED MOTION FOR CLASS CERTIFICATION

Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure,

plaintiffs, by counsel, moves the Court to order that this case may be

maintained as a class action on behalf of the following two classes:

1.  Under Rule 23(b)(2)

All persons presently confined at the Cook County Jail who
are experiencing dental pain and who have waited for more
than seven days after having complained about that pain
without having been examined by a dentist, and

2.   Under Rule 23(b)(3)

All persons who, while confined at the Cook County Jail on
and after January 1, 2007, made a request for treatment of
dental pain and were not examined by a dentist within 7
days of that request.

 Grounds for this motion are set out below.

## I. Facts

In 2006, defendants employed four dentists and eight dental assistants to serve the 10,000 detainees held at the Cook County Jail. (Exhibit 1.) Defendants slashed dental services in 2007, leaving a single dentist and two dental assistants responsible for the care of the ten thousand persons held at the jail. [1] *Id.* The result, as the United States Department of Justice recently found, is that the jail "fails to provide adequate dental care to its inmates." (Exhibit 2 at 57.) The DOJ explained this finding as follows (Exhibit 2 at 57-58):

> Dental care is an important component of overall inmate health care. Poor oral health has been linked to numerous systemic diseases. Contrary to generally accepted correctional standards, dental care at CCJ is not timely and does not include immediate access for painful or urgent conditions. During our June 2007 on-site visit, we found that there was only one dentist responsible for over 9,500 inmates. [footnote omitted] We further learned that the dentist was unable to perform any restorative care. The dentist's services were limited to extractions and it usually takes about two weeks before the dentist was able to perform any necessary follow-up care. More alarming, we learned that over 25 percent of the extractions performed at CCJ resulted in chronic infections such as osteitis (inflammation/disease of the bone) or dry sockets.
>
> We also found that the dentist typically was unable to treat inmates with serious or urgent dental needs. We found

[1] One full time dentist can, at best, care for 1000 prisoners. *Ramos v. Lamm,* 639 F.3d 559, 576 (10th Cir. 1980). There are about 10,000 prisoners at the Cook County Jail.

many instances where inmates complained of tooth abscesses, but the dentist was unavailable to treat their serious dental needs. For example, inmate Derek B. was admitted to CCJ on June 17, 2007, with a tooth abscess. Although Derek requested dental care, the CCJ dentist did not provide treatment for his tooth abscess. Without proper treatment, Derek is at risk of serious deep tissue infection, pneumonia, sepsis, septic shock, and possibly death.

As a result of the dentist's inability to treat serious dental needs, the Cermak emergency room and sick call are inundated with dental emergencies. Despite having Cermak physicians treat these serious dental emergencies, inmates continue to suffer needlessly because they do not receive appropriate follow-up care.

Letter, United States Department of Justice to Cook County Board President Stroger, July 11, 2008, 57-58, reproduced as Exhibit 2 *infra* and available at http://www.usdoj.gov/crt/split/documents/CookCountyJail_findingsletter_7-11-08.pdf (visited May 23, 2009).

Plaintiffs and numerous other prisoners at the jail have been required to experience dental pain for lengthy periods because defendants reduced dental services to this barbaric level.

Plaintiff Smentek was admitted to the jail on September 22, 2007; about two weeks later, he began to experience severe tooth pain. (Amend Com., pars. 9.) Smentek made repeated requests to see a dentist to alleviate this severe pain. (Amend Com., par. 9(b).) These requests came to naught. (Amend Com., par. 9(c).)

Plaintiff Smentek was transferred to the Illinois Department of Corrections in March of 2008. (Amend Com., par. 9(d).) There, Smentek

was finally examined by a dentist, who extracted fourteen or fifteen teeth. (Amend Com., par. 9(e).)

Plaintiff Patton was admitted to the jail on November 17, 2008 and is presently confined in Division 1 at the Jail. (Amend Com., par. 10.) Patton began to experience severe tooth pain, accompanied by bleeding gums, in January of 2009. (Amend Com., par. 10(a).) Between January and April of 2009, Patton submitted more than ten requests to see a dentist. (Amend Com., par. 10(b).) Patton began to file grievances after his requests for dental services were ignored. (Amend Com., par. 10(c).) Patton filed his first grievance in April of 2009 and was "referred to dental services." (Amend Com., par. 10(d).) Patton filed another grievance in June of 2009 and was advised on June 17, 2009 that he would be scheduled for "dental sick call." (Amend Com., par. 10(e).) Patton had not seen a dentist as of July 10, 2009, and is presently experiencing severe tooth pain, bleeding gums, and headaches. (Amend Com., par. 10(f).)

Plaintiff Phillips was admitted to the jail on February 12, 2008 and is presently confined in Division 9 at the Jail. (Amend Com., par. 11.) Phillips began to experience severe tooth pain, accompanied by bleeding gums, in March of 2009. (Amend Com., par. 11(a).) Between March and May of 2009, Phillips submitted more than ten requests to

see a dentist. (Amend Com., par. 11(b).) Phillips has to date filed three grievances complaining about his unfulfilled need to see a dentist. (Amend Com., par. 11(c).) None of these grievances has resulted in treatment by a dentist. *Id.* Phillips had not seen a dentist as of July 10, 2009, and is presently experiencing severe tooth pain, bleeding gums, and headaches. (Amend Com., par. 11(d).)

Plaintiffs are not alone in enduring untreated dental pain. More than 200 prisoners filed grievances in 2007 about inadequate dental care.[2] A typical grievance, reproduced as Exhibit 3, contains the following complaint:

> I been asking to be seen by the dentist. I'm having bleeding gums and two back teeth is baiting [sic] my tongue and making it bleed a lot!! Sore mouth all night. Need help to eat a meal around here.

Dental care is denied to detainees even when a physician seeks to make an emergency referral for dental care. Ralph Alexander saw a physician in November of 2007 because he was experiencing severe pain on the left side of his face. (Exhibit 4 at 1.) The doctor concluded that the pain was caused by a dental problem and made an emergency

---

[2] In *Smith v. Sheriff,* 07 CV 3659, defendants produced more than 200 grievances that had been filed in 2007 complaining about inadequate dental care. (Exhibit 6 at 3.)

request for Alexander to see a dentist. *Id.* Six months passed before Alexander was able to the dentist. *Id.*

The plight of Anthony Johnson presents another example of the defendants' policy of deliberate indifference. Johnson arrived at the jail on December 4, 2008 shortly after jaw surgery. (Exhibit 5 at 1.) Johnson promptly requested to see a dentist, submitting a "Detainee Health Service Request Form" on December 4, 2008. *Id.* Johnson clearly stated his need for dental services:

> Before I was taken into custody on 12/04/07 I had jaw surgery under my gum line inside my mouth. Now, my gums and teeth are bleeding, sore and in pain. I need my teeth cleaned ASAP to avoid major severe infection at the surgery site. Please advise.

This request failed to obtain dental services, and Johnson filed a grievance on December 25, 2007, restating his need to see a dentist. (Exhibit 5 at 2.) The response to the grievance was a referral to a physician. (Exhibit 5 at 3.) Johnson appealed this resolution, stating (Exhibit 5 at 3):

> I'm still in pain and wake up with mouth full of blood. I had surgery before being in custody and need teeth cleaned ASAP before surgery site infection.

On April 2, 2009, Johnson filed another grievance, pointing out again that he still needed to see a dentist (Exhibit 5 at 4):

In custody 12/04/08. Had jaw surgery under gum line inside my mouth before being in custody. My gums and teeth are bleeding sore and in pain. Need teeth cleaned ASAP to avoid surgery site infection by Dentist. 12/04/08 sent Health Service Request Form to Dentist. No response. 12/25/2008 filed grievance to see Dentist. 01/02/2009 ref to Div Physician not Dentist – No Response. 01/08/2009 filed appeal to see Dentist. Appeal granted 03/04/2009 Appeal Board's decision "Please ensure detainee medical concerns are addressed ASAP" <u>Not Dentist Visit ASAP</u>. To date no response.

Plaintiffs contend that defendants' decision to cut the number of dentists from four to one caused plaintiffs and numerous other prisoners to experience unnecessary pain for many months while waiting to see a dentist. This unnecessary infliction of pain is the type of injury under the "deliberate indifference" standard of *Farmer v. Brennan*, 511 U.S. 825 (1994) that is actionable without proof of an "objective" injury. *Cooper v. Casey*, 97 F.3d 914, 917 (7th Cir. 1996); *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997); *Edwards v. Snyder,* 478 F.3d 827, 832 (7th Cir. 2007).

Plaintiffs' claim that defendants' policies caused the unnecessary infliction of pain is a perfect fit for class certification under Rules 23(b)(2) and Rule 23(b)(3), when, as in this case, the proposed class satisfies each of the requirements of Rule 23(a).

Defendants will oppose class certification, at least under Rule 23(b)(3), relying on decisions from two district judges refusing to allow

a class challenge to defendants' dental policies.[3] Plaintiffs discuss these decisions before turning to the requirements of Rule 23.

## II. The Split in District Court Decisions: The "Traditional Approach" and the "Revisionist Approach"

District judges in the Northern District of Illinois have of late followed two divergent approaches in analyzing requests for Rule 23(b)(3) class certification in cases arising out of the Cook County Jail.

The "traditional approach" is to accept plaintiffs' theory of the case and determine whether the case satisfies the requirements of Rule 23. For example, *Jackson v. Sheriff,* 06 CV 493, Judge Coar rejected defendants' argument about individual factual determinations and accepted plaintiffs' formulation of the issue in a case challenging the manner in which defendants were conducting STD testing of males being admitted to the jail:

> Defendants rely too much on select factual determinations that might vary on a case-by case basis, and which in some way might affect the screening process for individual putative class members. Rather than seeking to establish that the prisoner consent was valid in some instances and invalid in others, Plaintiffs maintain that, *as a rule*, the manner in which the screening process is conducted

[3] *Smith v. Sheriff,* 07 CV 3659, (Leinenweber, J.), Mem.Op. May 6, 2008 (Exhibit 6), Mem.Op. July 16, 2008 (on motion to reconsider) (Exhibit 7); *Wrightsell v. Sheriff,* 08 CV 5451 (Darrah, J.), Mem.Op. February 19, 2009 (Exhibit 8).

precludes valid consent: "Plaintiffs intend to show in their impending motion for summary judgment that the totality of circumstances at the receiving unit makes it impossible for anyone to give a valid consent to the insertion of the urethral swab." Pl.'s Reply in Supp. of Class Cert. at 11. This framing of the issue effectively shifts the debate toward questions that are resolvable without delving into an individualized analysis of minor factual discrepancies. *See, e.g., Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 955 (7th Cir. 2006) (upholding class certification despite member differences because the answers to the distinguishing question – the presence or absence of a firm offer – were not dispositive of the ultimate legal determinations).

*Jackson v. Sheriff,* 06 CV 493, Mem.Op. Dec. 14, 2006 at 8 (Exhibit 8, *infra).*

Judge Kennelly followed this approach of accepting plaintiffs' formulation of the theory of the case in *Parish v. Sheriff,* 07 CV 4369, a case challenging the delivery of prescription medication to detainees at the jail:

Plaintiffs challenge what they allege are policies and practices applied to the entire detainee population. Defendants contend that a class would be unmanageable because there are too many individual issues. Defendants assert that to determine liability, the Court will have to examine at least nine specific questions, including the relative urgency of each individual's need for medication, whether CCJ personnel were subjectively aware of each individual detainee's serious medical need, and the actual harm suffered by each individual. They maintain that individual determinations are the only way to resolve a deliberate indifference claim.

As the Court previously noted, plaintiffs' claims focus on the policy of allowing CCJ personnel lacking medical

degrees to in effect overrule decisions made by medical doctors regarding their patients' medical needs, as well as other allegedly categorically applied policies. Plaintiffs' primary contention is that the creation and execution of these policy amounts to deliberate indifference. In this regard, the individual stories of particular detainees may be illustrative, but they are unlikely to be determinative of the issue of liability. The predominant issues in the litigation, at least with regard to liability, will be the existence and constitutionality of the defendants' alleged policies. A class action is the most efficient device for this kind of case because the legality of the policies can be determined in one proceeding.

*Parish v. Sheriff,* 06 CV 4369, Mem.Op. Oct. 24, 2008 at 10 (Exhibit 10, *infra).*

Judge Bucklo recently followed this "traditional approach" in certifying a class action in *Phipps v. Sheriff,* 07 CV 3889 (March 26, 2008) (Exhibit 11, *infra).*

A different and revisionist approach was adopted by Judge Leinenweber when he refused to certify a class in *Smith v. Sheriff,* 07 CV 3659, a previous challenge to the jail's dental policies. In that case, Judge Leinenweber rejected plaintiff's formulation of the class claim and concluded that there were four elements to the only actionable claim available to plaintiff (Exhibit 6 at 4-5):

In order to prove the objective element of an Eighth Amendment claim, a plaintiff must first show that he had a condition that required dental care; second, that he did not receive adequate dental care; third, that he suffered significant injury or harm; and fourth that the injury or harm was causally related to the inadequate care.

Judge Leinenweber was of the view that expert opinion would be required to prove each of these elements (Exhibit 6 at 5), and that plaintiffs could not prove "causation" on a class basis. *Id.*

Judge Leinenweber reiterated this view in denying plaintiff's motion to reconsider (Exhibit 7), again stating that the class claim would require "individualized proof of causation," (Exhibit 7 at 2), and that "a single class action would be an inefficient and inappropriate means to resolve the question of whether Defendants' reduction of dental care has caused lengthy delays in treatment and unnecessary pain to the inmates of Cook County Jail." (Exhibit 7 at 3.)

Judge Darrah adopted Judge Leinenweber's views in *Wrightsell v. Sheriff,* 08 CV 5451. (Mem.Op. Feb. 19, 2009, reproduced *infra* as Exhibit 8.)

This Court is not bound by the rulings in *Smith* and *Wrightsell.* The Seventh Circuit has repeatedly reiterated that decisions of district courts "are not precedents." *Harzewski v. Guidant Corp.,* 489 F.3d 799, 806 (7th Cir. 2007). *See, e.g., Midlock v. Apple Vacations West, Inc.,* 406 F.3d 453, 457-58 (7th Cir. 2005) (collecting cases). "Opinions of district courts carry (for non-parties) no more weight than the power of their reasoning earns them." *Atlantic Mut. Ins. Co. v. Northwest Airlines, Inc.,* 24 F.3d 958, 961-62 (7th Cir. 1994). Thus, "district judges in this

circuit must not treat decisions *by other district judges,* in this and *a fortiori* in other circuits, as controlling, unless of course the doctrine of res judicata or of collateral estoppel applies." *Colby v. J.C. Penney Co., Inc.,* 811 F.2d 1119, 1124 (7th Cir. 1987) (emphasis in original).

This Court is also not bound by the refusal of the Seventh Circuit to allow interlocutory appeals from the adverse class rulings in *Smith* and *Wrightsell.*[4] The decision to grant a Rule 23(f) appeal is purely discretionary, *Blair v. Equifax,* 181 F.3d 832, 833-34 (7th Cir. 1999), and should be entitled to the same lack of precedential weight as the denial of a petition for writ of certiorari. *Maryland v. Baltimore Radio Show,* 338 U.S. 912, 919 (1950); *Ahern v. Murphy,* 457 F.2d 363, 364 (7th Cir. 1972).

This Court, in its rulings on Rule 23 issues, has not followed the "revisionist approach," but has rather accepted plaintiff's formulation of the class claim. In *Ladegaard v. Hard Rock Contrete Cutters, Inc.,* No. 00 CV 5755 (Mem.Op. Nov. 30, 2000, reproduced *infra* as Exhibit 12), the defendant argued that the class could not include both drivers and driver-helpers. (Exhibit 12 at 7-8.) The Court rejected defendant's

---

[4] The Seventh Circuit denied Rule 23(f) petitions for permission to appeal in *Smith* on September 22, 2008, No. 08-8023, and in *Wrightsell* on April 2, 2009, No. 09-8016.

attempt to rewrite the class claim. (Exhibit 12 at 8.) Similarly, in *Longo v. Law Offices of Gerald E. Moore & Associates, P.C.,* 04 CV 5759 (Mem.Op. March 30, 2006, reproduced *infra* as Exhibit 13), the Court accepted plaintiff's argument that all class members "suffered the same injury" and rejected defendant's argument to rewrite the class claim to distinguish between class members who had sustained actual damages and those who were eligible for only statutory damages. Exhibit 13 at 7.

This Court also rejected a defendant's efforts to rewrite the class claim in *Thomas v. Capital One Auto Finance, Inc.,* 06-CV-463 (Oct. 24, 2006, reproduced *infra* as Exhibit 14). There, the defendant argued that the class claim required proof that each class member had read a solicitation letter and had not applied for a loan in response to that letter. Exhibit 14 at 4. The Court rejected defendant's attempt to rewrite the class claim. Exhibit 14 at 5.

More recently, in *Pope v. Harvard Banchares, Inc.,* 240 F.R.D. 383 (N.D.Ill. 2006), the Court rejected the defendant's argument that class certification should be denied because the alleged injury "should distinguish between shareholders with less than 101 shares who were forced to sell, those with more than 101 shares who chose to sell, those with more than 101 shares who were obligated to sell by missing the deadline to convert their shares, and those who complained about the

offered price at the time." *Id.* at 388. The Court overruled this argument and allowed the case to proceed as a class action. *Id.* at 392.

This Court should continue to apply the traditional approach to Rule 23 and decline to follow Judge Leinenweber's alternative approach of revising the claim plaintiff asserts for the class. Plaintiff shows below that the proposed class satisfies each of the requirements of Rule 23(a) and that certification is appropriate under Rule 23(b)(3).

## III.  The Proposed Class Satisfied Rule 23(a), (b)(2) and (b)(3)

### A. The Proposed Class Definitiions

Plaintiff asks the Court to allow this case to proceed under Rule 23(b)(2) for:

> All persons presently confined at the Cook County Jail who are experiencing dental pain and who have waited for more than seven days after having complained about that pain without having been examined by a dentist.

Plaintiffs also ask the Court to allow the case to proceed under Rule 23(b)(3) for

> All persons who, while confined at the Cook County Jail on and after January 1, 2007, made a request for treatment of dental pain and were not examined by a dentist within 7 days of that request.

Plaintiffs' theory of the case is that by reducing to one the number of dentists employed at the jail (an event which plaintiffs

believe occurred on January 1, 2007), defendants caused plaintiffs and numerous other prisoners to experience unnecessary pain for many months while waiting to see a dentist. The identity of class members is easily ascertainable from the "detainee health service request forms" (Exhibit 5 at 1) maintained by defendants.

### B. Numerosity

In *Smith v. Sheriff,* 07 CV 3659, defendants produced grievances filed by more than 200 detainees in 2007. Exhibit 6 at 3. This quantity satisfies the numerosity requirement of Rule 23(a)(1). *Colbert v. Blagojevich,* 07 CV 4737 (Mem.Op. Sept. 29, 2008 at 7, reproduced *infra* as Exhibit 15) (rule of thumb that class size of 40 satisfies numerosity).

### C. Commonality

"A common nucleus exists where the class members' claims hinge on the same conduct by the defendants." *Colbert v. Blagojevich,* Exhibit 15 at 7, citing *Tylka v. Gerber Prods. Co.,* 178 F.R.D. 493, 496 (N.D.Ill. 1998). This requirement is satisfied in this case, where the class claim arises from defendants' decision to reduce to one the number of dentists employed at the jail.

The common question in this case is whether defendants' decision to reduce to one the number of dentists employed at the jail caused plaintiff and numerous other prisoners to experience unnecessary pain for many months while waiting to see a dentist. This question of "unnecessary pain for many months" is "common to all potential class members." *Arreola v. Godinez,* 546 F.3d 788, 798 (7th Cir. 2008)

### D. Typicality

"The typicality requirement focuses on the class representative: '[a] plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory.'" *Colbert v. Blagojevich,* Exhibit 15 at 7, quoting *Keele v. Wexler*, 149 F.3d 589, 595 (1998).

In this case, the class claim arises from defendants' decision to reduce to one the number of dentists employed at the jail. Plaintiff asserts individually and for the class the legal theory that the unnecessary infliction of pain is actionable under the Due Process Clause of the Fourteenth Amendment without proof of an "objective" injury. *Edwards v. Snyder,* 478 F.3d 827, 832 (7th Cir. 2007). Plaintiff's claim thus satisfies the typicality requirement of Rule 23. *Arreola v. Godinez,* 546 F.3d 788, 798 (7th Cir. 2008).

### E. Adequacy of Representation

Defendants cannot dispute that competent attorneys represent the proposed class.[5] Nor can defendants argue that the named plaintiff has any interest at odds with that of the proposed class. Defendants may argue, however, that the named plaintiff cannot adequately represent the class because of his criminal history. This argument is wholly without merit: "Several courts have certified or have approved the certification of classes of prisoner and detainee plaintiffs. [citations omitted] If defendants were correct, there would be no such thing as a class action in the prison or jail context. In any event, defendants have failed to provide any basis to believe that the named plaintiffs' criminal histories differentiate them from other class members or make their interests different from those of the class as a whole." *Parish v. Sheriff, supra,* Exhibit 10 at 9.

### F. Rule 23(b)(2): Prospective Injunctive Relief

Defendants' refusal to provide adequate dental services to prisoners at the Cook County Jail is wrongdoing that is applicable to each member of the class; the appropriate remedy is an injunction compelling defendants to increase the number of dentists available to

---

[5] Plaintiff's attorneys are class counsel, *inter alia,* in *Jackson v. Sheriff,* (Exhibit 9), *Parish v. Sheriff* (Exhibit 10), *and Phipps v. Sheriff.* (Exhibit 11.)

prisoners at the jail. This is precisely the type of relief appropriate under Rule 23(b)(2). *Retired Chicago Police Ass'n v. City of Chicago,* 7 F.3d 584, 596 (7th Cir. 1993); *Colbert v. Blagojevich,* 07 CV 4737 (Mem.Op. Sept. 29, 2008 at 16-17, reproduced *infra* as Exhibit 15)

### G. Rule 23(b)(3): Predominance and Superiority

Rule 23(b)(3) requires the Court to find "that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that the class action is superior to other available methods for the fair and efficient adjudication of the controversy."

The "predominant question" in this case is whether defendants' decision to reduce to one the number of dentists employed at the jail resulted in the unnecessary infliction of pain contrary to the Due Process Clause of the Fourteenth Amendment. This claim does not turn on individual issues of the duration or severity of the unnecessary pain. *See, e.g., Jackson v. Sheriff*, Exhibit 9 at 10; *Parish v. Sheriff,* Exhibit 10 at 9.

In *Mejdrech v. Met-Coil Systems Corp.,* 319 F.3d 910 (7th Cir. 2003), the Seventh Circuit endorsed Rule 23(b)(3) class actions when, as in this case, "there are genuinely common issues, issues identical across all the claimants, issues moreover the accuracy of the resolution

of which is unlikely to be enhanced by repeated proceedings." *Id.* at 911. As in *Medrich,* "it makes good sense, especially when the class is large, to resolve those issues in one fell swoop while leaving the remaining, claimant-specific issues to individual follow-on proceedings." *Id.*

The Seventh Circuit recently reaffirmed this view in *Arreola v. Godinez,* 546 F.3d 788, 798 (7th Cir. 2008). *Arreola* teaches that in evaluating requests for class certification under Rule 23(b)(3), the district court must consider the provision of Rule 23(c)(1)(B) authorizing the class treatment of "claims" as well as "issues." *Id.* at 800. Thus, the possibility that the amount of damages might vary among individual class members is not a basis for refusing to allow a case to proceed as a class action.

There are "genuinely common issues" in this case concerning whether defendants have so reduced dental services at the Cook County Jail that prisoners must endure lengthy suffering before they are able to see the single dentist who works at the jail. This issue is identical across all claimants. It is likely that the issue will be resolved with greater accuracy in a class action than in individual proceedings, many of which will likely proceed as *pro se* prisoner cases. This case should be allowed to proceed as a class action under Rule 23(b)(3).

## IV.  Conclusion

For the reasons above stated, plaintiff requests that the Court order that this case may be maintained as a class action on behalf of the following two classes:

1.  Under Rule 23(b)(2)

All persons presently confined at the Cook County Jail who are experiencing dental pain and who have waited for more than seven days after having complained about that pain without having been examined by a dentist, and

2.   Under Rule 23(b)(3)

All persons who, while confined at the Cook County Jail on and after January 1, 2007, made a request for treatment of dental pain and were not examined by a dentist within 7 days of that request.

Respectfully submitted,

Kenneth N. Flaxman
ARDC 830399
200 S Michigan Ave, Ste 1240
Chicago, Illinois 60604
(312) 427-3200

Thomas G. Morrissey.
10249 S Western Ave
Chicago, Illinois 60643
(773) 233-7900

*Attorneys for Plaintiff*

/s/ <u>Kenneth N. Flaxman</u>

# CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of July, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Michael L. Gallagher, ASA, 500 Daley Center, Chicago, IL 60602, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: none.

/s/ Kenneth N. Flaxman

_____

Kenneth N. Flaxman
ARDC Number 08830399
200 S Michigan Ave, Ste 1240
Chicago, IL 60604-2430
(312) 427-3200 (phone)
(312) 427-3930 (fax)
knf@kenlaw.com (email)