**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN SMENTEK et. al., | ) | |
| | ) | |
| Plaintiff, | ) | 09 C 529 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Joan H. Lefkow |
| SHERIFF OF COOK COUNTY, | ) | |
| and COOK COUNTY, ILLINOIS | ) | Magistrate Judge Brown |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'**
**THIRD AMENDED MOTION FOR CLASS CERTIFICATION**

NOW COME Defendants, SHERIFF THOMAS DART and COOK COUNTY ("Defendants"), by their attorney, Anita Alvarez, State's Attorney of Cook County, through her Assistant State's Attorney, Michael L. Gallagher, and pursuant to Federal Rule of Civil Procedure 23, submit their response to Plaintiffs' Third Amended Motion for class certification as follows:

**INTRODUCTION**

The Plaintiffs have brought claims under 42 U.S.C. §1983 and now seek certification to proceed as a class action pursuant to Federal Rule of Civil Procedure Rule ("FRCP") 23(b)(2) and 23(b)(3). *See generally* (Exhibit I, Plaintiffs' Third Amended Motion for Class Certification). In Plaintiffs' Third Amended Motion for class certification, on behalf of the purported class they allege a constitutional violation stemming from the dental care provided by Cermak Health Services ("Cermak") at the Cook County Department of Corrections ("CCDOC"). (Exhibit I, pg.1). In particular, Plaintiffs propose that the following classes be certified:

1. Under Rule 23(b)(2)

All persons presently confined at the Cook County Jail who are experiencing dental pain and who have waited for more than seven days after having complained about that pain without having been examined by a dentist, and *Id.*. at 1.[1]

2. Under Rule 23(b)(3)

All persons who, while confined at the Cook County Jail on and after January 1, 2007, made a request for treatment of dental pain and were not examined by a dentist within 7 days of that request. *Id.* at 1.

However, Plaintiffs' identical claims were rejected by Judge Leinenweber in the matter of *Smith v. Sheriff of Cook County,* 07 CV 3659, 2008 U.S. Dist. LEXIS 36884 (N.D. Ill., May 6, 2008); *reconsideration denied*, *Smith v. Sheriff of Cook County*, 07 CV 3659, 2008 U.S. Dist. LEXIS 60248 (N.D. Ill., July 16, 2008); *Petition for leave to appeal pursuant to FRCP 23(f) denied*, No. 08-8023 (7th Cir. 2008); and also by Judge Darrah in the matter of *Wrightsell v. Sheriff of Cook County*, 08 CV 5451, 2009 U.S. Dist. LEXIS 14521 (N.D. Ill. February 19, 2009); *Petition for leave to appeal pursuant to FRCP 23(f) denied*, No. 09-8016 (7th Cir. 2009).[2]

Instead of accepting Judge Leinenweber and Judge Darrah's rulings in *Smith* and *Wrightsell,* Plaintiffs have attempted to "roll the dice" in the hopes that they receive a favorable ruling in this Court. However, Plaintiff's conduct is exactly the type of forum shopping denounced by the Seventh Circuit in *Bridgestone II*, and barred by the doctrine of collateral

---

[1] This purported class in the present case is identical to the proposed class in *Wrightsell v. Sheriff of Cook County*, and virtually identical to the proposed class in *Smith v. Sheriff of Cook County*.

[2] On July 30, 2008 and March 11, 2009, the plaintiffs in *Smith* and *Wrightsell* petitioned the Seventh Circuit for permission to appeal the district courts' denials of their motions for class certification. (Exhibit II, Smith petition; Exhibit III, Wrightsell's petition). In those petitions, the plaintiffs' claims were identical to the ones made in the motion at bar, and after reviewing those claims the Seventh Circuit denied plaintiffs permission to appeal. (Exhibit IV, Seventh Circuit Order denying Smith's petition; Exhibit V, Seventh Circuit Order denying Wrightsell's petition).

Case law states that the Seventh Circuit evaluates each Rule 23(f) petition and is more likely to allow the appeal if the following requirement(s) are met: the issue presented by the appeal is novel, the resolution of the issue is important to either the particular litigation or to the general development of class action law, and if the prompt resolution of the issue is more likely to expedite the litigation and prevent a coercive settlement. *Carnegie v. Household Int'l, Inc.,* 376 F.3d 656, 658 (7th Cir. 2004).

estoppel. *In re Bridgestone/Firestone, Inc., Tires Products Liability Litigation,* 333 F.3d 763, 767 (7th Cir. 2003); *Washington Group International, Inc. v. Bell, Boyd & Lloyd LLC,* 383 F.3d 633, 636 (7th Cir. 2004).

## **ARGUMENT**

**I.      Plaintiffs' Third Amended Motion for class certification is barred by the doctrine of collateral estoppel.**

The doctrine of collateral estoppel is designed to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication.*" ITOFCA, Inc. v. Mega Trans Logistics, Inc.*, 322 F.3d 928, 933 (7th Cir. 2003); *citing, Allen v. McCurry,* 449 U.S. 90, 94 (1980). Under federal law, issue preclusion prevents relitigation of a previously decided issue when (1) the issue sought to be precluded is the same as that involved in the prior action; (2) the issue was actually litigated; (3) the determination of the issue was essential to the final judgment; and (4) the party against whom estoppel is invoked was fully represented in the prior action. *Washington Group International, Inc. v. Bell, Boyd & Lloyd LLC,* 383 F.3d 633, 636 (7th Cir. 2004).

For purposes of issue preclusion, a "'final judgment' includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." *In re Bridgestone/Firestone, Inc., Tires Products Liability Litigation,* 333 F.3d 763, 767 (7th Cir. 2003). In determining if a decision is "final" for collateral estoppel purposes, courts are instructed to consider whether: (1) the decision was not "avowedly tentative"; (2) the hearing was adequate and the parties were fully heard; (3) the court supported its decision with a reasoned opinion; and (4) the decision was appealable or had been appealed. *Miller Brewing Co. v. Joseph Schlitz Brewing Co.,* 605 F.2d 990, 996 (7th Cir. 1979), *cert. denied,* 444 U.S. 1102 (1980).

3

In *Bridgestone II,* the Seventh Circuit held that an issue litigated and resolved on a denial of class certification may be given estoppel effect to all putative class members if the absent members were adequately represented by counsel. 333 F.3d at 766-767. In *Bridgestone I*, the Seventh Circuit ruled that the district court abused its discretion by certifying a nationwide class covering multiple models of vehicles and tires. *Id.* at 765. However, after the court's ruling, class counsel filed the same nationwide class action lawsuit in several other courts in the hopes of receiving a favorable ruling. *Id.* Eventually, the class counsel found a state court willing to grant their motion for class certification, and in response, the defendants motioned the district court in *Bridgestone I* to enjoin any further nationwide class actions. *Id.* The district court denied the defendants' motion to enjoin and that decision was appealed. *Id.*

In *Bridgestone II* class counsel claimed, in relevant part, that the district court's denial of defendants' motion to enjoin should have been affirmed because: (1) the federal action had not produced a final judgment; (2) and, the "federal court lacks personal jurisdiction over state-court plaintiffs who did not participate in the federal proceeding." *Id.* at 767. The Seventh Circuit rejected class counsel's first claim that the federal action had not produced a "final judgment" by holding that the appellate court's ruling was "sufficiently firm to be accorded conclusive effect." *Id.* at 767. Specifically, the court found the ruling was "sufficiently firm" because it was the result of "focused attention" by counsel in both the district and appellate court, and because the "courts addressed the issue exhaustively in published opinions [which] brought the debate to a conclusion." *Id.*

The *Bridgestone II* Court also rejected class counsels' second claim that the federal court lacked personal jurisdiction over state-court plaintiffs who did not participate in the federal proceeding. *Id.* The class counsel's argument was based on the premise that "only named class

4

representatives, and not members of the putative classes, are treated as parties to the litigation."
*Id.* at 768. As a result, "class members other than the named representatives cannot be bound by
an adverse decision and are free to file their own class actions elsewhere." *Id.*. In response, the
Seventh Circuit held that if the "absent members were adequately represented by the named
litigants and class counsel" they were bound by any final judgments issued by the ruling court.
*Id.*. at 768-769. To hold otherwise would turn class action litigation into a "heads-I-win, tails-you
lose situation" that would allow class counsels to "roll the dice" until they found a court willing
to provide them with a favorable ruling. *Id.*. at 766-767. *explained Carnegie v. Household
International Inc.,* 376 F.3d 656, 662-663 (7th Cir. 2004) (The district court's finding that a class
should not be certified is entitled to collateral estoppel effect when the "class members who
would be affected by it had been adequately protected by the class representatives and class
counsel in the proceeding in which the ruling was made."); *see Carr v. Tillery,* 591 F.3d 909,
916-17 (7th Cir. 2010) (a federal court's rulings are issue-preclusive in subsequent state-court
proceedings on the same claims); *see also Morrison v. YTB Int'l, Inc.,* 08 CV 565, 2010 U.S.
Dist. LEXIS 47182 *5, 9-10 (S.D. Ill. May 13, 2010) (Plaintiff filed a putative class action under
the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"). In granting
defendants' motion to dismiss, the district court held that members of the proposed class who
were not Illinois residents cannot maintain claims under the ICFA, and their claims were
dismissed with prejudice. The court went on to rule that its' "determinations about the scope of
the proposed class in this case will be issue-preclusive in any proceedings brought in state court
on the same claims.")

In fact, this Court has recently applied the doctrine of collateral estoppel to class-action
litigation. *Anyere v. Wells Fargo, Co.,* 09 CV 2769, 2010 U.S. Dist. LEXIS 35599 (N.D. Ill.,

Apr. 12, 2010). In *Anyere*, plaintiffs filed a putative class action on behalf of current and former employees of Wells Fargo, alleging that they were unjustly denied overtime pay under the Fair Labor Standards Act ("FLSA"). *Id.* at *1-2. Defendants responded by filing a motion to dismiss, arguing in part, that plaintiff's were collaterally estopped by the district courts' decision in *Castle v. Wells Fargo Financial, Inc.*, 06 C 4347, 2008 U.S. Dist. LEXIS 106703 (N.D. Cal. Feb. 20, 2008).

Specifically, the plaintiff's in *Castle* proposed a nationwide FLSA collective action against Wells Fargo including approximately 14,000 individuals spread across 48 states. *Anyere,* 2010 U.S. Dist. LEXIS 35599 at *6; *citing Castle*, 2008 U.S. Dist. LEXIS 106703 at *3. In denying plaintiffs' motion for class certification, the *Castle* court held that the individuals in the proposed class were not similarly situated, but [r]ather, "[a]t the most, [the *Castle*] plaintiffs' evidence suggests differing 'policies' or practices depending on the branch or the district, rather than on a nationwide basis." *Anyere,* 2010 U.S. Dist. LEXIS 35599 at *7; *citing Castle*, 2008 U.S. Dist. LEXIS 106703 at *14. In granting defendants' motion to dismiss in part, this Court held that the *Castle* court's decision to deny class certification for a nationwide collective action had a preclusive effect on *Anyere's* current claims. *Anyere,* 2010 U.S. Dist. LEXIS 35599 at *8. Therefore, this Court dismissed *Anyere's* nationwide collective action claim based on the doctrine of collateral estoppel. *Id.*

In the present matter, there is no question the district courts in *Smith* and *Wrightsell* provided a "final judgment" in their written memorandums as to whether a class should be certified on behalf of CCDOC inmates that "request[ed] … treatment of dental pain and did not receive timely treatment of a dentist." *Smith,* 2008 U.S. Dist. LEXIS 36884 at *1; *reconsideration denied*, *Smith*, 2008 U.S. Dist. LEXIS 60248 at *1; *Wrightsell*, 2009 U.S. Dist.

LEXIS 14251 at *1. These "final judgments" by the district courts were "sufficiently firm" in that they were the result of "focused attention" by counsels for both the plaintiffs [3] and defendants.[4]

Moreover, the district courts in *Smith* and *Wrightsell* "addressed the issue exhaustively" in their three separate memorandums denying class certification. *Bridgestone II,* 333 F.3d at 767. In *Smith*, Judge Leinenweber correctly ruled that the question of whether Defendants were "deliberately indifferent" to the class members' dental needs would be a factually specific inquiry that would require individual determinations as to causation and damages. *Smith*, 2008 U.S. Dist. LEXIS 36884 at *5-7. As a result, the court ruled that "while some issues would be common, many would not, and no case would be typical." *Id*. at 6. The court went on to address Smith's attempt to certify the "common" question of "whether the lengthy delay in receiving dental treatment is capable of causing a violation of constitutional rights." *Smith*, 2008 U.S. Dist. LEXIS 60248 at *2. The court warned that Smith's attempt to certify a "common" question while leaving the individually fact intensive determinations for follow-on proceedings ran afoul of the "predominance" requirement of Rule 23(b)(3). *Id.* at 3-6; *citing Hyderi v. Washington Mut. Bank, FA,* 235 F.R.D. 390, 403 (N.D. Ill., 2006) (J. Phillip).  The plaintiff in *Smith* filed a motion to reconsider, and in its' order denying that motion, the district court recognized that although plaintiffs *may* be able to show "system-wide" indifference in a single proceeding, the

---

[3] The plaintiffs' counsel in *Smith* and *Wrightsell* filed two motions for class certification, three replies in support of their motion for class certification, one motion for reconsideration, one "renewed" motion for class certification, and two petitions for leave to appeal pursuant to FRCP 23(f).  These motions and petitions consisted of seventy-six (76) pages devoted totally to the issue of whether class should be certified on behalf of CCDOC inmates that "request[ed] … treatment of dental pain and did not receive timely treatment of a dentist." (*Smith* 07 CV 3659, Docket No. 22, 30, 35, 44; *Wrightsell* 08 CV 5451, Docket No. 10, 18; Exhibit II, Smith petition; Exhibit III, Wrighsell's petition).

[4] The defense counsel's arguments in *Smith* and *Wrightsell* were equally detailed in their two responses to plaintiffs' motions for class certification, their response to Smith's motion for reconsideration, and their two responses to plaintiffs' petitions for permission to appeal pursuant to FRCP 23(f). These responses consisted of forty-four (44) pages devoted totally to plaintiffs' argument for class certification. (*Smith* 07 CV 3659, Docket No. 27, 37; *Wrightsell* 08 CV 5451, Docket No. 16; Exhibit VI, Defendants' response to Smith's petition; Exhibit VII, Defendants' response to Wrightsell's petition).

"individualized and fact-specific inquiries" into causation would "necessarily vary from plaintiff to plaintiff." *Smith*, 2008 U.S. Dist. LEXIS 60248 at 2-3.

The court concluded that it did not believe that a singular resolution of the common issue would lead to a noticeable gain in efficiency. *Id*. at 6. In fact, the court found that because of the "disparate waiting periods endured by the named [p]laintiffs and the varying level of intermediate care they received, individualized determinations of the adequacy of dental staff are likely to prove more reliable and accurate than uniform resolution of the issue." *Id.*. Therefore, the district court ruled that class certification was inappropriate because "the issues of individual causation and damages will likely encompass the vast majority of the time and resources necessary to judge Plaintiffs' claims," and that such a bifurcated approach was neither an efficient nor superior means of resolving plaintiffs' claims. *Id*. at 4.

In *Wrightsell*, Judge Darrah found Judge Leinenweber's opinion to be "instructive, and his reasoning … applicable." *Wrightsell*, 2009 U.S. Dist. LEXIS 14251 at *9. In an attempt to distinguish his claims from that of Smith's (which sought to establish a class on behalf of detainees that "did not receive timely treatment by a dentist") Wrightsell sought to "narrow" the purported class by limiting it to detainees that "were not examined by a dentist within 7 days of that request." *Id*. at *2.

Judge Darrah found that this arbitrary distinction created another individualized factual determination that would have to be resolved before determining liability. *Id.*. at *9-10. In particular, the court held that while a seven day delay in treatment may be unreasonable in "very obvious and serious painful dental emergency requiring immediate treatment," that same seven day delay could be reasonable for minor dental problems. *Id.*. Ultimately, the district court adopted the *Smith* court's findings, and held that "[i]ndividual – not common – issues

predominate in the case, and a class action would not be superior means of resolving the alleged Eighth Amendment claim regarding dental care at the Cook County Jail." *Id.* at *9.

Having established *supra* that the parties in *Smith* and *Wrightsell* were afforded multiple opportunities to argue their respective positions, and also establishing that the district courts responded to those arguments with comprehensive and reasoned opinions, there is no question that both cases were appealable as evidenced by the plaintiffs' Rule 23(f) petition for appeal. *See generally* (Exhibit II, Smiths petition; Exhibit III, Wrightsell's petition). As a result, the opinions in *Smith* and *Wrightsell* are "final judgments" for the purpose of collateral estoppel. *In re Bridgestone/Firestone,* 333 F.3d at 767; *see Miller,* 605 F.2d at 996. Finally, Defendants believe Plaintiffs will acknowledge that they were adequately represented by counsel in both *Smith* and *Wrightsell,* especially considering the plaintiffs have been represented by Mr. Flaxman and Mr. Morrissey in all three actions. *In re Bridgestone,* 333 F.3d at 767.

Therefore, Plaintiffs' motion for class certification is barred by collateral estoppel because the exact issue of whether to certify a class of CCDOC detainees alleging deliberate indifference to dental care was litigated, it was decided in a final judgment, and the above Plaintiffs were adequately represented in both the *Smith* and *Wrightsell* matter. *Miller,* 605 F.2d at 996, *cert. denied* 444 U.S. 1102 (1980).

## II.   Plaintiffs' Rule 23(b)(2) injunctive claims are barred by the recent order entered in the matter of *United States of America v. Cook County et. al*., 10 C 2946

Plaintiffs' Third Amended Complaint seeks injunctive relief against the Defendants for allegedly failing to provide adequate and timely dental services at the CCDOC. However, dental services are among the prison conditions that are currently monitored by the Federal Courts via the Agreed Order entered in the case of *United States of America v. Cook County et. al*., Agreed Order, 10 CV 2946 (N.D. Ill. May 13, 2010) (J. Kendall) (Exhibit VIII, CRIPA Agreed Order).

In that matter, the United States filed a complaint pursuant to the Civil Rights of Institutionalized Persons Act of 1980, 42 U.S.C. § 1997 ("CRIPA"), to "enjoin the named Defendants from depriving persons incarcerated at the Cook County Jail ("CCJ") … of rights, privileges, or immunities secured and protected by the Constitution of the United States. (Exhibit IX, CRIPA complaint, pg.1).

In response, the parties submitted an Agreed Order with the stated purpose of "protect[ing] the constitutional rights of inmates detained at the Facility. The terms and requirements of this Agreed Order will be interpreted to be consistent with the measures necessary to protect the constitutional rights of inmates…" (Exhibit VIII, pg.3). Among the constitutional rights "protected" by the Agreed Order is detainee dental care. *Id.* at 37. Specifically, the Order states the following:

Dental Care

a.  Cermak shall ensure that inmates receive adequate dental care, and follow up, in accordance with generally accepted correctional standards of care. Such care should be provided in a timely manner, taking into consideration the acuity f the problem and the inmate's anticipated length of stay. Dental care shall not be limited to extractions.

b.  Cermak shall ensure that adequate dentist staffing and hours shall be provided to avoid unreasonable delays in dental care. *Id.* at 37.

The above complaint clearly establishes that the United States filed this CRIPA action with the intent of "*enjoin[ing]* the named Defendants from depriving *persons incarcerated at Cook County Jail"* of their constitutional rights. (emphasis added) *Id.* at 1. It is also clear that the Agreed Order submitted by the parties, and approved and entered by Judge Virginia M. Kendall on May 13, 2010, "enjoin[s]" the named Defendants in this matter from depriving the named Plaintiffs' of their constitutional rights. *Id.* at 1. Namely, the Plaintiffs' right to "adequate dental care" in a "timely manner." *Id.* at 37.

10

As such, Plaintiffs' injunctive claims under 23(b)(2) are controlled by the Agreed Order entered in the matter of *United States of America v. Cook County et. al.*, 10 C 2946, and may be properly addressed only through proceedings before the supervising court of Judge Kendall. *See Id..* at 53. ("During the period of the Agreed Order is in force, if any of the Monitors or DOJ determines that a Defendant has not made material progress toward a substantial compliance with a significant obligation under the Agreed Oder … DOJ may, but is not required to, seek enforcement of the Agreed Order in Court."); s*ee also Broadus v. Beatty*, 52 F.3d 328, 1995 U.S. App. LEXIS 9067 *11 (7th Cir. 1995)(The Seventh Circuit held that because plaintiff's claims for injunctive relief were addressed by an ongoing consent decree, the district court properly dismissed plaintiff's claims as duplicative.); *see also Chavis v. Fairman*, 1994 U.S. Dist. LEXIS 1850, *5-6 (N.D. Ill. February 15, 1994)(Pretrial detainee plaintiff's equitable claims are moot under class action decree that was entered in *Duran v. Elrod*).

Assuming *arguendo* that this Court finds Plaintiffs' injunctive claims are not controlled by the Agreed Order entered before Judge Kendall, there is no requirement for injunctive relief since the CCDOC currently provides both adequate and timely dental care to the detainees. Dr. Ronald Townsend is the current supervising Dentist at Cermak and has stated in his affidavit that there are currently four (4) full-time dentists, one (1) part-time dentist, and three (3) full-time dental assistants providing dental care to the approximately 8,500 detainees at the CCDOC. (Exhibit X, Dr. Townsend's Affidavit pg.1). This dental staff currently operates six (6) dental clinics at the CCDOC that treat approximately 350-375 detainees a week. *Id.* The scope of the dental services provided to the detainees include, but are not limited to the following: oral hygiene instruction for each inmate, prophy (dental cleaning and polishing), perio-scaling (tartar and bacteria removal), fillings, temporary crowns, repair and replacement of dentures and

partials (partial removable prosthesis), extractions, pulpotony (nerve treatment), incision and draining infection treatment, and anterior root canals. *Id.* Finally, Dr. Townsend has testified that Cook County has recently approved Cermak to hire a fifth and sixth full-time dentist along with four (4) additional full-time dental assistants to start their employment in approximately September, 2010. *Id.* at 2. Therefore, Plaintiffs' Rule 23(b)(2) injunctive claims are barred where they are clearly addressed by the Agreed Order entered and currently being monitored by Judge Kendall.

### III. Plaintiffs' Motion Fails to Sufficiently Define an Ascertainable Class Pursuant to Rule 23.

The Plaintiffs must satisfy two implied prerequisites before the Court can address whether the proposed class meets the requirements of Rule 23(a): (1) "the class must be sufficiently defined so that the class is identifiable;" and (2) "the named representatives must fall within the proposed class." *Guillory v. The American Tobacco Company*, 97 CV 8641, 2001 U.S. Dist. LEXIS 3353 at *8 (N.D. Ill. March 20, 2001)(internal citations omitted). In this case, Plaintiffs' motion fails to meet Rule 23's threshold requirement that the class be sufficiently defined.

The proposed classes of pretrial detainees that Plaintiffs seek to represent have been defined as:

1. Under Rule 23(b)(2)

All persons presently confined at the Cook County Jail who are experiencing dental pain and who have waited for more than seven days after having complained about that pain without having been examined by a dentist. (Exhibit I, pg. 1).

2. Under Rule 23(b)(3)

All persons who, while confined at the Cook County Jail on and after January 1, 2007, made a request for treatment of dental pain and were not examined by a dentist within 7 days of that request. (Exhibit I, pg. 1).

12

The Plaintiffs' definitions under Rule 23(b)(2) and (3) fail to set forth an identifiable class because the phrases "experiencing dental pain" and "dental pain" are too vague and do not, without more, allow the Court to ascertain who is in the class and who is not. In framing the "identifiable class" requirement, "a class must be clearly defined so that a Court can determine whether a particular individual is a member of the proposed class." *Guillory*, 2001 U.S. Dist. LEXIS 3353 at *8. Further, "the description must not be so broad as to include individuals who are without standing to maintain the action on their own behalf." *Id.* at *9. Finally, "plaintiffs must propose definitions containing definite and objective criteria." *Butler v. Illinois Bell Telephone Co.*, 06 CV 5400, 2008 U.S. Dist. LEXIS 11901 at *12 (N.D. Ill. February 14, 2008).

The term "dental pain" covers a limitless variety of diagnoses, ailments and maladies, the treatment for which could range from a routine cleaning to prosthetics services or surgery. "Dental pain" is a very individualized diagnosis and such a subjective criterion makes it difficult for the court to identify "class members whose membership in the class depends on each individual's state of mind." *Simer v. Rios*, 661 F.2d 655, 669 (7th Cir. 1981). The Plaintiffs are not seeking to certify a class that is sufficiently definite such as a class of people who need crutches or a class of people who were charged an improper bank fee. Instead, Plaintiffs' class definition raises basic questions as to how "dental pain" is to be defined and how it is to be diagnosed.

Further, if Plaintiffs' proposed classes are certified, the failure to render dental treatment within seven days will be actionable by detainees. Plaintiffs' assertion that dental care should be rendered within seven days of a complaint is unsupported by case law. In fact, the Seventh Circuit has held that, under certain circumstances, six days and fourteen days were not unreasonable delays in treatment. *See Gutierrez v. Peters*, 111 F.3d 1364, 1375 (7th Cir. 1997).

Further, the *Wrightsell* court reasoned that a seven day time period could be inconsistent in some cases with the constitutional requirement that detainees receive *timely* treatment of dental pain: "The reasonableness of the time of treatment measured from seven days of a detainee's request could be unreasonable for a very obvious and serious dental emergency requiring immediate treatment. Conversely, treatment for a minor dental problem could be adequate even if provided two weeks or more from the date of the request." *Wrightsell*, 2009 U.S. Dist. LEXIS 14521 at *3.

For the above reasons, Plaintiffs do not satisfy the threshold requirement that the proposed classes be sufficiently defined and therefore the Motion for Class Certification must be denied.

## IV. Plaintiffs' Motion fails to satisfy the Commonality and Typicality requirements of Rule 23(a).

Nevertheless, even if this Court were to attempt to redefine the class, such efforts would be futile because Plaintiffs have failed to meet Rule 23(a)'s express prerequisites. Rule 23(a) of the Federal Rules of Civil Procedure states that a class action can only be maintained if:

> 1) The class is so numerous that joinder of all members is impracticable, 2) there are questions of law or fact common to the class, 3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and 4) the representative parties will fairly and adequately protect the interests of the class. FRCP 23(a).

Plaintiffs rely on Rule 23(b)(3) as authority to proceed as a class action. Rule 23(b)(3) has requirements in addition to those stated in Rule 23(a). A plaintiff seeking class certification must not only prove all of the requirements delineated in Rule 23(a), but must also prove that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members," and that a class action is superior to other forms of adjudication. FRCP 23(b)(3). The court may consider: (a) the interest of members of the class in

14

individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and, (d) the difficulties likely to be encountered in the management of a class action. *Id.*.

Rule 23 does not authorize a preliminary hearing on the merits as part of a determination whether a suit may be maintained as a class action; but rather inquires whether the elements of Rule 23 are met. However, the Seventh Circuit has held that the district court must pierce the pleadings to determine if a legitimate cause of action exists as part of the Rule 23 process. *Szabo v. BrId.geport Machines, Inc.,* 249 F.3d 672, 675-676 (7th Cir. 2001) (holding that "a judge should make whatever factual and legal inquiries are necessary under Rule 23" before deciding whether to allow a case to proceed as a class action.). In the present case, a brief inquiry beyond Plaintiffs' Complaint shows that it fails to satisfy the requirements established by Rule 23.

### Commonality and Typicality

"Commonality exists if the class members share common questions of law or fact. The requirement is usually satisfied when a common nucleus of operative facts unites a class." *Block*, 97 CV 7457, 2002 U.S. Dist. LEXIS 5453 at *8; *citing Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). "The typicality requirement of Rule 23(a)(3) is closely related to the commonality requirement of Rule 23(a)(2)." *Id.* at *8-9; *citing Ruiz v. Stewart Assoc. Inc.,* 171 F.R.D. 238, 242 (N.D. Ill. 1997). However, "'if proof of [plaintiff's] claims would not necessarily prove all of the proposed class members' claims,' she fails the typicality prong of Rule 23(a)." *Block*, 2002 U.S. Dist. LEXIS 5453 at *9; *citing Williams v. Ford Motor Co*., 192 F.R.D. 580, 586 (N.D. Ill. 2000). Moreover, "[i]n a case where individual questions of fact

predominate over common questions of fact, a class action is not appropriate." *Hewitt v. Joyce Beverages of Wisconsin*, 721 F.2d 625, 628-629 (7th Cir. 1983).

In the present case, Plaintiffs cannot prove that their alleged claims of deliberate indifference are common or typical to the claims of the proposed class members. The question of whether Defendants' dental care policy amounted to deliberate indifference is a fact-bound inquiry that requires Plaintiffs to show that they had an 1) "objectively" serious medical need, and that 2) Defendants acted with a "sufficiently culpable state of mind" in maintaining a policy that, on its face, intentionally interfered with the detainee's medical needs. *Smith*, 2008 U.S. Dist. LEXIS 36884 at *5; *citing Johnson v. Doughty*, 433 F.3d 1001 (7th Cir. 2006).

In order for Plaintiffs to prove the objective element of the Eight Amendment claim, Plaintiffs must first show that they had a condition that required dental care; second, that they did not receive adequate dental care; third, that they suffered significant injury or harm; and fourth, that the injury or harm was causally related to the inadequate care.[5] *Smith,* 2008 U.S. Dist. LEXIS 36884 at * 4. First it would have to be established that each class member had a seriously objective condition. As we discussed supra, Plaintiffs have failed in their class definition to sufficiently define "dental pain." The district courts in *Smith* and *Wrightsell* recognized that the answers to the above questions of fact would differ dramatically among the five detainees named in the *Smith* matter, let alone among the two-hundred proposed class members. *Id.* at 3.

In particular, while four of the five plaintiffs in *Smith* received expert medical care, two received care from medical doctors and two from dentists. *Smith,* 2008 U.S. Dist. LEXIS 36884 at *6; *Smith*, 2008 U.S. Dist. LEXIS 60248 at *3-4. As a result, the court found that plaintiffs would have to show that providing doctor care, as opposed to dental care, violated normal

---

[5] "The protections of pre-trial detainees [under the Fourteenth Amendment] are at least as great as the Eight Amendment protections available to a convicted prisoner, and we frequently consider the standards to be analogous." *Washington v. LaPorte County Sheriff's Dep't*, 306 F.3d 515, 517 (7th Cir. 2002)

medical principles. *Smith,* 2008 U.S. Dist. LEXIS 36884 at * 6; *see Cole v. Fromm*, 94 F.3d 254, 261-262 (7th Cir. 1996); *see also Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996) (Matters of medical judgment, such as whether one course of treatment is preferable to another, are questions of tort and beyond the scope of the Eighth Amendment).

In addition, the proposed class members' injuries would vary dramatically and range from minor toothaches to major dental issues requiring surgery, while the medications and services they receive would also differ. Again, this would require individual inquiries to determine whether the class members' injuries were "objectively" significant. Moreover, because of the time in which the class members received treatment could range from days to months, there would have to be individual determinations as to whether the wait resulted in injury or harm.

Finally, Plaintiffs' request that this purported class span from January 1, 2007 until the present day, creates the need for individual determinations regarding the number of dental staff employed at the time of each class members injury, whether the number of staff was sufficient according to accepted correctional standards, and whether the number of staff resulted in a significant delay in treatment. There is no doubt these "fact-bound" inquires will predominate over common questions of fact or law. Therefore, Plaintiffs have failed to establish commonality and typicality and their motion should be denied.

### Adequacy of Representation

The five named Plaintiffs are not adequate representatives for their Rule 23(b) claim for injunctive relief because all but Frank Powicki have been released from CCDOC custody.

**V.     Plaintiffs' Motion fails to satisfy the "predominance" and "superiority" requirement of Rule 23(b)(3).**

Assuming *arguendo* that Plaintiffs have met the requirements of Rule 23(a), they fail to demonstrate that questions of common fact or law to the members of the class predominate over any questions affecting only individual members. The proposed class action is brought on behalf of:

> All persons who, while confined at the Cook County Jail on and after January 1, 2007, made a request for treatment of dental pain and were not examined by a dentist within 7 days of that request. (Exhibit I, pg. 1)

Rule 23(b)(3) allows for certification where the requirements of Rule 23(a) have been met, and where the Court finds that "questions of law or fact common to members of the class predominate over any questions affecting only individual members" and that "a class action is superior to other available methods for resolving the controversy." Fed. R. Civ. P. 23(b)(3). The Supreme Court has taught that "even if Rule 23(a)'s commonality requirement may be satisfied…the predominance criterion [of Rule 23(b)(3)] is far more demanding." *Amchem v. Windsor,* 521 U.S. 591, 623-24 (1997). In addition, the predominance requirement of Rule 23(b)(3) does not allow plaintiffs to identify a "single common issue" while disregarding the individualized issues that will dominate the resolution of the class members claims. *Hyderi v. Wash. Mutual Bank, FA*, 235 F.R.D. 390, 398; 2006 U.S. Dist. LEXIS 13781 *22-23 (N.D. Dist. Ill. 2006) (J. Fillip); *cited by Smith*, 2008 U.S. Dist. LEXIS 60248 at *6. *see also, Clark v. Experian Info. Solutions, In*c., 256 Fed. Appx. 818, 819, 821-822 (7th Cir. 2007) (Seventh Circuit affirmed the denial of class certification because plaintiffs failed to demonstrate that common issues predominated under Rule 23(b)(3). Plaintiffs' alleged that defendants engaged in deceptive trade practices, negligent misrepresentation, and unjust enrichment under Illinois law. The Court held that class certification was inappropriate because the matter would require

18

individual determinations of causation and damages.)

In *Hyderi v. Wash. Mutual Bank, FA.,* plaintiffs' claimed that their putative class should be certified because there was a "common question" as to whether defendant's "no bill/no pay policy" was a "pattern or practice" that facially violated federal law. 2006 U.S. Dist. LEXIS 13781 at *26-27. They argued that this "common question" predominated, and once resolved, the court could proceed to individualized proceedings to determine injuries and damages. *Id.* However, Judge Fillip rejected plaintiffs' assertion and held that although there may be a common question, the individual determinations of injury and damages would dominate the proceedings. *Id.*. at 38-39. Specifically, Judge Fillip stated;

> A putative class representative cannot satisfy the predominance requirement by defining the common issue narrowly and leaving all of the individual issues for follow-on proceedings, especially when the non-common issues are necessarily intertwined with the common issues and resolution of the common issues would not materially advance the litigation. *Id.*.

In the present case, as in *Smith* and *Wrightsell*, the Court will have to examine the following factors in determining whether Defendants were deliberately indifferent to a particular detainee's serious medical needs:

1)      The preexisting conditions of the detainees teeth.

2)      The relative severity of the detainee's dental problems, which could range from gingivitis (inflammation of the gums) to oral cancer.

3)      The frequency and methods by which the detainee requested dental care.

4)      Whether the Defendants were "subjectively aware" of the detainees "serious medical need."

5)      Whether the Defendants were deliberately indifferent to that serious medical need.

6)      Whether the dental care provided was a "substantial departure from accepted professional judgment, practice, or standards," or just negligent.

7)    The level of dental staffing in place at the time of the particular detainees complaint(s) and or treatment(s).

8)    The number of Cermak dental staff employed at the time of the detainee's injury, whether that staffing was in accordance with accepted correctional standards, and whether that staffing resulted in the detainee's injuries.

9)    Whether the purported class members properly exhausted their administrative remedies in accordance with the Prisoner Litigation Reform Act ("PLRA").

10)   The amount of damages to be awarded to the proposed class member.

As such, these individual questions of fact will predominate over any common question of fact or law that faces the proposed class. As Defendants argued in *Smith* and *Wrightsell*, Plaintiffs attempt to put forward a "common" question of delayed dental care, while leaving the individual determinations of causation and damages for follow-on proceedings, runs afoul of the predominance requirement of Rule 23(b)(3). Therefore, Plaintiffs fail to satisfy the requirements of Rule 23(b)(3) and their motion should be denied.

In *Smith,* Judge Leinenweber agreed that the individual questions of causation and damages would predominate over the question of whether the alleged reduction in dental staffing resulted in significant injury to plaintiffs. Again, the district court recognized that although plaintiffs *may* be able to show "system-wide" indifference in a single proceeding, the "individualized and fact-specific inquiries" into causation would "necessarily vary from plaintiff to plaintiff." *Smith*, 2008 U.S. Dist. LEXIS 60248 at *2-3. The district court went on to hold:

> The Court doubts that it could find the current staffing inadequate without some showing that the care of inmates has been harmfully delayed. The necessity of considering the impact upon Plaintiffs then leads back to the individualized and divergent facts which the Court originally found to make class certification inappropriate. In short, it would be difficult, if not impossible, to separate these individualized facts from resolution of the claim common to all class members, thus making Plaintiff's proposed separation of issues unworkable in practice. *Id.* at 4.

The court further stated that it did not believe that a singular resolution of the common issue would lead to a noticeable gain in efficiency. *Id.*at 6.  In fact, the court found that because of the "disparate waiting periods endured by the named [p]laintiffs and the varying level of intermediate care they received, individualized determinations of the adequacy of dental staff are likely to prove more reliable and accurate than uniform resolution of the issue." *Id.*. Therefore, the court ruled that class certification was inappropriate because "the issues of individual causation and damages will likely encompass the vast majority of the time and resources necessary to judge Plaintiffs' claims," and that such a bifurcated approach was neither an efficient nor superior means of resolving plaintiffs' claims. *Id.* at 4.

In *Wrightsell*, Judge Darrah found that although the plaintiff's claim satisfied the commonality and typicality requirements of Rule 23(a), the claim failed to satisfy the predominance requirement of Rule 23(b)(3). As argued *supra*, the district court properly denied *Wrightsell's* motion by finding that individual questions of causation would predominate and that a bifurcated approach was not an efficient or superior means of resolving Plaintiff's claims. *Wrightsell*, 2009 U.S. Dist. LEXIS 14521 *7-8.

As he did in *Smith* and *Wrightsell*, class counsel relies on *Arreola* for the mistaken proposition that it somehow *demands* the district court certify the common question of whether the alleged reduction in dental staff deprived Plaintiff of his constitutional rights, and in turn, that the district court should leave the fact intensive inquires of causation and damages for follow-up proceedings. (Exhibit I, pgs..19-20); *Arreola v. Godinez*, 546 F.3d 788 (7th Cir. 2008); *See, Clark v. Experian Info. Solutions, In*c., 256 Fed. Appx. 818, 822 (7th Cir. 2007) (unpublished opinion)[6] (The district court is not obligated to grant partial certification if particular issues are

---

[6] Defendants have attached a copy of the above-cited unpublished opinion in accordance with Federal Rule of Appellate Procedure 32.1.

common to a class); *citing, Fed. R. Civ. P. 23(c)(4)(A)* ("an action *may* be brought or maintained as a class action with respect to particular issues") (emphasis added).

In *Wrightsell*, the district court properly and explicitly distinguished *Arreola* by finding that "*Arreola* did not hold that a district court must certify a class under Rule 23(b)(3) under the circumstances here. Rather, the court narrowly held that 'the need for individual damages determinations does not, in and of itself, require a denial of [a] motion for certification.'" *Wrightsell*, 2009 U.S. Dist. LEXIS 14521 at *10-11; *citing, Arreola,* 546 F.3d at 801. Instead of denying Plaintiff's motion for class certification on the limited grounds that it would require individual determination of damages, the district court concurred with the *Smith* court's opinion that the individual questions of causation would predominate and that a bifurcated approach was not an efficient or superior means of resolving Plaintiff's claims. *Id*. at *7-8; *citing, Smith,* 2008 U.S. Dist. LEXIS 60248 at *5.

Plaintiffs also mistakenly rely on *Mejdrech v. Met-Coil Systems Corp.,* 319 F.3d 910 (7th Cir. 2003) to advance their claim that there is a common question that predominates throughout the purported class. (Exhibit I, pg.19). In *Mejdrech*, an environmental pollution case, the Seventh Circuit affirmed class certification for the issue of whether the defendant caused contamination of the groundwater beneath the class member homes. 319 F.3d at 911. However, the "remaining claimant-specific issues" of whether a particular class member suffered any legally compensable harm, and whether damages should be awarded, were left to "individualized follow-on proceedings." *Id.*. at 911-912. In stark contrast, while Plaintiffs may be able to show "system-wide" indifference in a single proceeding, the "individualized and fact-specific inquiries" into causation would "necessarily vary from plaintiff to plaintiff." *Smith,* 2008 U.S. Dist. LEXIS 60248 at *2-3; *See Wrightsell*, 2009 U.S. Dist. LEXIS 14521 at *7-8. Therefore, certifying the

22

"common" question of alleged insufficient dental staffing would do nothing to resolve the issue of liability.

Plaintiffs also cite *Longo v. Law Offices of Gerald E. Moore & Associates*, 04 CV 5759 240 F.R.D. 383; 2006 U.S. Dist. LEXIS 95105 (N.D. Ill. Mar. 30, 2006), for the proposition that the Court has accepted Plaintiff's formulation of the class claim in previous cases. (Exhibit I, pg.11). In *Longo*, the purported class consisted of plaintiffs that had received a form collection letter from a specific law firm's between September 1, 2003 and September 1, 2004. *See Longo,* 2006 U.S. Dist. LEXIS 95105 at *2. Therefore, in that case, as long as the plaintiffs received the specified letter within the defined time frame, they were included in the class. *See id.* The only manner in which the plaintiffs may have differed was the date on which they received the letter. *See also Thomas v. Capital One Auto Finance*, 06 CV 0463, 2006 U.S. Dist. LEXIS 81358 (N.D. Ill. Oct. 24, 2006)(If a person received the letter from the defendants within the relevant time frame and was then pre-screened and denied credit, he or she was eligible for membership in the class.). In stark contrast, Plaintiffs in the present case differ greatly from one another in the type and degree of "dental pain" they experienced, and determining class membership will require consideration of both individualized and subjective factors.

Furthermore, Plaintiffs cite *Pope v. Harvard Banchares, Inc.*, 06 CV 988, 240 F.R.D. 383; 2006 U.S. Dist. LEXIS 95105 (N.D. Ill. Nov. 16, 2006) in support of their argument that class certification should be granted. (Exhibit I, pg.12). In *Pope*, the Court certified a class of people (not including defendants, their officers, directors, or families) whose shares of Harvard Bancorp, Inc. were repurchased between October 14, 2005 and January 15, 2006 as a result of the merger of Harvard Bancorp, Inc. and Harvard Bancshares, Inc. *See id.* at *4. Therefore, membership in the class of people who were certified hinged upon the objective criteria of

whether the putative plaintiff's shares of stock were repurchased by the specified corporation within the relevant time period. *See id.* In *Pope*, class certification did not hinge upon subjective criteria such as the individualized diagnoses of "dental pain" as in the present case, and as a result the two cases are distinguishable.

Plaintiffs also cite *Jackson v. Sheriff*, 06 CV 0493, 2006 U.S. Dist. LEXIS 90742 (N.D. Ill. Dec. 14, 2006) and *Parish v. Sheriff*, 07 CV 4369, 2008 U.S. Dist. LEXIS 8714 (N.D. Ill. Oct. 24, 2008) as support for the proposition that other district judges have allowed cases to proceed as Rule 23 class actions against the Defendants. (Exhibit I, pgs.12-13). In *Jackson,* the plaintiffs alleged that the manner in which the defendants tested males admitted to the jail for Sexually Transmitted Diseases ("STD's") precluded valid consent. *See id.* However, the putative plaintiffs in *Jackson* argued that the totality of the circumstances, rather than the putative plaintiffs' individual experiences, made it impossible for anyone to consent to the STD testing. *See id.* Therefore, the court found that "this framing of the issue effectively shifts the debate toward questions that are resolvable without delving into an individualized analysis of minor factual discrepancies". *See id.* The court went further, noting that the underlying factual basis was basically the same for all the prisoners admitted to the jail. *See id.*

In *Parish*, the putative plaintiffs alleged that a policy under which unqualified personnel were allowed to usurp medical doctors' decisions, which was applied uniformly to all putative plaintiffs, was deliberately indifferent to their serious medical needs. *See id.* at *1. The putative plaintiffs argued that there were only two issues to be decided: whether the defendants enforced the alleged policy of allowing unqualified personnel to usurp medical doctors' diagnoses and whether that policy violated the *Fourteenth Amendment*. *See id.* at *9

However, in the present case, "dental pain" is an extremely individualized diagnosis, and it is entirely dependent on the factual circumstances of each case. It would be difficult, if not impossible, to ascertain whether a putative plaintiff did indeed experience or complain of "dental pain" without looking at the intricacies of that particular situation. Moreover, Plaintiffs are not alleging that there was a general policy that was uniformly applied to all putative plaintiffs. Instead, Plaintiffs are alleging that various putative plaintiffs experienced varying levels of "dental pain", which is an extremely individualized diagnosis and must be evaluated on a case-by-case basis.

Finally, Plaintiffs cite *Pella v. Saltzman*, 09 CV 8025, 2010 U.S. App. LEXIS 10259 (7th Cir 2010), a product liability case, to support their argument that class certification should be granted.  In *Pella*, the district court explicitly declined to certify issues related to causation, damages, and statute of limitations.  Instead, the district court "concluded that the common predominant issue of whether the windows suffer from a single, inherent design defect leading to wood rot is the essence of the dispute and is better resolved by class treatment" and created two classes.  *See id.* at *2. In both classes, membership was based upon whether the putative plaintiff owned the specified windows (with members of the first class not having replaced the windows and members of the second class having replaced the windows), which is an objective determination. *See id.* at *2, *4.

The objective determination of whether *all* windows that left a specific factory suffered an inherent defect about which Pella knew is quite different from the fact-intensive determination of whether *some* prisoners subjectively experienced "dental pain". In the present case, it would be impossible to make a blanket determination regarding whether all putative

plaintiffs experienced "dental pain"; instead, the court would have to take into account the specific facts surrounding each putative plaintiff's situation in order to ascertain whether he did in fact experience "dental pain" and whether Defendants were deliberately indifferent to that pain.

WHEREFORE, the Defendants Sheriff Thomas Dart and Cook County, respectfully request that this Honorable Court deny Plaintiffs' Third Amended Motion for class certification; and grant any other relief that this Court deems necessary and just.

ANITA ALVAREZ
STATE'S ATTORNEY OF COOK COUNTY

/s/ Michael L. Gallagher
Michael L. Gallagher
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-3124