UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN SMENTEK, MALCOLM PATTON, MELVIN PHILLIPS, RODELL SANDERS, and FRANK POWICKI, individually and for all others similarly situated, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 09 C 529 ) ) Judge Joan H. Lefkow |
| SHERIFF OF COOK COUNTY, and COOK COUNTY, ILLINOIS, | ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

John Smentek, Malcolm Patton, Melvin Phillips, Rodell Sanders, and Frank Powicki (collectively, "plaintiffs") filed a putative class action against the Sheriff of Cook County and Cook County (collectively, "defendants"), alleging that defendants, in violation of 42 U.S.C. § 1983, maintain a policy of deliberate indifference to the plaintiffs' right to receive timely and appropriate dental care while confined at the Cook County Jail ("the jail"). Before the court is plaintiffs' motion to certify two classes pursuant to Federal Rule of Civil Procedure 23(b)(2) and (3). For the following reasons, the motion [#50] is granted in part and denied in part.

## BACKGROUND

In 2006, four dentists and eight dental assistants served the approximately 10,000 detainees held at the jail. In 2007, this number was reduced, leaving only one dentist to serve the inmate population. Dental services were also limited to extractions. Over 200 inmates filed grievances regarding dental care in 2007. Since this time, the number of dentists has gradually

increased, with two dentists serving the jail population in 2008. In July 2008, the U.S. Department of Justice concluded that the jail was not adequately providing dental services to its population. In March 2010, defendants entered into an agreed order with the United States to "ensure that inmates receive adequate dental care, and follow up, in accordance with generally accepted correctional standards of care." Ex. 8 to Defs.' Resp. at 37. Under the order, dental care is not to be limited to extractions, and defendants are to ensure that dental staffing is adequate to avoid treatment delays.

While confined at the jail, plaintiffs all experienced dental pain and significant delays in treatment, if treated at all. Smentek was housed at the jail between September 22, 2007 and March 14, 2008. He began to experience severe tooth pain about two weeks after entering the jail. He requested dental services several times but never received attention before he was transferred to the custody of the Illinois Department of Corrections ("IDOC"). While in IDOC custody, he had fourteen or fifteen teeth extracted. Patton has been housed at the jail since November 17, 2008. He experienced severe tooth pain and bleeding gums, for which he submitted over ten requests to see a dentist between January and April 2009. He then submitted grievances requesting dental services and only saw a dentist after he joined this suit. Phillips has been confined at the jail since February 12, 2008. Beginning in March 2009, upon experiencing severe tooth pain due to a loose filling, he submitted over ten requests and three grievances to see a dentist. He was only examined by a dentist in July 2009, after he sought to join this suit. Although the dentist concluded that two extractions were necessary, it took two additional months before this was done. Sanders was admitted to the jail on May 18, 2007 and remains confined there. He began experiencing tooth pain in fall 2008 and subsequently filed various

2

requests and grievances requesting to see a dentist. In early 2009, with a swollen jaw and infected gums, he met with a doctor, who concluded that Sanders needed to see a dentist. On May 4, 2009, a dentist told Sanders that he needed a root canal and filling, but that he could only perform extractions. Powicki has been housed at the jail since February 24, 2010.[1] Shortly thereafter, he requested to see a dentist for a cracked tooth causing him pain on the right side of his head. He filed grievances on March 28, 2010 and May 8, 2010, complaining that his tooth was causing him earaches, headaches, and extreme pain. As of May 17, 2010, Powicki had not seen a dentist for this pain.

Plaintiffs argue that defendants' decision to decrease the number of dentists from four to one in 2007 caused them to experience unnecessary pain and unreasonable treatment delays. Plaintiffs seek to certify two classes. The first class, under Rule 23(b)(2), is defined as "[a]ll persons presently confined at the Cook County Jail who are experiencing dental pain and who have waited for more than seven days after having complained about that pain without having been examined by a dentist." Pls.' Mot. for Class Certification at 1. The second class, under Rule 23(b)(3), is defined as "[a]ll persons who, while confined at the Cook County Jail on and after January 1, 2007, made a request for treatment of dental pain and were not examined by a dentist within 7 days of that request." *Id.*

## LEGAL STANDARD

A party seeking to certify a class action must meet two conditions. First, the movant must show the putative class satisfies the four prerequisites of Rule 23(a): (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. Fed. R. Civ. P. 23(a);

---

[1] An inmate query indicates that Powicki has since been transferred to IDOC custody.

*Oshana* v. *Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006); *Rosario* v. *Livaditis*, 963 F.2d 1013, 1017 (7th Cir. 1992). Second, the action must qualify under at least one of the three subsections of Rule 23(b). Fed. R. Civ. P. 23(b); *Rosario*, 963 F.2d at 1017; *Hardin* v. *Harshbarger*, 814 F. Supp. 703, 706 (N.D. Ill. 1993). Here, plaintiffs seek certification under Rule 23(b)(2) and (3). Rule 23(b)(2) requires a finding that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Rule 23(b)(3) requires a finding that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

Courts retain broad discretion in determining whether a proposed class meets the Rule 23 certification requirements. *Keele* v. *Wexler*, 149 F.3d 589, 592 (7th Cir. 1998). The moving party bears the burden of showing that the requirements for class certification have been met. *Hardin*, 814 F. Supp. at 706. The requirements of Rule 23 should be liberally construed to support the policy favoring the maintenance of class actions. *King* v. *Kansas City S. Indus.*, 519 F.2d 20, 25–26 (7th Cir. 1975), .

## ANALYSIS

### I. Collateral Estoppel

Two courts in this district have already denied certification of a Rule 23(b)(3) class in the same or very similar circumstances as presented here. Defendants argue that these adverse decisions bar certification of plaintiffs' proposed classes. For collateral estoppel to apply, the

following four conditions must be met: "(1) the issue sought to be precluded is the same as that involved in a prior action; (2) the issue was actually litigated; (3) the determination of the issue was essential to the final judgment; and (4) the party against whom estoppel is invoked was represented in the prior action." *Adair* v. *Sherman*, 230 F.3d 890, 893 (7th Cir.2000).

### A. Prior Cases

In *Smith* v. *Sheriff of Cook County*, the court declined to certify a class of "all persons who, while confined at the Cook County Jail on and after June 29, 2005, made a request for treatment of dental pain and did not receive timely treatment of a dentist." No. 07 C 3659, 2008 WL 1995059, at *1 (N.D. Ill. May 6, 2008), *and reconsideration denied*, 2008 WL 4866071 (N.D. Ill. July 16, 2008). In its initial opinion on the issue, the court concluded that the class did not satisfy the commonality and typicality requirements, as proving deliberate indifference is fact specific and requires each individual plaintiff to show that he required dental care, did not receive adequate dental care, and suffered significant injury due to the inadequate care. 2008 WL 1995059, at *2. Plaintiffs then sought reconsideration, arguing that they were challenging the "systemic inadequacy of dental services at the Cook County Jail," an issue common to all members of the proposed class. 2008 WL 4866071, at *1. While acknowledging that system-wide indifference could potentially be established in one proceeding, the court declined to reconsider its order, finding that causation and the impact of the systematic indifference would still vary from one plaintiff to another, raising concerns of predominance and superiority. *Id.* at *1–2. After the Seventh Circuit declined to review the district court's decision, the individual plaintiffs' claims were settled and dismissed with prejudice. No. 07 C 3659, Docket No. 53.

5

Subsequently, in *Wrightsell* v. *Sheriff of Cook County*, the court denied certification of a class of "[a]ll persons who, while confined at the Cook County Jail on and after September 23, 2006, made a request for treatment of dental pain and were not examined by a dentist within 7 days of that request." No. 08 CV 5451, 2009 WL 482370, at *1 (N.D. Ill. Feb. 19, 2009). Relying on the reasoning in *Smith*, the court found that "[i]ndividual – not common – issues predominate in the case, and a class action would not be a superior means of resolving the alleged Eighth Amendment claim regarding dental care at the Cook County Jail." *Id.* at *3. Although the class definition had been modified from that proposed in *Smith* by specifying that untimely treatment meant an inmate not being examined by a dentist within seven days of requesting treatment of dental pain, the court concluded that this limitation could be unreasonable for certain dental emergencies but reasonable for minor problems. *Id.* The court also concluded that the Seventh Circuit's decision in *Arreola* v. *Godinez*, "that the need for individual damages determinations does not, in and of itself, require denial of [a] motion for certification," 546 F.3d 788, 801 (7th Cir. 2008), did not require certification. 2009 WL 482370, at *4. As in *Smith*, the Seventh Circuit declined Wrightsell's petition for leave to appeal pursuant to Rule 23(f). Wrightsell subsequently accepted defendants' offer of judgment and relinquished any right to appeal the class certification denial. Nonetheless, he filed a notice of appeal, which defendants moved to dismiss. Smentek sought to intervene in the Seventh Circuit, acknowledging that "Wrightsell may not have standing to seek review of the district court's adverse class determination for the unnamed members of the class." *Wrightsell* v. *Sheriff of Cook County*, 599 F.3d 781, 784 (7th Cir. 2010) (internal quotation marks omitted). The Seventh Circuit determined that Wrightsell could not pursue the appeal and that, in order to

6

intervene and pursue the appeal, Smentek would have had to have moved to intervene in the district court within the time allowed for filing a notice of appeal. *Id.* As Smentek had not done this and could not offer an excuse for failing to do so, the Seventh Circuit denied his motion to intervene. *Id.*

### B. Application to This Action

#### 1. Representation in the Prior Action

Although plaintiffs were not named parties in *Smith* or *Wrightsell*, they are bound by the court's decisions denying class certification if they were adequately represented by the named litigants and class counsel. *In re Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig.*, 333 F.3d 763, 768–69 (7th Cir. 2003); *see also Taylor* v. *Sturgell*, 533 U.S. 880, 884, 128 S. Ct. 2161, 171 L. Ed. 2d 155 (2008) ("In a class action, for example, a person not named as a party may be bound by a judgment on the merits of the action, if she was adequately represented by a party who actively participated in the litigation."). "Just as [unnamed class members] receive the fruits of victory, so an adverse decision is conclusive against them." *In re Bridgestone/Firestone*, 333 F.3d at 768. Plaintiffs do not challenge the adequacy of representation in the previous actions. In fact, it would be anomalous for them to do so, as counsel for plaintiffs in this case also represented the plaintiffs in *Smith* and *Wrightsell*.

#### 2. Same Issue

In this case, plaintiffs seek certification of two classes, one for injunctive relief under Rule 23(b)(2) and one for monetary relief under Rule 23(b)(3). The Rule 23(b)(3) class that plaintiffs seek to certify is nearly identical to that in *Wrightsell*, the only difference being that the beginning date for plaintiffs' proposed class is approximately three months later than that

7

proposed in *Wrightsell*. *Wrightsell*, 599 F.3d at 782. Plaintiffs have not attempted to correct the flaws identified in *Wrightsell* by amending the class definition. *Cf. Oshana* v. *Coca-Cola Bottling Co.*, 225 F.R.D. 575, 579 (N.D. Ill. 2005) (collateral estoppel was not appropriate where the plaintiff proposed a class that "on its face" sought to correct the flaws that a previous district court found warranted denial of class certification). Their arguments for certification of this class are basically recycled from previous attempts at certification. This leaves no doubt that the issue sought to be precluded is the same as that involved in *Wrightsell*, namely, certification of a class of inmates at the jail who have requested treatment of dental pain but have not been examined within seven days of that request.[2]

This is, however, the first attempt at certifying a class for injunctive relief. Thus, *Wrightsell* does not preclude certification of the proposed 23(b)(2) class, although its reasoning, and that of *Smith*, as to satisfaction of the Rule 23(a) requirements may be considered persuasive authority.

### 3. Final Judgment

A final judgment, for purposes of collateral estoppel, "includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." *In re Bridgestone/Firestone*, 333 F.3d at 767 (quoting Restatement (Second) of Judgments § 13 (1980)). In determining whether a judgment is final, the court may consider "the nature of the decision (i.e., that it was not avowedly tentative), the adequacy of the hearing, and

---

[2] The class definition in *Smith* was slightly different, as plaintiffs there did not place a time limit on how long an inmate would have had to wait after making a request for treatment before being considered a class member, instead leaving open the interpretation of "timely treatment." The change in class definition from *Smith* to *Wrightsell* to specify that a seven day delay in receiving treatment would be considered untimely presumably made collateral estoppel not applicable in *Wrightsell* and makes *Wrightsell*, and not *Smith*, the opinion on which this court would base a finding of collateral estoppel.

8

the opportunity for review," along with whether the court's decision was supported by a reasoned opinion. *Miller Brewing Co.* v. *Joseph Schlitz Brewing Co.*, 605 F.2d 990, 996 (7th Cir. 1979) (quoting *Zdanok* v. *Glidden Co.*, 327 F.2d 944, 955 (2d Cir. 1964)).

The Seventh Circuit initially denied Wrightsell's petition for leave to appeal and dismissed his subsequent appeal after Wrightsell settled the case and waived his right to appeal. The fact that the Seventh Circuit did not review the merits of the denial of class certification does not render collateral estoppel inapplicable, as plaintiffs argue, for a judgment need not have been appealed or reviewed by the appellate court for it to be given preclusive effect. *See Old Republic Ins. Co.* v. *Chuhak & Tecson, P.C.* 84 F.3d 998, 1000–01 (7th Cir. 1996) ("The doctrine of collateral estoppel . . . requires only a judgment that is final in the court rendering it, and not a judgment that is final after exhaustion of appellate remedies . . . ." (citing *Prymer* v. *Ogden*, 29 F.3d 1208, 1213 n.2 (7th Cir. 1994), and *Williams* v. *Comm'r*, 1 F.3d 502, 504 (7th Cir. 1993)). The district court's decision is "immune, as a practical matter, to reversal or amendment." *Miller Brewing Co.*, 605 F.2d at 996. Both sides had more than an adequate opportunity to present their positions on whether certification of a class was appropriate. The court supported its decision with a reasoned opinion, incorporating *Smith*'s reasoning and explaining its rejection of Wrightsell's arguments for why *Smith* should not apply to his case.

### 4. Issue Actually Litigated and Essential to the Final Judgment

There is no question that the appropriateness of class certification was actually litigated in the *Wrightsell* case. As in *Wrightsell*, plaintiffs argue that defendants' actions in 2007 in reducing the number of dentists at the jail to one caused them to suffer unnecessarily and amounts to deliberate indifference. The *Wrightsell* court found that certification was

9

inappropriate because individual issues predominated over the common issue of whether the dental staff size was inadequate and a class action would not be "a superior means of resolving the alleged Eighth Amendment claim regarding dental care at the Cook County Jail." *Wrightsell*, 2009 WL 482370, at *3. The issue was litigated as vigorously in that case as in the present, and the court's conclusion with respect to predominance and superiority was essential to the denial of class certification. In such a situation, where the requirements of collateral estoppel are met, counsel is not entitled "to treat the resolution as irrelevant and start anew" in front of a different judge in the hopes of obtaining a different resolution. *In re Bridgestone/Firestone*, 333 F.3d at 767. Although not precluded from proceeding individually, plaintiffs have lost the right to proceed on their claims as representatives of the Rule 23(b)(3) class. "[T]hat's the upshot of a fully contested litigation in which every potential class member was adequately represented on this issue." *Id.* at 769.

## II.    Rule 23(b)(2) Class

Defendants initially argue that plaintiffs' proposed class for injunctive relief is barred by a recent consent order in *United States of America* v. *Cook County*, No. 10 C 2946, Docket No. 13 (N.D. Ill. May 26, 2010). The order is intended to "protect the constitutional rights of the inmates detained at the [Jail]." *Id.* at 3. With respect to dental care, the order provides:

> a. Cermak [the health services provider at the Jail] shall ensure that inmates receive adequate dental care, and follow up, in accordance with generally accepted correctional standards of care. Such care should be provided in a timely manner, taking into consideration the acuity of the problem and the inmate's anticipated length of stay. Dental care shall not be limited to extractions.

> b. Cermak shall ensure that adequate dentist staffing and hours shall be provided to avoid unreasonable delays in dental care.

*Id.* at 37. Although the United States may seek enforcement of the order if it determines defendants are not in substantial compliance, the order makes clear that no other party, such as plaintiffs here, may enforce its terms. *Id.* at 53–54. Further, the order provides that "no person or entity may assert any claim or right as a beneficiary or protected class under this Agreed Order" and that it "is not intended to impair or expand the right of any person or organization to seek relief against Defendants or their officials, employees, or agents for their conduct." *Id.* at 2. Because the order makes clear that it is not barring an individual housed at the jail from bringing a class action for injunctive relief, defendants' argument to that effect fails.

Defendants then argue that the court should not certify the Rule 23(b)(2) class because there is no longer a need for injunctive relief, as the jail "currently provides both adequate and timely care to the detainees." Defs.' Resp. at 11. While the affidavit submitted by Dr. Townsend suggests that improvements have been made in dental services at the jail, it is not the court's role at this stage to determine the merits of the claim. "If the prerequisites and conditions of Fed. R. Civ. P. 23 are met, a court may not deny class status because there is no 'need' for it." *Fujishima* v. *Bd. of Educ.*, 460 F.2d 1355, 1360 (7th Cir. 1972). The court will therefore turn to whether the requirements of Rule 23 are met.

### A. Sufficiently Defined Class

Defendants contend that the proposed class definition does not set forth an identifiable class because "dental pain" is too vague a concept to allow the court to determine who is included in the class. The court need not consider the various diagnoses that the term "dental pain" encompasses or the various treatments that could result, however, for plaintiffs are

11

generally challenging the alleged substandard level of dental services available at the jail.
Regardless of the various causes of dental pain, putative class members included those who
complained about any type of dental pain and have waited more than seven days for necessary
treatment. Plaintiffs make clear that their reference to complaints about dental pain means
formal complaints memorialized in written documents, such as a detainee health service request
form or a grievance form. *See* Pls.' Reply at 8. This makes the class readily ascertainable. To
make it explicitly clear who is a class member, however, the court will modify the class
definition so that it reads: "All persons presently confined at the Cook County Jail who are
experiencing dental pain and who have waited for more than seven days after *making a written
request for treatment of that pain* without having been examined by a dentist."

Defendants also argue that certifying this class would make failure to render dental
treatment within seven days actionable by detainees. Including such a time period in a class
definition does not equate to a finding that a delay of seven days in providing treatment is
automatically unreasonable and actionable. Plaintiffs will still have to establish the underlying
elements of a constitutional violation to prevail on their claim. While the "proposed time period
could be inconsistent in some cases with the constitutional requirement," *Wrightsell*, 2009 WL
482370, at *3, this is an issue that influences whether the Rule 23(b)(3) requirement of
predominance is met or whether plaintiffs can prevail on their claim but does not affect whether
the class is ascertainable.

## B. Rule 23(a) Requirements

Defendants challenge plaintiffs' ability to meet the requirements of commonality, typicality, and adequacy of representation. Those plaintiffs who remain in the jail's custody, specifically Malcolm Patton, Melvin Phillips, and Rodell Sanders, are adequate representatives for the Rule 23(b)(2) class. Plaintiffs have also met the low hurdles of establishing commonality and typicality. *See Gaspar* v. *Linvatec Corp.*, 167 F.R.D. 51, 57 (N.D. Ill. 1996) ("[T]he typicality requirement is liberally construed."); *Scholes* v. *Stone, McGuire & Benjamin*, 143 F.R.D. 181, 185 (N.D. Ill. 1992) ("[T]he commonality requirement has been characterized as a 'low hurdle' easily surmounted."). They claim that inmates with dental pain are suffering unnecessary and prolonged pain due to defendants' decision to reduce dental services at the jail, particularly in reducing the number of dentists employed there to one. Whether this decision has caused unnecessary pain and delay is a question common to the class and based on the same conduct of defendants. *See Tylka* v. *Gerber Prods. Co.*, 178 F.R.D. 493, 496 (N.D. Ill. 1998) (noting that if at least one question of law or fact is common to the class, commonality is satisfied). Plaintiffs, along with the unnamed class members, are all subject to the same alleged practice. Although differences in plaintiffs' and the class members' injuries and treatment times are undeniable, this is not fatal to a finding of typicality as "[t]ypical does not mean identical." *Gaspar*, 167 F.R.D. at 57. Where injunctive relief alone is at issue, individualized issue should be minimal.

Defendants, relying on *Smith*, argue that the need to consider individual issues defeats commonality and typicality. The denial of class certification in *Smith*, although initially framed as a failure to meet the commonality and typicality requirements, is better read as finding that

13

predominance and superiority, requirements for a Rule 23(b)(3) class, were not met. *See Smith*, 2008 WL 4866071, at *2. Such an interpretation is supported by the Seventh Circuit's recent cases decertifying Rule 23(b)(3) classes regarding the amount of time that is reasonable for a detainee to be held after posting bond. *See Portis* v. *City of Chicago*, 613 F.3d 702 (7th Cir. 2010); *Harper* v. *Sheriff of Cook County*, 581 F.3d 511 (7th Cir. 2009). In these cases, the court held that common questions do not predominate "[b]ecause reasonableness is a standard rather than a rule, and because one detainee's circumstances differ from another's." *Portis*, 613 F.3d at 705; *Harper*, 581 F.3d at 515; *see also McGowan* v. *Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) ("Delay is not a factor that is either always, or never, significant. Instead, the length of delay that is tolerable depends on the seriousness of the condition and the ease of providing treatment."). The court does not read these decisions, which did not address Rule 23(a), as importing the analysis of whether common issues predominate over individual ones into the inquiry into commonality and typicality. Indeed, while the Rule 23(b)(3) class in *Portis* was decertified, the Seventh Circuit left open the possibility that a class for injunctive relief could be certified based on a claim that defendant had a policy of deliberate delay. *Portis*, 613 F.3d at 705–06. As plaintiffs here argue that delay in treatment occurred because of a deliberate choice to decrease the availability of dental services, certification of a class for injunctive relief to counter that alleged policy is appropriate.[3] Whether plaintiffs will be able to demonstrate a policy of

---

[3] Defendants do not argue that plaintiffs cannot meet Rule 23(b)(2)'s requirement that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). An injunction ordering defendants to increase the number of dentists employed to treat the jail's inmate population would generally address plaintiffs' complaints.

deliberate delay and prevail on their claim for injunctive relief are issues the court need not address today.

## CONCLUSION AND ORDER

For the foregoing reasons, plaintiffs' motion for class certification [#50] is granted in part and denied in part. The court certifies a class under Rule 23(b)(2) defined as: All persons presently confined at the Cook County Jail who are experiencing dental pain and who have waited more than seven days after making a written request for treatment of that pain without having been examined by a dentist. This case will be called for status on December 16, 2010 at 8:30 a.m. Plaintiffs' counsel will be expected to report on what relief he believes would be availale that has not been achieved in *United States* v. *Cook County,* Case No.10 C 2946.


Dated: November 18, 2010                Enter:_____
                                                JOAN HUMPHREY LEFKOW
                                                United States District Judge