UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN SMENTEK et. al., | ) | |
| | ) | |
| Plaintiff, | ) | 09 C 529 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Joan H. Lefkow |
| SHERIFF OF COOK COUNTY, | ) | |
| and COOK COUNTY, ILLINOIS | ) | Magistrate Judge Brown |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' MOTION TO RECONSIDER THE GRANTING OF CLASS CERTIFICATION PURSUANT TO FRCP 23(b)(2)

NOW COME Defendants, SHERIFF THOMAS DART and COOK COUNTY ("Defendants"), by their attorney, Anita Alvarez, State's Attorney of Cook County, through her Assistant State's Attorney, Michael L. Gallagher, and pursuant to Federal Rule of Civil Procedure 59 (e), submit their Motion to reconsider the granting of class certification as follows:

### INTRODUCTION

On November 18, 2010, this Court granted in part and denied in part Plaintiffs' Third Amended Motion for class certification. (*See* Class Certification Order, attached as Exhibit A). In particular, this Court granted Plaintiff's Motion for class certification seeking equitable relief under Federal Rules of Civil Procedure ("FRCP") 23(b)(2) and defined the class as follows:

> All persons confined at the Cook County Jail who are experiencing dental pain and who have waited for more than seven days after *making a written request for treatment of that pain* without having been examined by a dentist. (emphasis provided)(Exhibit A, pg.12).

The Court held that Plaintiffs' Rule 23(b)(2) motion for class certification was not barred by the Agreed Order entered in the case of *United States of America v. Cook County et. al*., 10 CV 2946

because that Order did not explicitly bar such actions. (N.D. Ill. May 13, 2010) (J. Kendall) (*See* CRIPA Agreed Order, attached as Exhibit B).

**ARGUMENT**

A motion to reconsider pursuant to Rule 59(e) should be granted in order to prevent manifest errors of law or fact. *Publishers Resource, Inc. v. Walker-David Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). When considering a motion for reconsideration, the Court uses its discretion and balances two competing interests" the need to close an issue and the need to render just rulings. *See Templet v. Hydro Chemical Inc.*, 367 F.3d 473, 478-479 (5th Cir. 2004).

**The Court erred in certifying Plaintiffs' Rule 23(b)(2) class because an existing consent decree addresses the issue of adequate and timely dental care.**

In the present case, the Court's granting of Plaintiffs' Rule 23(b)(2) motion for class certification runs contrary to established precedent holding that class wide equitable relief is inappropriate where an existing consent degree substantially addresses the issue. In *Martin v. Davies,* plaintiff was a pre-trial detainee at the Cook County Jail that filed a 42 U.S.C. §1983 claim seeking, in part, equitable relief in the form of an injunctive and declaratory relief to prevent defendants from "continuing their alleged policies which deny him access to the courts and to the law library." *Id.* at 338. 917 F.2d 336, 337 (7th Cir. 1990). The district court dismissed plaintiff's equitable claims for library access because they were addressed and governed by the consent decree entered in *Duran v. Elrod,* 74 CV 2949 (N.D. Ill. April 9, 1982). *Cited by Martin*, 917 F.2d at 339. In affirming the district court's dismissal, the Appellate Court held the following:

> [T]he *Duran* class action involved the rights of pre-trial detainees and because the consent decree is continuing in nature, it binds people who were not direct parties to it… There would little point in construing the *Duran* decree as binding only those pre-trial detainees who were in custody on the day the decree was signed…The parties could not have intended to so limit the agreement, as

evidence by the provision that "jurisdiction of this cause is hereby specifically retained by the court to enter further orders necessary or appropriate to enforce the terms of this order. *Id*.

The above holding clearly demonstrates that when a claim for equitable relief is addressed by an existing consent decree or court order, any subsequent equitable claims addressing the same issue are rendered moot. *See Stewart v. Sheriff Sheahan,* 1997 U.S. Dist. LEXIS 9583, *14-15 (N.D. Ill. July 3, 1997)(The district court found that law library access was one of the Cook County Jail "conditions" addressed by the *Duran* consent decree. As a result, the plaintiff was bound by that decree and his equitable claim was dismissed as moot.); *see also Chavis v. Fairman*, 1994 U.S. Dist. LEXIS 1850, *5-6 (N.D. Ill. February 15, 1994)(Pretrial detainee plaintiff's equitable claims are moot under class action decree that was entered in *Duran v. Elrod*).

In *Broadus v. Beatty*, the appellate court affirmed the dismissal of plaintiff's motion for class wide equitable relief because his claims where addressed by an existing consent decree. 1995 U.S. App. LEXIS 9067 *11 (7th Cir. 1995). Plaintiff complained that the jail lacked an appropriate fire escape, law library, inadequate lighting, heating, cooling, and outdoor recreation. *Id.* at *4. In affirming the district courts dismissal, the appellate court held that the because the consent decree "was brought on behalf of all present and future inmates of the [Jail]…the district court properly found that Broadus' claims duplicated the allegations of the class action and that these claims were addressed by the consent decree and by the construction of the new jail." *Id*. at *11.

In the present case, there is no question that Plaintiffs' claim for equitable relief is addressed by the Agreed Order currently monitored by the Federal Courts in the case of *United States of America v. Cook County et. al*., Agreed Order, 10 CV 2946 (N.D. Ill. May 13, 2010). In

that matter, the United States filed a complaint pursuant to the Civil Rights of Institutionalized Persons Act of 1980, 42 U.S.C. § 1997 ("CRIPA"), to "*enjoin* the named Defendants from depriving persons incarcerated at the Cook County Jail ("CCJ") … of rights, privileges, or immunities secured and protected by the Constitution of the United States. (emphasis added) (CRIPA Complaint attached as Exhibit C, pg.1).

In response, the parties submitted an Agreed Order with the stated purpose of "protect[ing] the constitutional rights of inmates detained at the Facility. The terms and requirements of this Agreed Order will be interpreted to be consistent with the measures necessary to protect the constitutional rights of inmates…" (Exhibit B, pg.3). Among the constitutional rights "protected" by the Agreed Order is detainee dental care. *Id.* at 37. Specifically, the Order states the following:

Dental Care

a. Cermak shall ensure that inmates receive *adequate dental care*, and follow up, in accordance with generally accepted correctional standards of care. Such care should be provided in a *timely manner*, taking into consideration the acuity f the problem and the inmate's anticipated length of stay. Dental care shall not be limited to extractions. (emphasis added)

b. Cermak shall ensure that adequate dentist staffing and hours shall be provided to avoid unreasonable delays in dental care. *Id.* at 37.

The above Order clearly establishes that the United States filed the CRIPA complaint and subsequent Agreed Order with the intention of "enjoin[ing]", or bringing equitable relief, to all "persons incarcerated at Cook County Jail" by ensuring that current and future detainees receive "adequate" and "timely" dental care. *Id.* at 1, 37. There is also no question that the Plaintiffs in the present case are the intended beneficiaries of the existing Agreed Order. *See Broadus*, 1995 U.S. App. LEXIS 9067 at *11 ("The consent decree…stated that the action was brought on behalf of all present and future inmates of the [jail]."). Therefore, Plaintiffs' claim for

4

equitable relief is currently being addressed by the Agreed Order and the Court should have denied Plaintiffs' Rule 23(b)(2) motion for class certification as moot.

Defendants acknowledge that the Court was correct in determining that the Agreed Order does not explicitly forbid Plaintiffs from bringing a class action. (*See* Class Certification Order, Exhibit A, pg. 11). However, nothing in the above appellate decisions require that the agreed order or consent decree in question explicitly forbid such actions in order to have a preclusive effect. Instead, the above appellate decisions state that claims seeking class wide equitable relief for issues already addressed in current consent decrees, should be denied as duplicative or moot. The rationale behind these holdings is obvious; the appellate court feared that allowing duplicative class actions to navigate through the system would result in confusion and inefficiencies at both the judicial and correctional level. This fear would become a reality if the Court allowed the same equitable claim for adequate dental care to proceed before two different Federal Judges and with two different sets of plaintiffs' attorneys, defense attorneys and monitors.

In response to the above case law and arguments, Plaintiffs' cite *Arreola v. Sheriff Thomas Dart*, for the appellate court's holding that the *Duran* consent decree did not bar plaintiff's class action claim for equitable relief in that matter. 546 F.3d 788, 797 (7th Cir. 2008); (*See* Plaintiffs' Reply in support of their Third Motion for class certification, pg.6, Docket Entry No. 57). However, a full reading of the *Arreola* opinion shows that the appellate court's decision was based on an important distinction from the present case. Namely, the appellate court held that the *Duran* consent decree and Arreola's equitable claims were unrelated because one addressed prison conditions while the other addressed medical devices in the living units. *Arreola*, 546 F.3d at 797. However, as argued above, both the existing Agreed Order and

Plaintiffs' equitable claims are identical because they both call for adequate and timely dental care at the Jail. As a result, Plaintiffs' lone attempt to respond to Defendants' argument falls flat.

WHEREFORE, the Defendants Sheriff Thomas Dart and Cook County, respectfully request that this Honorable Court reconsider the granting of Plaintiffs' Third Amended Motion for class certification pursuant to Rule 23(b)(2); and grant any other relief that this Court deems necessary and just.

ANITA ALVAREZ
STATE'S ATTORNEY OF COOK COUNTY

/s/ Michael L. Gallagher
Michael L. Gallagher
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-3124