*aee*

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JOHN SMENTEK, MALCOLM PATTON, MELVIN PHILLIPS, RODELL SANDERS, and FRANK POWICKI, individually and for all others similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | No. 09 C 529 |
| v. | ) ) | Judge Joan H. Lefkow |
| SHERIFF OF COOK COUNTY, and COOK COUNTY, ILLINOIS, | ) ) ) | |
| Defendants. | ) ) | |

### OPINION AND ORDER

Plaintiffs seek reconsideration of the portion of this court's November 18, 2010 opinion and order denying certification of a Rule 23(b)(3) class. The court's denial was based on a finding that collateral estoppel precluded certification of a Rule 23(b)(3) class. That finding relied on *In re Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig.*, 333 F.3d 763, 768–69 (7th Cir. 2003), in which the Seventh Circuit held that an unnamed putative class member is bound by a decision denying class certification in a prior action if he or she was adequately represented by the named litigant and class counsel. The Supreme Court recently abrogated this holding in *Smith* v. *Bayer Corp.*, --- U.S. ----, 131 S. Ct. 2368, 2380–81, 180 L. Ed. 2d 341 (2011). This change in the law warrants reconsideration of the appropriateness of certifying a Rule 23(b)(3) class.

Defendants concede that, under *Smith*, class certification is not barred by collateral estoppel. They argue that the court should nonetheless follow the court's decisions in *Smith* v.

*Sheriff of Cook County*, No. 07 C 3659, 2008 WL 1995059 (N.D. Ill. May 6, 2008),

*reconsideration denied*, 2008 WL 4866071 (N.D. Ill. July 16, 2008), and *Wrightsell v. Sheriff of*

*Cook County*, No. 08 CV 5451, 2009 WL 482370 (N.D. Ill. Feb. 19, 2009), and deny plaintiffs'

latest attempt at certification. While not bound by this court's conclusions in *Smith* or

*Wrightsell*, *see Midlock* v. *Apple Vacations West, Inc.*, 406 F.3d 453, 457–58 (7th Cir. 2005), the

court will take those decisions into account as persuasive authority. *See Bayer Corp.*, 131 S. Ct.

at 2382 ("[W]e would expect federal courts to apply principles of comity to each other's class

certification decisions when addressing a common dispute.").

In their motion for reconsideration, plaintiffs have again altered their proposed Rule

23(b)(3) class definition. Whereas plaintiffs previously sought to certify a class of individuals

who requested treatment of dental pain and were not examined by a dentist within seven days of

the request, they now propose the following class:

> Any person who, while confined at the Cook County Jail on and after January 1,
> 2007, made a request for treatment of dental pain, was not examined by a health
> care professional authorized to dispense pain medication within 24 hours after
> making that request, and thereby endured pain.

This change does not affect the court's prior conclusion that Rule 23(a)'s requirements are met.[1]

Thus, the court need only address Rule 23(b)(3)'s requirements.

## A.     Predominance of common issues

Rule 23(b)(3) provides that a class can be maintained if "questions of law or fact common

---

[1] Defendants note that they do not concede that the commonality requirement is met, particularly in light of *Wal-Mart Stores, Inc.* v. *Dukes*, --- U.S. ----, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011). That case involved a putative class of 1.5 million employed at 3,400 stores and had many difficult issues not present here.

to the members of the class predominate over any questions affecting only individual members, and . . . a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). To determine whether predominance and superiority are satisfied, courts examine "the substantive elements of plaintiffs' claims, the proof necessary for those elements, and the manageability of trial on those issues." *Reed* v. *Advocate Health Care*, No. 06-c-3337, 2009 WL 3146999, at *4 (N.D. Ill. Sept. 28, 2009) (citing *Simer* v. *Rios*, 661 F.2d 655, 672–73 (7th Cir. 1981)).

"Although related to Rule 23(a)'s commonality requirement, 'the predominance inquiry is far more demanding.' To satisfy this aspect of Rule 23(b)(3), 'the plaintiff must show that common issues not only exist but outweigh the individual questions. The common questions must be central to all claims.'" *Pavone* v. *Aegis Lending Corp.*, No. 05-c-1529, 2006 WL 2536632, at *4 (N.D. Ill. Aug. 31, 2006) (quoting, *inter alia, Amchem Prods., Inc.* v. *Windsor*, 521 U.S. 591, 623–24, 117 S. Ct. 2231, 2250, 138 L. Ed. 2d 689 (1997)). Plaintiffs need only show that common proof will predominate with respect to their claims. *Driver* v. *AppleIllinois, LLC*, 265 F.R.D. 293, 311 (N.D. Ill. 2010)

The central issue will be whether defendants' reduction (or, as plaintiffs characterize it, "obliterat[ation]") of dental services at the Cook County Jail resulted in a constitutional violation, or deliberate indifference, causing class members to suffer prolonged and unnecessary pain. Deliberate indifference may be established by "proving that there are such systemic and gross deficiencies in staffing, facilities, equipment, or procedures that the inmate population is effectively denied access to adequate medical care." *Wellman* v. *Faulkner*, 715 F.2d 269, 272 (7th Cir. 1983) (quoting *Ramos* v. *Lamm*, 639 F.2d 559, 575 (10th Cir. 1980)). The information

3

submitted on the motion, including a report of the United States Department of Justice into the

Jail's failure to provide dental care[2] leaves little dispute that the reduction in dental staff at the

Jail caused treatment delays. Such delays in treatment may constitute deliberate indifference.

*See McGowan* v. *Hulick*, 612 F.3d 636, 640 (7th Cir. 2010); *Berry* v. *Peterman*, 604 F.3d 435,

441 (7th Cir. 2010).

Courts routinely certify classes under Rule 23(b)(3) challenging uniform policies related

to conditions of confinement. *See Flood* v. *Dominguez*, No. 2:08 CV 153 PPS PRC, 2011 WL

238265, at *3 (N.D. Ind. Jan. 21, 2011) (collecting cases from district courts in the Seventh

Circuit); *Streeter* v. *Sheriff of Cook County*, 256 F.R.D. 609, 614 (N.D. Ill. 2009) ("When a

proposed class challenges a uniform policy, the validity of that policy tends to be the

predominant issue in the litigation."); *Calvin* v. *Sheriff of Will County*, No. 03 C 3086, 2004 WL

1125922, at *4 (N.D. Ill. May 17, 2004). On the other hand, *Smith* and *Wrightsell* concluded

that individual issues would predominate over the policy issue, on the basis that proof of liability

would require each plaintiff, as well as each class member, to show "[first,] that he had a

condition that required dental care; second, that he did not receive adequate dental care; third,

that he suffered significant injury or harm; and fourth, that the injury or harm was causally

related to the inadequate care." *Smith*, 2008 WL 1995059, *2; *see Wrightsell*, 2009 WL 482370,

at *3 ("The reasonableness of the time of treatment measured from seven days of a detainee's

request could be unreasonable for a very obvious and serious painful dental emergency requiring

---

[2] The Department of Justice issued a report in July 2008 finding broad deficiencies in dental services after a June 2007 on-site visit to the Jail, including "that the [sole] dentist [for 10,000 inmates] typically was unable to treat inmates with serious or urgent dental needs." Ex. 2 to Dkt. No. 13 at 57–58. It continued, "Despite having Cermak [Hospital] physicians treat these serious dental emergencies, inmates continue to suffer needlessly because they do not receive appropriate follow-up care." *Id.*

immediate treatment. Conversely, treatment for a minor dental problem could be adequate even if provided two weeks or more from the date of the request."). But individualized issues of causation do not necessarily preclude class certification. *See Pella Corp.* v. *Saltzman*, 606 F.3d 391, 394 (7th Cir. 2010).

Although reluctant to give plaintiffs' counsel yet another bite at the class issue when he failed to persuade Judge Leinenweber in *Smith* and Judge Darrah in *Wrightsell*, this court is convinced that the common issue does predominate. This case is better understood as requiring the plaintiff to prove that a condition of confinement–near elimination of dental care–is one of deliberate indifference to serious medical need, as illustrated by the representative plaintiffs and other witnesses who were not promptly treated after seeking medical treatment for dental pain. Yes, each named plaintiff would have to give evidence supporting the claim. But if liability is established based on the evidence presented by representative plaintiffs, the outcome for members of the class is a different question. *See, e.g., Memisovski* v. *Maram*, No. 92 C 1982, 2004 WL 1878332, at *1 (N.D. Ill. Aug. 23, 2003) (trial of class action against Illinois for injunctive relief brought on behalf of minor children for failing to provide early diagnostic services required under federal Medicaid Act). In other words, the principal issue of causation is the systemic one–adequacy of medical staffing–not the variations in the need claimed by individual inmates.

Defendants cite *Harper* v. *Sheriff of Cook Co.*, 581 F.3d 511, in which the court held that class certification was not proper where the plaintiff challenged unreasonable delays in processing detainees who had been admitted to bail in court but had to return to jail to have bond posted. The court decided that common issues did not predominate over individual issues

5

because determining a reasonable time would entail many variables, such as "what justifications there might be for the delay on that particular day or for that particular detainee–the time of day, whether the jail was processing an unusually large number of detainees at that time, whether other events occurring at the jail legitimately slowed processing times, whether the detainee's lack of cooperation delayed processing, etc." *Id.* at 515. Moreover, the court was unconvinced that plaintiffs had even identified a common issue that was central to the litigation. *Id.* Similarly in *Portis v. City of Chicago*, 613 F.3d 702 (7th<sup>th</sup> Cir. 2010), the court rejected the district court's certification of a class of arrestees who were detained more than two hours after being admitted to bail, first because the class definition imposed a rule that could not apply to all members of the class since a reasonable time in one instance might be unreasonable in another. The court left open the possibility that class treatment might be appropriate if the class sought to establish a policy of deliberate delay, as such a policy could be ended by an injunction. *Id.* at 705; *see County of Riverside v. McLaughlin*, 500 U.S. 44, 59, 111 S. Ct. 1661, 114 L. Ed. 2d 49 (1991) ("Needless delay, or delay for delay's sake–or, worse, delay deliberately created so that the process becomes the punishment–violates the fourth amendment.").

Although this court has already certified a (b)(2) class in light of this statement, as *Harper* and *Portis* clearly do not exclude a class action for injunctive relief, the cases are more fundamentally distinguishable because plaintiffs here are attacking a policy of deliberate indifference by reducing staff to a level making it a virtual certainly that adequate care will not be provided, as opposed to a situation where an adequately staffed facility allegedly fails to treat some individuals as promptly as it should.

It should go without saying that determination of class appropriateness is not a question

6

of available relief. Each of the individuals in the putative class could file his own law suit and if

he proved that the policy resulted in deliberate indifference to his need, he could recover

damages. If a class is proper, and the class representatives prove a policy of deliberate

indifference, members of the class are not limited to injunctive relief. They may prove up their

damages by showing injury resulting from the policy. This is what occurs in class actions

alleging defective medical devices or drugs. Causation may be clear but damages are different

for individual class members.

The court in *Flood* v. *Dominguez*, No. 08 CV 153, 2011 WL 238265 (N. D. Ind. Jan. 21,

2011), rejected the argument defendants make here in a challenge to a variety of conditions of

confinement, including lack of bedding, cold temperatures, lack of hygiene items, lack of

exercise, and small meal portions "as a result of uniform policies or practices by the Jail." *Id.* at

*2:

> [The Jail contends that] the Plaintiffs can't prove liability without individual
> determinations as to whether the conditions of confinement caused the different
> physical injuries asserted by the Plaintiffs. And, so the argument goes, if these
> individual determinations are permitted, common issues will not predominate.
>
> I disagree. First, if a detainee suffered an injury because of a condition of
> confinement common to all class members, he may recover for that injury.

*Id.* at *3.[3] Although that court in its original opinion distinguished *Smith* and *Wrightsell* on the

---

[3] He reiterated,

> [T]he conditions of confinement that were common to all detainees held in the Jail's
> holding cells were the result of the Jail's uniform policies and practices. Liability will
> not be determined by analyzing the individual physical injuries suffered by each plaintiff,
> but rather by assessing the constitutionality of the policies or practices uniformly applied
> to all class members. So these common conditions predominate. And while the
> Plaintiffs will eventually have to tie their injuries to the common conditions of
> confinement, this does not prevent a jury from finding on a class-wide basis that these
> same conditions are unconstitutional.

7

basis that claims involving denial of medical care are particularly fact specific and generally

unsuitable for class certification, 270 F.R.D. at 413, its reasoning applies as well to policies of

deliberate indifference to medical care:

> [M]any of the variations in the detainees' conditions of confinement differ by a
> matter of degree, rather than kind. These factual variations . . . speak only to
> damages, not liability. And differences in damages alone will not defeat class
> certification. Rule 23 allows district courts to devise imaginative solutions to
> problems created by the presence in a class action litigation of individual damages
> issues. I may, for example, divide the class into subclasses to determine damages.
> In any event, because common issues predominate, the need for individual
> damages determinations will not defeat class certification.

*Id.* at 422; *see Arreola* v. *Godinez*, 546 F.3d 788, 800 (7th Cir. 2008) (remanding denial of class

certification for prisoners challenging rule denying crutches where prison argued that each

prisoner's case would be different and noting, "even if each damages calculation will be fact-

bound to some degree, many of the issues involved in this case, as we have noted already, would

be common among all potential class members"); *Mejdrech .v Met-Coil Systems Corp,* 319 F.3d

910, 911–12 (7th Cir. 2003) (affirming certification of a 1,000 plaintiff "mass tort" case in which

the district court reserved for individual hearings whether a particular class member suffered any

legally compensable harm and if so in what amount). Because the common issue of liability is

whether reduction of dental services was deliberate indifference to dental patients needing urgent

care, the plaintiffs have satisfied the predominance factor.

## B. Superiority of class action.

Neither party devotes attention to the question of superiority of the class action device. In

---

2011 WL 238265, at *5.

considering the satisfaction of the superiority requirement, the court will look at "(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action." Fed. R. Civ. P. 23(b). As Judge Posner stated in *Mejdrich*,

> If there are genuinely common issues, issues identical across all the claimants, issues moreover the accuracy of the resolution of which is unlikely to be enhanced by repeated proceedings, then it makes good sense, especially when the class is large, to resolve those issues in one fell swoop while leaving the remaining, claimant-specific issues to individual follow-on proceedings.

319 F.3d at 911. The court's staff attorneys report that from January 2010 to date, nineteen *pro se* cases were filed in this court against the Sheriff or the Cook County Department of Corrections alleging deliberate indifference to need for acute dental care. Twelve are still pending.[4] Three of the cases, in which all three were represented by counsel, settled. The litigation of separate law suits arising from the same policy is wasteful of pro bono counsel's time and the resources of this court.

According to *Smith*, more than 200 grievances were produced concerning denial of dental care during 2007, suggesting a substantial but not overwhelming number of class members. The

---

[4] *See Smith* v. *Dart*, No. 10 C 99 (settled in conjunction with *Smith* v. *Dart*, No. 10 C 312); *McRoy* v. *Dart*, No. 10 C 421; *Hernandez* v. *Ronald*, No. 10 C 1529 (settled); *Martin* v. *Cook County Dep't of Corr.* (CCDOC), No. 10 C 2162; *Jackson* v. *Dart*, No. 10 C 2263; *Guider* v. *Dart*, No. 10 C 2336; *Velazquez* v. *CCCDOC*, No. 10 C 2497 (settled); *Patten* v. *Dart*, No. 10 C 4964 (dismissed for failure to cure filing deficiencies); *Williams* v. *CCDOC*, No. 10 C 5482 (dismissed for failure to pay filing fee); *Peterson* v. *Dart*, No. 10 C 5681; *Brown* v. *Dart*, No. 10 C 7711; *Martinez* v. *Prozoxsky*, No. 10 C 7792; *Curtis* v. *Dart*, No. 11 C 933; *Morris* v. *Dart*, No. 11 C 934 (dismissed); *Wofford* v. *Dart*, No. 11 C 1397; *Pitts* v. *Dart*, No. 11 C 1661 (settled); *Townes* v. *Prozoxski*, No. 11 C 1876; *Rounds* v. *Dart*, No. 11 C 4247; *Rodriguez* v. *CCDOC*, No. 11 C 4593.

parties have reported that, as a result of the Department of Justice investigation, services have improved since this law suit was filed. This means that the number of claimants will not be overwhelming so as to make the case unmanageable.

Another factor to consider is whether the individual class members would prefer to control their individual claims. The reality is that most of the detainees are indigent. Unlike non-prisoners, they must exhaust their administrative remedies and pay a $350 filing fee, albeit in installments, in order to file a case in this court. Once released from custody, the requirement is not lifted. Few are fortunate to be represented by retained or pro bono counsel so must proceed *pro se* if at all, with neither the skill nor resources to litigate. Obviously, the obstacles deter all but the determined.

A class action, on the other hand, would provide class members an opportunity to present their claims with representation by knowledgeable counsel who can marshal the resources to effectively present the case while those who have and prefer other counsel may opt out. As the court stated in *Flood*,

> [T]his dispute contains a set of legal and factual issues that are shared by the members of the class, and class certification is more efficient than multiple individual suits at dealing with these common questions. Indeed, requiring each class member to bring individual actions would waste time and money. Also, because many of the potential class members would likely recover very little in damages, they are unlikely to prosecute individual claims without the cost-sharing efficiencies offered by a class action. Accordingly, a class action is a superior method of litigating this case.

270 F.R.D. at 422. Likewise, a class action in this situation is superior to proceeding with individual claims.

## C. Class Definition

As indicated at the outset, plaintiffs have redefined the class as "any person who, while

confined at the Cook County Jail on and after January 1, 2007, made a request for treatment of dental pain, was not examined by a health care professional authorized to dispense pain medication within 24 hours after making that request, and thereby endured pain." *Harper* and *Portis* teach that the court should not define a class by setting a "reasonable" time within which treatment must be given, although a time period might be used as a rebuttable presumption. *Portis*, 613 F.3d at 705 (citing *McLaughlin*, 500 U.S. at 59). To address this issue, the court certifies a class of "all inmates housed at Cook County Department of Corrections on or after January 1, 2007, who have made a written request for dental care because of acute pain and who suffered prolonged and unnecessary pain because of lack of treatment." In identifying the class the court will establish a 36-hour threshold. This will be a vehicle for identifying the class and will shift the burden to the defendants to demonstrate existence of a *bona fide* reason for delay in treatment. *See Portis*, 613 F. 3d at 705. Damages issues can be addressed on an individualized basis if the case is resolved in favor of the plaintiff class and if damages cannot be resolved for the class as a whole, as is typical in cases of this sort.

### ORDER

The motion for certification of a class under Rule 23(b)(3) is granted. This case will be called for a status hearing and scheduling conference on September 8, 2011 at 8:30. The parties should have a proposed class notice prepared and a schedule that is focused on bringing this aging case to as expeditious a conclusion as practicable.

Dated: August 17, 2011                    Enter: _____

JOAN HUMPHREY LEFKOW
United States District Judge

11