**FILED**
JAN 0 7 2013
THOMAS G. BRUTON
CLERK, U S DISTRICT COURT

Abayomi Adedeji
R30123
2500 Rt. 99 South
Mt. Sterling, IL
62353

Judge Joan H. Lefkow
219 South Dearborn Street
Courtroom 1925
Chicago, IL 60604

Re: Smentak v. Sheriff of Cook County; Adedeji v. Dart et al.
Case Nos 09 c 0529; 09 c 4785

Dear Judge Lefkow:

Enclosed is the motion to permit joinder which I filed in the courtroom of Magistrate Judge Arlander Keys to permit me to join the class-action Smentak v. Sheriff of Cook County which you granted class-certification. I have written to the class counsels Thomas Morrissey & Kenneth Flaxman and I informed them that I am a pro-se litigant and would like to know how far the case is. I would like to be present on the next status date, if it pleases the court. I am currently at Western Ill. Corr. Ctr. in Mt. Sterling. I don't know whom the defense counsel is and want him/her to make me available by teleconference on the next status date. Thank you judge.

yours sincerely
Adedeji. A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED
OCT 26 2012
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

ABAYOMI ADEDEJI )
    PLAINTIFF )
    ) CASE No 09c4785
V. )
    ) JUDGE: GETTLEMAN
TOM DART et al. )
    ) MAGISTRATE: KEYS
    DEFENDANTS ) JURY REQUESTED
    )

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS MOTION TO PERMIT JOINDER.

Now comes Plaintiff Abayomi Adedeji, a pro-se litigant pursuant to Fed. R. Civ. Pro. 20(a)(1)(A-B), moves this Court to join Plaintiff's suit with Smentak v. Sheriff of Cook County #09C0529 which has been certified as a class-action by the Honourable Judge Lefkow.

In Support of, Plaintiff states the following:

### Introduction

Plaintiff filed his Complaint on the 20th Aug. 2009 against Defendants (1) Tom Dart, Sheriff of Cook County; (2) Jean Kirriazes Director of Cermak Health Services; (3) Dentist John Doe, for violating his Constitutional rights. Plaintiff incorporated the Cruel & Unusual punishment clause of the 8th amend into the Due process

clause of the 14th amendment. Plaintiff alleges deliberate indifference to medical/dental need; a custom, practice and procedure that allowed the Dentist to perform a more evasive procedure, to wit: extraction of tooth, instead of a less evasive procedure of tooth filling which would have saved the tooth, because of the (money) monetary incentive recieved for extraction.

On the 13th of July 2012 in a teleconference Plaintiff Adedeji was informed by Judge Arlander Keys that there was a similar Dental-care lawsuit against the Sheriff of Cook County which was certified in 2010 as a class-action in the Courtroom of Judge Lefkow. Judge Keys informed Plaintiff that he had just been made aware of it 2 days prior.

Plaintiff was ordered to put in writing his decision, whether he chooses to proceed as an individual or join the class-action. Plaintiff has been given untill the 16th Nov. 2012 to respond and show cause.

## JURISDICTION

Plaintiff Adedeji's civil right were violated by defendants action while he was incarcerated at Cook County Jail. This Court has jurisdiction under 28 U.S.§1331, 28 U.S.§1343(a)(3), and 42 U.S.§1983.

The incidents that forms the basis of this Complaint took place in Cook County, Illinois. Venue is thus proper under 28 U.S.§1391

## STANDARD OF REVIEW

The Primary rule in the Joinder of Plaintiffs is that each co-plaintiff must have an interest which the trial Court can recognize and enforce. Copellar v. Britt, 188 So. 403.

It has been stated broadly that the tendency is to liberalize the right of joinder, thereby avoiding a multiplicity of suits, Granier v. Bourgeois, 188 So. 423 (La. ct. App. 1st cir)

In Order to prevent multiplicity, it may be permissible under some circumstances for all persons who are directly or consequentially interested in the event of the suit to join as plaintiffs. Deen v. McCorkle, 216 Ga. 20, 114 S.E.2d 369

The Purpose of liberal rules of joinder is to encourage adjudication of rights and claims of parties in one proceeding, Wells v. Aetna Ins. Co 60 Wash.2d 880, 376 P.2d 644. The matter of Permitting a joinder rests within the sound discretion of the trial Court, Angelloz v. Angelloz 204 La. 988, 16 So.2d 654.

## DISCUSSION

The Courts have ruled that it is necessary that each Plaintiff have an interest both in the subject of action and in obtaining the relief demanded in order to join as a party Plaintiff under permissive regulatory provisions, Miller v. Hawkeye Gold dredging Co., 156 Iowa 557, 137 N.W. 507

Accordingly a person is not properly joined as co-Plaintiff if he or she has no interest, Baxter v. Hart, 104 Cal. 344, 37 P. 941, Jacobson v. Roman, 57 Mont. 294. Or if he, or she has no rights to relief, Alexander v. City of Gloversville, 110 A.D. 791, 97 N.Y.S. 198. The amount or kind of interest is not very material, although it has been said that a legal or property interest is required, Gartler v. First Nat. Bank, 88 Cal. App. 411, 263 P. 566. It is not essential to the joinder of plaintiffs that their interest be equal or united nor is it essential that their rights be in all particulars the same. Home Ins. Co. v. Pugh, 51 Ala. App 373, 286 So. 2d. 49, Schwab v. Martin, 165 Colo. 547, 441 P.2d 17, Grover v. Marott, 192 Ind. 552, 136 N.E. 81.

Where the Complaints or petition shows the joint interest of several Plaintiffs, there is no misjoinder, Donnell v. Dansky 58 Okla. 165, 159 P. 317. It has been said broadly, that the rule requiring joinders of parties is relaxed in some instances in order to afford a remedy, South East Nat. Bank of Chicago v. Board of Education of City of Chicago, 298 Ill. App. 621, 18 N.E.2d 603.

Respective of some suit the rule has been whether particular persons should be made parties, is a question of convenience and discretion rather than one of absolute right, Flowers v. Germann 211 Minn. 412, 1 N.W.2d 424.

The general rule at Common law is that, where defendant is legally answerable to two or more jointly, they should all join as Plaintiffs in an action to enforce such liability; and this is true whether the cause of action is based on Contract, or on tort, Bank of California Nat. Ass'n v. Superior Court in and for City and County of San Francisco Co. 16 Cal. 2d 516, 106 P.2d 879. Persons who have a joint interest should join as Plaintiffs, Georgia Casualty Co. v. Campbell, 266 S.W. 854, citing Stacely v. Pierce 28 Tex. 328, 1866 WL 4006. And it has been laid down broadly that, where the interest in a suit is joint, all person interested who may in any way be affected by the decree or judgement which is sought should be made parties plaintiff, Smith v. Peeler, 29 S.W 2d 975.

## CONCLUSION

According to the discussion above it will be in the best interest of Justice that similar lawsuits be encouraged to join so that the adjudication of rights & claims may be decided in one proceeding. Here the defendant and subject matter in Smentak and Adedeji are virtually similar, it will be in line with the general rule the court has laid down if Plaintiff Adedeji is allowed to join as co-plaintiff in the class-action lawsuit against the sheriff Tom Dart, under the name Smentak v. Sheriff of Cook County case No 09 c 0529. Plaintiff Adedeji has opted not to continue to sue as an individual, but instead for the sake of Justice, Join the class-action as a class principle.

-5-

Wherefore, Plaintiff Adedeji respectfully moves this court pursuant to Fed.R.Civ.Pro. 20(a)(1)(A)-(B), to join Plaintiff's suit 09c4785 with Smentak 09c0529 as Co-plaintiff and move his case to the Courtroom of Judge Lefkow.

Respectfully Submitted

Sign ___Adedeji A___ 17th Oct '12

Abayomi Adedeji
R30123
2500 Rt. 99 South
Mt. Sterling, IL 62353

—6—

## CERTIFICATE OF SERVICE

I, Abayomi Adedeji, hereby certify that I mailed a copy of the above motion to Defendants attorney R. Seth Shippee at 500 Richard J. Daley Center, Chicago, IL 60602, by placing this document in the mail at Western Ill. Corr. Ctr.

Sign: Adedeji A   17th Oct. '12

Abayomi Adedeji
R80129
2500 Rt. 99 South
Mt. Sterling, IL 62353