IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| John Smentek, et al., | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | No. 09-cv-529 |
| -vs- | ) | |
| | ) | *(Judge Lefkow)* |
| Sheriff of Cook County and Cook | ) | |
| County, Illinois | ) | *(Magistrate Judge Brown)* |
| | ) | |
| *Defendants.* | ) | |

## SUPPLEMENT TO PLAINTIFFS' MOTION TO COMPEL

Plaintiffs submit the following to supplement their motion to compel (Document 142), in accordance with the Court's order of April 12, 2013.

In 2011, defendants produced as ESI in *Elizarri v. Sheriff,* 07-cv-2427 fourteen pieces of identifying information about all persons who had entered the Cook County Jail from January 6, 2005 to July 20, 2011. This data included inmate identification number, jail booking number, first name, last name, street address, city, state, zip, date of birth, home phone number, social security number, booking date, release date, and the reason for release.

On January 10, 2012, Judge Lefkow granted plaintiffs' motion for "piggyback mailing of class notice," so that all potential members of the class in this case, i.e., all persons who entered the Jail on and after January

1, 2007 would receive class notice in this case in the same envelope with class notice in *Elizarri*. (Document 109.)

On February 19, 2013, plaintiffs asked defendants to supplement the previously produced ESI with data for persons processed into the Cook County Jail after July 20, 2011. (Supplemental Production Request, attached as Exhibit 3 to Document 142.) This is the ESI plaintiffs seek in their pending motion to compel: inmate identification number, jail booking number, first name, last name, street address, city, state, zip, date of birth, home phone number, social security number, booking date, release date, and the reason for release for all persons processed into the Cook County Jail after July 21, 2011.

Every person who entered the Cook County Jail after January 1, 2007 is a potential member of the (b)(3) class; every person who is presently confined at the Jail is a potential member of the (b)(2) class.[1] Plaintiffs therefore seek identifying information about each potential class member.

---

[1] The (b)(2) class consists of:
> All persons presently confined at the Cook County Jail who are experiencing dental pain and who have waited more than seven days after making a written request for treatment of that pain without having been examined by a dentist.

The (b)(3) class consists of:
> All inmates housed at Cook County Department of Corrections on or after January 1, 2007, who made a written request for dental care because of acute pain and who suffered prolonged and unnecessary pain because of lack of treatment.

Defendants have routinely provided identifying information about all potential class members in previous litigation.

1. *Jackson v. Sheriff*, 06-cv-493, male detainees who were subjected to a STD test; estimated class size of 16,000, notice of settlement mailed to more than 157,000 potential class members.

2. *Phipps v. Sheriff*, 07-cv-3889, wheelchair bound detainees, estimated class size of 160, notice of settlement mailed to more than 15,000 potential class members

3. *Parish v. Sheriff*, 07-cv-4369, persons who were taking prescription medication for a serious medical need when they entered the Jail, who advised intake personnel of their need for that medication, and who did not receive that medication within 24 hours after entering the Jail. Notice of pendency of class action mailed to more than 300,000 persons.

4. *Elizarri v. Sheriff*, 07-cv-2427, persons who made a timely but unsuccessful demand for return of personal property seized upon their entry to the Jail. Notice of pendency of class action mailed to 310,000 persons.

5. *Streeter v. Sheriff*, 08-cv-732, detainees housed in Division 5 who were strip searched on return from court, estimated class size of 1500, notice of settlement provided to more than 8,000 potential class members.

6. *Zaborowski v. Sheriff*, 08-cv-6946, detainees shackled during labor, estimated class size of less than 200, notice of settlement mailed to nearly 4000 potential class members.

Plaintiffs seek the updated ESI about potential class members to investigate the viability of the Rule 23(b)(2) class claim for prospective injunctive relief. Only by gathering information from persons who are presently in the Jail may class counsel assess the need for prospective injunctive relief.

Plaintiffs also seek the updated ESI to secure information about the extent of defendants' liability for inadequate dental services at the Jail. Although the level of dental care may have improved from 2007, class counsel have an obligation to investigate the extent to which class members were injured by the challenged policies after July 20, 2011. The Court should order defendants to produce the updated ESI.

For the reasons above stated and those previously advanced, the Court should order defendants to produce the requested information specified above.

Respectfully submitted,

/s/ <u>Kenneth N. Flaxman</u>
Kenneth N. Flaxman
ARDC 830399
200 S Michigan Ave, Ste 1240
Chicago, Illinois 60604
(312) 427-3200

Thomas G. Morrissey.
10249 S Western Ave
Chicago, Illinois 60643
(773) 233-7900
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of April, 2013 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Maureen O. Hannon, ASA, 69 W Washington Street, Ste 2030, Chicago, IL 60602 and Michael Gallagher, ASA, 50 W Washington Street, Ste 500, Chicago, IL 60602 and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: none.

/s/ Kenneth N. Flaxman
Kenneth N. Flaxman
ARDC 830399
200 S Michigan Ave, Ste 1240
Chicago, Illinois 60604
(312) 427-3200
*an attorney for plaintiffs*