**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN SMENTEK et al.,** | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Case No. 09 C 529** |
| **v.** | ) | |
| | ) | **District Judge Joan H. Lefkow** |
| **SHERIFF OF COOK COUNTY and** | ) | **Magistrate Judge Geraldine Soat Brown** |
| **COOK COUNTY, ILLINOIS,** | ) | |
| **Defendants.** | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the court is Plaintiffs' Motion to Compel. [Dkt 142.] For the following reasons, the motion is granted in part and denied in part without prejudice.

.

**Background**

Plaintiffs are two certified classes of current and former inmates who have sued defendants Sheriff of Cook County ("Sheriff") and Cook County ("County") under 42 U.S.C. § 1983 alleging that the Cook County Jail ("Jail") denied adequate dental services to inmates who suffered acute dental pain, and thus defendants violated the Eighth and Fourteenth Amendments. The Fed. R. Civ. P. 23(b)(2) class consists of "[a]ll persons presently confined at the Cook County Jail who are experiencing dental pain and who have waited more than seven days after making a written request for treatment of that pain without having been examined by a dentist." (Mem. Op. and Order, Nov. 18, 2010 at 15.) [Dkt 68.] The Rule 23(b)(3) class is defined as "[a]ll inmates housed at Cook County Department of Corrections on or after January 1, 2007, who made a written request for dental

1

care because of acute pain and who suffered prolonged and unnecessary pain because of lack of treatment." (Mem. Op. and Order, Aug. 17, 2011 at 11.) [Dkt 93.]

Plaintiffs move to compel defendants to produce two requested sets of documents: identifying information about persons processed into the Cook County Jail after July 21, 2011, and "documents prepared in connection with budget requests for dental services at the Cook County Jail and/or Cermak Health Services for each year from 2006 to the present." (Pls.' Mot. at 1.) Defendants object to both requests.

## Discussion

Under the federal rules, subject to certain limitations, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "[T]he court must limit the frequency or extent of discovery otherwise allowed . . . if it determines that . . . the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2). A party may file a motion to compel disclosure or discovery. Fed. R . Civ. P. 37(a). "The burden rests upon the objecting party to show why a particular discovery request is improper." *Kodish v. Oakbrook Terrace Fire Protec. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006).

## I. Identifying Information

First, plaintiffs request that the Sheriff produce "in computer readable form" fourteen items of identifying information for "all persons processed into Cook County Jail from July 21, 2011 to December 31, 2012," specifically, the name, address, date of birth, home phone number, social security number, date of booking, booking number, inmate ID, release date, and the reason for

2

release of the processed person. (Pls.' Mot., Ex. 3.) Plaintiffs refer to this information as "the ESI," and state that defendants produced the ESI for prisoners processed into the Jail through July 20, 2011 in another inmate class action regarding property slips at the Jail, *Elizarri v. Sheriff of Cook County*, N.D. Ill. No. 07-cv-2427. (Pls.' Mot. at 2 n.1.) Plaintiffs also state that similar ESI has been produced in other cases involving treatment of detainees at the Jail. (Pls.' Suppl. at 3.) [Dkt 146.]

The Sheriff objects to the request as overly broad. (Sheriff Resp.) [Dkt 149.] The Sheriff states that the request includes "documentation for approximately 150,000 detainees during the relevant time period" while the estimated size of the classes over the class period is about 1,900 people. (Sheriff's Resp. at 2.) It is not clear from the Sheriff's response (which is not supported by any affidavit or other evidence) whether the 150,000 number refers to detainees during the entire class period (from 2007 to present) or the period covered by the subject request (July 21, 2011 to December 2012). It seems more likely to be the former than the latter.

As a compromise, the Sheriff offers to produce identifying information for those persons processed into the Cook County Jail after July 2011 who have filed dental grievances. (*Id*. at 2.) Plaintiffs counter that the Sheriff's offer is insufficient because the classes are defined as including those inmates who "made a written request," and, according to plaintiffs, "a detainee will only submit a grievance after the Jail has failed to respond to his (or her) written requests for dental care." (Pls.' Reply at 4.) [Dkt 152.] Furthermore, the Sheriff's offer seems at odds with the Sheriff's objection to producing dental grievances for the class because it would require an individual search of detainee files. (Pl.'s Mot. Ex. 4.) Sheriff's counsel's stated in correspondence that "there is no Electronically Stored Data (ESI) in the Sheriff's possession that contains detainee grievances delineated by the grievance subject matter." (*Id*.)

3

In sum, plaintiffs' request is overinclusive because not all people processed into the Jail will be members of the two classes, and the Sheriff's proposal is potentially underinclusive because there could be inmates who submitted a written request but never filed a grievance.

An unfortunate by-product of the same attorneys having been involved in a number of cases involving the Jail is the fact that they apparently forget that this court has had limited – or no – involvement in those other cases and does not have the background in this case that the attorneys do. The parties' briefs assume too much about this court's knowledge of what has happened in discovery in this and other cases. Furthermore, the mere fact that documents were produced in another case with a different claim and a different class does not, of itself, provide a basis for requiring production in this case. Notwithstanding the court's direction that the plaintiffs state "what, precisely, they are asking the court to compel defendants to do or produce" (Order, April 12, 2013 [dkt 145] ), the parties' briefs do not include important facts such as whether the information that plaintiff seeks *currently exists* in the format plaintiffs request ("computer readable form") or whether plaintiffs are seeking an order that would require the Sheriff *to create* a database of that information.

Other than the fact that similar production was ordered in other cases, plaintiffs' argument for the requested production is a conclusory statement that they need the updated information in order to evaluate the viability of prospective injunctive relief for the Rule 23(b)(2) class and to assess the "extent of defendants' liability for inadequate dental services" for the Rule 23(b)(3) class. (Pls.' Mot. at 5-6.) It is not clear what plaintiffs' counsel intends to do with the information or how it will be used in this case. Since neither party has informed the court whether the data currently exists in a "computer readable form," the court is reluctant to issue an order compelling the Sheriff to create a database that may not exist. Finally, the parties should engage in further discussions to see if there

4

is a way to provide information about actual class members short of a production that is plainly overinclusive. Plaintiffs' motion to compel is, therefore, denied without prejudice.

## II. Pre-Budget Documents

Cook County objects to the request for the pre-budget documents on two grounds. First, the County argues that the pre-budget documents are irrelevant. (County Resp. at 1.) [Dkt 149.] Second, the County has identified in a privilege log 287 pages of documents that the County states are responsive to plaintiffs' request but are subject to the deliberative process privilege. (*Id*. at 3 & Ex. B.) The court has reviewed *in camera* the documents in question.

The County's argument that the documents are not relevant is unpersuasive. In order to succeed on their constitutional claim against the County, plaintiffs must show that the County acted with deliberate indifference. As already noted by the District Judge, "'[d]eliberate indifference may be established by 'proving that there are such systemic and gross deficiencies in staffing, facilities, equipment, or procedures that the inmate population is effectively denied access to adequate medical care.'" (Mem. Op. and Order, Aug. 17, 2011 at 3 (quoting *Wellman v. Faulkner*, 715 F.2d 269, 272 (7th Cir. 1983)). To show deliberate indifference on the part of the County, plaintiffs must demonstrate that despite knowledge of the punitive conditions at the Jail, the County failed to provide the Sheriff with sufficient funds to alleviate the condition. *See Wilson v. Bd. of Commrs.*, 878 F. Supp. 1163, 1170 (N.D. Ill. 1995). Pre-budget documents prepared in connection to dental services are relevant to show whether the board was aware of the conditions at the Jail and are thus relevant to plaintiffs' deliberate indifference claim against the County.

As for the County's second argument, the deliberative process privilege "protects

communications that are part of the decision-making process of a governmental agency." *United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993). "Since frank discussion of legal and policy matters is essential to the decisionmaking process of a governmental agency, communications made prior to and as a part of an agency determination are protected from disclosure." *Id.* "The deliberative process privilege may be overcome where there is a sufficient showing of a particularized need to outweigh the reasons for confidentiality." *Id.* Relevant factors in this analysis include

> (1) the relevance of the documents to the litigation; (2) the availability of other evidence that would serve the same purpose as the documents sought; (3) the government's role in the litigation; (4) the seriousness of the litigation and the issues involved in it; and (5) the degree to which disclosure of the documents sought would tend to chill future deliberations within government agencies, that is, would hinder frank and independent discussion about governmental policies and decisions.

*K.L. v. Edgar,* 964 F. Supp. 1206, 1209 (N.D. Ill. 1997).

Plaintiffs correctly argue that the County has failed to invoke the deliberative process privilege adequately in that the County has failed to demonstrate the "the department head with control over the matter" has personally considered whether the documents should remain confidential. (Pls.' Reply at 2-3 (citing *Ferrell v. U.S. Dept. of Hous. & Urban Dev.*, 177 F.R.D. 425, 428 (N.D. Ill. 1988.)).) The County has not submitted an affidavit or any other proof showing that the responsible official, rather than the litigating attorney, has considered whether the documents should remain confidential.

Even if the County had properly invoked the deliberative process privilege, the plaintiffs' particularized need for the documents outweighs the County's reasons for confidentiality. The County argues that the documents must remain confidential because the "Bureau of Health Services

should [not] have to fear disclosure of facts or candid opinions regarding which area may be considered for reduction or increases in funding." (County Resp. at 5.) The County states "parties do not dispute the final numbers passed in the budget" and that "[p]laintiffs are looking for some analysis as to why or what was behind the County Board's final discretionary decision in reaching a budget each year." (*Id*. at 5-6.) That "analysis," however, is relevant to the plaintiffs' case against the County. As discussed above, the plaintiffs' theory is that the County allegedly approved the dental services budget despite knowing that it might create unconstitutional conditions at the Jail. Accordingly, plaintiffs' particularized need for the pre-budget documents that discuss dental services outweighs the County's need for secrecy because the County's deliberative process is directly at issue in this case.

However, in light of the sensitive nature of the documents and the fact that they deal with more than just dental services, the court will allow the County to defer producing the documents until June 26, 2013, in order to permit the County time to move, if it chooses, for leave to produce the documents in a redacted format or otherwise to seek a protective order.[1] If the County chooses to produce them in a redacted format, the County must provide the court with copies of the documents showing the proposed redactions no later than June 24, 2013.

## Conclusion

Plaintiffs' motion to compel [dkt 142] is granted in part and denied in part without prejudice: plaintiffs' motion to compel documents pursuant to its "Request for Supplemental Production of

---

[1] The documents include, for example, personal information about individual employees who were considered for layoff.

Electronical [sic] Stored Information" is denied without prejudice; plaintiff's motion to compel pre-budget documents that discuss dental services is granted, and defendants shall produce those documents by June 26, 2013.

**IT IS SO ORDERED.**

**Geraldine Soat Brown**
**United States Magistrate Judge**

**DATE: June 11, 2013**