UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN SMENTEK et. al., | ) | |
| Plaintiff, | ) | 09 C 529 |
| vs. | ) | Honorable Judge |
| | ) | Joan H. Lefkow |
| SHERIFF OF COOK COUNTY, | ) | |
| and COOK COUNTY, ILLINOIS | ) | Magistrate Judge Brown |
| Defendants. | ) | |

**DEFENDANT SHERIFF DART'S RESPONSE TO
PLAINTIFFS' MOTION TO COMPEL**

NOW COMES Defendant SHERIFF OF COOK COUNTY THOMAS DART, by and through his attorney ANITA ALVAREZ, through her Assistant State's Attorney Michael L. Gallagher, and present Defendant Sheriff Dart's Response in opposition to Plaintiffs' Motion to compel discovery:[1]

On December 17, 2013, Plaintiffs filed a "renewed" motion to compel after this Court ordered that "[a]ll fact discovery shall be noticed in time to be completed by 12/20/13. FIRM DATE." (Dkt 164, entered July 17, 2013). Plaintiffs' motion seeks a computer printout of the following information for all detainees that were housed at the Cook County Department of Corrections ("CCDOC") from July 21, 2011 to December 31, 2013. (Dkt 223 pg.4).

    a. Inmate ID
    b. Booking Number
    c. First Name

---

[1] On December 19, 2013, this Court ordered that Defendants' respond to Plaintiffs' renewed motion to compel by January 10, 2014. (Dkt 230). Plaintiffs' have subsequently filed both an objection to this Court's ruling on discovery and a preliminary injunction before the Honorable Judge Joan Lefkow. Defendants have been ordered to file responses to both those motions and inadvertently forgot to file a timely response to Plaintiffs' pending motion to compel. As a result, Defendant Sheriff Dart respectfully requests leave of this Court to file the above response instanter.

       d. Last Name
       e. Address
       f. City
       g. State
       h. Zip
       i. Date of Birth
       j. Home Phone
       k. SS Number
       l. Book Date
       m. Release Date
       n. Reason for Release (if any)

    Once again, Plaintiffs claim that the above information was previously provided in *Jackson v. Sheriff,* 06-cv-493, *Parish v. Sheriff,* 07-cv-4369, *Elizarri v. Sheriff,* 07-cv-2427, and therefore should be tendered in this matter. As Sheriff Dart stated in his previous response to Plaintiffs' initial motion to compel the claim that similar material was produced by Sheriff Dart in *Jackson v. Sheriff,* 06-cv-493 (class action on behalf of detainees swabbed and tested for HIV upon admission to CCDOC), *Parish v. Sheriff,* 07-cv-4369 (class action on behalf of detainees screened by mental health specialist upon admission to CCDOC), and *Elizarri v. Sheriff,* 07-cv-2427 (class action on behalf of detainees that inventoried personal property upon admission to CCDOC) is both misleading and irrelevant. The materials produced in the above class-actions were arguably relevant because the purported classes included *all detainees* processed and detained in the Jail during the relevant time period. Considering each and every detainee was swabbed, medically screened during processing into the Jail, or stored personal property upon admission into the Jail, Defendant provided *limited* information regarding those class members.

    In stark contrast, the present case only includes a Fed. R. Civ. P. 23(b)(2) class consisting of "[a]ll persons presently confined at the Cook County Jail who are experiencing dental pain and who have waited more than seven days after making a written request for treatment of that pain without having been examined by a dentist" and 23(b)(3) class defined as "all inmates

housed as the Cook County Department of Corrections on or after January 1, 2007, who made a written request for dental care because of acute pain and who suffered prolonged and necessary pain because of lack of treatment." (Mem. Op. and Order, Aug. 17, 2011 pg . 11).  As discovery and Defendants record have determined, the current class consists of approximately 2,000 potential class members, not hundreds of thousands as with *Jackson, Parish* and *Elizarri*. As this Court has previously held, Plaintiffs request for documentation for approximately 250,000 detainees during the relevant time period is "over inclusive because not all people processed into the Jail will be members of the two classes…"[2] (Dkt 157 at 4).

Plaintiffs also argue that the requested information is relevant because "Plaintiffs will also use the identifying information about persons who entered the Jail from July 21, 2011 through December 31, 2013 to prepare statistical evidence as a basis for potential expert opinion to support their claims of deliberate indifference. This statistical evidence may include analyses of the number of persons who enter and leave the Jail each day, the length of time each person spends in the Jail … the relationship, if any, between the number of persons in the Jail and the number of dentists, and the age, length of stay, and number of persons leaving the Jail for the Illinois Department of Corrections." (Dkt 228 pg.4)

Plaintiffs' argument that they need information to contrast the CCDOC daily population and average length of detainment with the number of dental staff is not without merit.  Sheriff Dart understands that Plaintiffs' will argue that because CCDOC had a daily population of X, and that average length of detainment was Y, then the minimum dental staffing levels should have been Z.  However, Plaintiffs' claim that they need fourteen (14) different identifying factors

---

[2] CCDOC admits approximately 100,000 detainees annually. (Last visited on January 13, 2014 http://www.cookcountysheriff.org/ doc/doc_main.html).  As a result, Plaintiff is seeking fourteen (14) categories of identifying information for the approximately 250,000 detainees that were admitted into CCDOC during the two-and-half year time period from July 21, 2011 until December 31, 2013.

for approximately 250,000 detainees during the relevant time period to make this argument is baseless. In an attempt to compromise, the Sheriff agrees to provide the following information: 1) the monthly and yearly detainee population of CCDOC in 2011, 2012 and 2013; 2) the "average" and "median" length of detainment at the CCDOC in 2011 and 2012.[3] Plaintiff will be able to use this information to conduct the arguably relevant analysis without subjecting Sheriff Dart to this overly broad and unduly burdensome request on the eve of fact discovery closing.

WHEREFORE, for the foregoing reasons, Defendant SHERIFF OF COOK COUNTY THOMAS DART requests that the Plaintiffs' Motion to compel be denied. Defendants pray that this Honorable Court enter a finding that Plaintiffs are not entitled to the relief requested in the Motion to Compel, and that this Court grant other such relief to Defendants as it deems proper and just.

Respectfully submitted
ANITA ALVAREZ
State's Attorney of Cook County

*/s/ Michael L. Gallagher*
Michael L. Gallagher
Assistant State's Attorney
Torts / Civil Rights Litigation Section
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-3124

---

[3] The undersigned counsel makes this offer of compromise with the initial understanding that the above information is currently available. Counsel will advise the court as soon as possible if his understanding is inaccurate.

4