**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN SMENTEK et. al., | ) | |
| | ) | |
| Plaintiff, | ) | 09 C 529 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Joan H. Lefkow |
| SHERIFF OF COOK COUNTY, | ) | |
| and COOK COUNTY, ILLINOIS | ) | Magistrate Judge Brown |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO STRIKE THE EXPERT REPORT INCLUDED WITH PLAINTIFFS REPLY AND FOR LEAVE TO FILE A SURREPLY TO PLAINTIFFS' APPLICATION FOR A PRELIMINARY INJUNCTION**

NOW COME the Defendants, SHERIFF OF COOK COUNTY THOMAS DART and COOK COUNTY, by and through their attorney ANITA ALVAREZ, through her Assistants State's Attorneys, Michael L. Gallagher for the Sheriff, and Maureen O. Hannon for the County and present Defendants' Motion to Strike the Plaintiffs Expert Report Attached to the Reply brief and For Leave to file the Sur Reply in further opposition to Plaintiffs' motion for a preliminary injunction hearing:

1. On January 6, 2014 Plaintiffs filed a Motion for a Preliminary and Permanent Injunction seeking this Court to Order Cook County to make certain immediate changes to the manner in which it provides health and dental care pending the final resolution of this case. (Dkt #236)

2. As evidence in support of this motion Plaintiffs attached 53 "declarations" of detainees who allegedly did not get timely dental care. The disclosure of these 53 declarant statements was made after the December 20, 2013 close of fact discovery. (Dkt# 170) 2013

1

setting discovery) As part of the relief requested in the motion Plaintiffs asked for the medical records of these individuals to be produced.

3. There was no expert report attached to the Motion by the Plaintiffs, nor was there a notice that Plaintiffs had been preparing an expert report. Rather, Plaintiffs waited until the Defendants had filed their Response to the injunction to tender the expert report.

4. The expert report included with the Reply Brief rather than the underlying Motion, includes opinions that could have and should have been included with the original brief rather than blind-siding the defendants with substantive evidence. A moving party may not raise new issues in the reply brief. "When an issue is raised for the first time on reply, the adverse party typically has no opportunity to respond and the record on that issue is developed insufficiently for consideration." *Aircraft Gear Corp. v. Marsh*, 2004 U.S. Dist. LEXIS 19859 (J. Coar, N.D. Il. 2004) citing *Shurr v. A.R. Siegler, Inc.* 70 F. Supp 2d 900, 912(E.D. Wis. 1999). See also, *Beck v. University of Wisconsin Bd of Regents,* 75 F.3d. 1130, 1134 (7th Cir. 1996).

5. Moreover, in addition to being blindsided, the expert report analyzes dental records of previously not disclosed records. Although counsel for defendant addressed the first four of the declarants' dental care it was done by counsel not a non-disclosed dental expert.(Dkt #251, Response at pp9-12) and the referenced pages of each individual were attached.[1]

6. In stark contrast to the analysis of the Plaintiffs dentist, any comment by counsel for defendant was substantiated by the medical records which were attached as exhibits. Plaintiffs expert attached no substantiation or proof on the documents that he alleged were given to him with numbers preprinted by Plaintiff's Counsel. The opinion should be stricken.

---

[1] The Defendants brief did have affidavits from medical personnel regarding Larry Williams but his records were in the possession of both parties and his treatment was first raised by the Plaintiffs. Therefore the affidavits pertaining to Mr. Williams were not a surprise to Plaintiffs counsel and he had an opportunity respond in his Reply.

7. When a party intends to introduce an expert witness, the party must comply with the disclosure requirements in Rule 26(a)(2) if the expert witness "is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). In pertinent part, Rule 26(a)(2)(B) provides: "The [written] report must contain: (i) a complete statement of all opinions the witness will express and the *basis and reasons* for them; (ii) the data or other information considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them . . . ." *Id*. (emphasis added). The purpose of the report is to provide adequate notice of the substance of the expert's forthcoming testimony and to give the opposing party time to prepare for a response." *Meyers v. Amtrak*, 619 F.3d 729, 734 (7th Cir. 2010) *citing Walsh v. Chez*, 583 F.3d 990, 993 (7th Cir. 2009); *Jenkins v. Bartlett*, 487 F.3d 482, 487 (7th Cir. 2007).

8. Finally, FRCP 37(c)(1) provides that, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." (emphasis added). The Plaintiffs failed to follow FRCP 26(a) by not submitting the report into discovery and therefore they should not be able to use it to support their claim for injunctive relief.

WHEREFORE, for the foregoing reasons, Defendants COOK COUNTY, and the SHERIFF OF COOK COUNTY, request that the Expert Report attached to Plaintiffs' Reply in Support of the Motion for a preliminary injunction hearing be stricken and that the Defendants be given leave to file a Sur-Reply which is attached hereto.

Respectfully submitted,
ANITA ALVAREZ
State's Attorney of Cook County

| */s/ Michael L. Gallagher* | */s/Maureen O. Hannon* |
|---|---|
| Michael L. Gallagher | Maureen O. Hannon |
| Assistant State's Attorney | Assistant State's Attorney |
| Torts / Civil Rights Litigation Section | Conflict Counsel Unit |
| 500 Richard J. Daley Center | 69 W. Washington St. Ste 2030 |
| Chicago, Illinois 60602 | Chicago, Illinois 60602 |
| (312) 603-3124 | (312) 603-1424 |