**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN SMENTEK, et al., | ) | |
| Plaintiffs, | ) | **Case No. 09 C 529** |
| | ) | |
| v. | ) | **District Judge Joan H. Lefkow** |
| | ) | |
| SHERIFF OF COOK COUNTY and | ) | **Magistrate Judge Geraldine Soat Brown** |
| COOK COUNTY, ILLINOIS, | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**ORDER**

Plaintiff's Renewed Motion to Compel [228] is granted in part and denied in part as follows: The Sheriff shall provide to plaintiffs' counsel statistics showing the monthly and yearly detainee population of Cook County Department of Corrections in 2011, 2012 and 2013, and the average and median length of detainment at the Cook County Department of Corrections in 2011 and 2012. In all other respects, the motion is denied.

**STATEMENT**

In their Renewed Motion to Compel, the plaintiffs seek an order requiring the Sheriff of Cook County to produce fourteen items of identifying data about all detainees housed at the Cook County Department of Corrections ("CCDOC" or "the Jail") from July 21, 2011, to December 31, 2013. (Pls.' Renewed Mot.) [Dkt 228.] The Sheriff has filed a response (Sheriff's Resp.) [dkt 240], and the plaintiffs have filed a reply (Pls.' Reply) [dkt 245]. For the following reasons, the motion is granted in part and denied in part.

**Background**

*Plaintiffs' Original Motion to Compel*

Plaintiffs' original motion to compel, filed in April 2013, sought, among other things, fourteen items of identifying information about persons processed into the Cook County Jail from July 20, 2011, to December 30, 2012. (Pls.' [original] Mot. to Compel.) [Dkt 142.][1] The Sheriff objected, contending that plaintiffs' motion asked for data about inmates who were not part of the two classes certified in this case, but the Sheriff offered to produce identifying information for persons processed into the Jail after July 2011 who filed dental grievances. (Sheriff's Resp. [original] Mot. Compel at 2.) [Dkt 149.] Plaintiffs did not accept that offer. (Pls.' Reply Mem. [original] Mot. Compel at 4-5.) [Dkt 152.]

The court found that the plaintiffs' request was "overinclusive because not all people processed into the Jail will be members of the two classes." (Mem. Opinion and Order, June 11, 2013 at 4.) [Dkt 157.] It also found that "the Sheriff's proposal [was] potentially underinclusive because there could be inmates who submitted a written request but never filed a grievance." (*Id*.) In addition, because the parties did not advise the court whether the data currently exists in a "computer readable form," the court was "reluctant to issue an order compelling the Sheriff to create a database that may not exist." (*Id*.) Accordingly, the court directed the parties to "engage in further discussions to see if there is a way to provide information about actual class members short of a production that is plainly overinclusive." (*Id*. at 4-5.) Plaintiffs' motion was thus denied without prejudice. (*Id*. at 7-8.)

---

[1] Specifically, the plaintiffs sought the name, address, date of birth, home phone number, social security number, date of booking, booking number, inmate ID, release date, and the reason for release of the processed person. (Pls.' [original] Mot. to Compel, Ex. 3.)

*Plaintiffs' Renewed Motion to Compel*

Six months later – three days before close of fact discovery – on December 17, 2013, plaintiffs filed a renewed motion to compel directed at the same fourteen items of identifying detainee data that were the subject of their first motion to compel, but adding an additional year, from July 21, 2011, to December 31, 2013. (Pls.' Renewed Mot. at 2.)

In response to the court's earlier question of whether the information currently exists in an electronic format, plaintiffs once again assert, without any citation to evidence, that it does. (*Id.*) They state that the Sheriff produced similar information in computer readable form in other cases, although none of the productions they cite cover the time period they now seek. (*Id.*) On the other hand, the Sheriff's response does not deny that the information currently exists in an electronically stored format. (*See* Sheriff's Resp.)[2]

The central question on the motion is whether the Sheriff should be required to provide additional information in light of the lateness of the renewed motion, and, if so, what information.

In support of their renewed motion, plaintiffs contend that the identifying information is reasonably calculated to lead to the discovery of admissible evidence because they intend to "solicit information from a representative sample of those persons who entered the Jail concerning responses by the Jail to any health service request complaining about dental pain." (Pls.' Mot. at 4.) They intend to use the complete set of identifying information "to prepare statistical evidence as a basis

---

[2] The Sheriff acknowledges that it produced similar information in *Elizarri v. Sheriff,* 07 C 2427 (N.D. Ill.), as well as two other class actions, in which, unlike this case, the class involved all detainees at the Jail: *Jackson v. Sheriff*, 06 C 493 (N.D. Ill.) (a class action on behalf of detainees who were swabbed and tested for HIV upon admission to the Jail), and *Parish v. Sheriff*, 07 C 4369 (N.D. Ill.) (a class action on behalf of detainees who were screened by a mental-health specialist upon admission to the Jail). (Sherriff's Resp. at 2).

for potential expert opinion to support their claims of deliberate indifference." (*Id.*)

The Sheriff again opposes the motion, contending that the request is overbroad because the classes certified in this case consist of approximately 2,000 individuals, but the motion seeks information about approximately 250,000 individuals were detained at the Jail during the time period. (Sheriff's Resp. at 3.) The Sheriff, however, acknowledges that plaintiffs intend to "argue that because CCDOC had a daily population of X, and that average length of detainment was Y, then the minimum dental staffing levels should have been Z." (*Id.*) Thus, to the extent that this information is available, the Sheriff offers to provide "the monthly and yearly detainee population of CCDOC in 2011, 2012 and 2013" and "the 'average' and 'median' length of detainment at the CCDOC in 2011 and 2012." (*Id.* at 4.)

Plaintiffs, in reply, argue that the Sheriff's proposed statistical information is inadequate because it does not allow them to survey persons entering the Jail between July 21, 2011, and December 31, 2013. (Pls.' Reply at 2.)

## Discussion

Plaintiffs' renewed motion appears to reflect a belief that discovery in this case is open-ended, at least as long as plaintiffs seek injunctive relief. That belief is evidenced by the fact that the original motion was based on a discovery request served in February 2013 seeking information about inmates admitted through December *2012,* while the renewed motion filed in December 2013 – based on the same document request – now expands to December *2013.*[3]

---

[3] The original motion sought records for persons processed into the Jail between July 21, 2011, and December 31, 2012, which was the scope of the document request served in February 2013. (Pls.' [original] Mot. Compel, Ex. 3.) [Dkt 142.] The renewed motion, filed December 17, 2013, seeks information about persons processed into the Jail "after July 20, 2011" with no specified end date. (Pls.' Renewed Mot. at 1.) In their reply, plaintiffs state they seek

Plaintiffs argue that the specific information about detainees will lead to the *discovery* of admissible evidence, in the form of responses to a survey. Fact discovery is closed. It closed on December 20, 2013, as directed in the order entered six months earlier. (Order, July 17, 2013.) [Dkt 170.] Three days before the close of fact discovery, plaintiffs brought this motion to compel the production of more than two years of detainee information in order to initiate and conduct a survey. That is incompatible with the schedule in this case in which fact discovery is closed and the hearing on the motion for preliminary injunction and bench trial on the merits are set for June 2, 2014. (Order, Mar. 6, 2014.) [Dkt 269.]

The court concludes that plaintiffs have not provided a reason to compel the production of specific individual detainee information. Instead, the court finds that the Sheriff's offer to provide statistical information about the detainee population is a reasonable and sufficient response to plaintiffs' request.[4]

### Conclusion

Accordingly, Plaintiff's Renewed Motion to Compel is granted in part and denied in part as follows: The Sheriff shall provide to plaintiffs' counsel statistics showing the monthly and yearly detainee population of Cook County Department of Corrections in 2011, 2012 and 2013, and the average and median length of detainment at the Cook County Department of Corrections in 2011

---

information for the period July 21, 2011, to December 31, 2013. (Pls.' Reply at 1.) Plaintiffs do not suggest that the renewed motion is based on a different discovery request from the one served in February 2013.

[4] The Sheriff's response noted that the offer was based on the Sheriff's counsel's understanding that the statistical information is currently available. (Sheriff's Resp. at 4 n. 3.) Because the court has not heard otherwise from the Sheriff's counsel, the court assumes that counsel's understanding was correct.

and 2012.  In all other respects, the motion is denied.

So ordered: March 25, 2014                          /s/Geraldine Soat Brown
                                                    United States Magistrate Judge