# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN SMENTEK, et al.,<br>    Plaintiffs, | Case No. 09 C 529 |
| v. | District Judge Joan H. Lefkow |
| SHERIFF OF COOK COUNTY and<br>COOK COUNTY, ILLINOIS,<br>    Defendants. | Magistrate Judge Geraldine Soat Brown |

## MEMORANDUM OPINION AND ORDER

Geraldine Soat Brown, United States Magistrate Judge

Defendant Cook County's Motion for Protective Order to Stay Compliance with Request for Records [226] and Plaintiffs' Motion to Vacate Order of December 19, 2013 [247] are both granted in part and denied in part as set out further herein.

## Background

On October 30, 2013, this court entered an order granting plaintiffs' request for additional dental and medical records for detainees in the Cook County Department of Corrections ("the Jail") but limiting the number from the plaintiffs' requested 167 detainees to a sampling totaling 33 additional detainees, in addition to the 95 detainees whose medical and dental records had previously been produced. (Order, Oct. 30, 2013.) [Dkt 202.][1] One of the reasons for limiting the required

---

[1] Plaintiffs' objection to that decision was overruled by the District Judge. (Order, Mar. 4, 2014.) [Dkt 267.]

production was the undisputed burden on the County's resources to locate, pull and copy inmate medical and dental records.[2] Defendants presented unrebutted evidence that it takes between 20 minutes and two hours to pull and scan each detainee's medical and dental records. (*Id*. at 3, citing affidavit of Linda Kampe, Director of Health Information Management for Cermak Health Services.)

On November 7, 2014, a week after that ruling, plaintiffs' counsel served another document request for an additional 276 grievances that had been filed by 141 detainees plus dental records for those 141 detainees. (Pls.' Renewed Mot. to Extend Disc. at 3 [dkt 210]; Cook County's Resp., Ex D [dkt 216].) Two weeks later, based in part on that request, Plaintiff moved for an extension of the discovery cut-off, observing that the recently served discovery could not be completed by the cut-off date, December 20, 2013. (Pls.' Renewed Mot. to Extend Disc. at 3.)[3]

Meanwhile, plaintiffs' counsel also began to send requests for batches of medical records of detainees directly to Cermak Health Services of Cook County ("Cermak"). (Defs.' Mot. Prot. Order, Ex. E.) Plaintiffs' counsel sent two letters on November 14, 2013, each asking for medical records for 12 detainees. (*Id*.) The next day, plaintiffs' counsel sent two more letters, requesting medical records for 9 and 12 more detainees. (*Id*.) Within a week, plaintiffs' counsel had requested medical records of 78 detainees. (*Id*.)

Cook County then filed its motion for a protective order, asking that Cermak not be compelled to respond to the requests. (Defs.' Mot. Prot. Order.) Cook County argued that plaintiffs'

---

[2] Although plaintiffs requested dental records, medical records as well as dental records are necessary to give a complete picture of the treatment any detainee received for dental complaints. (Order, Mar. 4, 2014 at 3-4.)

[3] This court denied the motion to extend time for discovery. (Order, Dec. 19, 2013.) [Dkt 233.] Plaintiffs' objections to that decision were overruled by the District Judge. (Order, Mar. 4, 2014 at 6.)

2

requests for so many medical records on the heels of the order denying their discovery request for dental/medical records demonstrated that the requests were an effort to circumvent the court's ruling limiting discovery. Considering the sequence of events, and in light of the burden on Cermak to respond (78 requests x 20 minutes to 2 hours = between 26 to 156 hours of Cermak employees' time), this court granted the motion for protective order on an interim basis pending briefing of the underlying issues. (Order, Dec. 19, 2013.) [Dkt 232.] Plaintiffs then filed their motion to vacate the interim order (Pls.' Mot. Vacate [dkt 247]), which the court took as part of the briefing on the issue. (Order, Jan. 24, 2014.) [Dkt 254.] Apparently, sometime after Cook County filed its motion, plaintiffs' counsel requested some additional detainees' records. (*See* Pls.' Mot. Vacate, Ex. 1 (listing names not included on the letters attached to Cook County's motion).)

Plaintiffs filed a motion for preliminary injunction on January 6, 2014. [Dkt. 236.] Attached as a group exhibit to that motion are 53 declarations from persons who were detainees at the Jail in 2013. (Dkt 236, Ex. 11.) The declarations are formulaic; the declarants state that they filed grievances after making health service requests about dental pain. The declarations are dated from December 12 through December 26, 2013. (*Id*.)

None of the declarants are among the 195 detainees for whom plaintiffs requested dental/medical records in August 2013. Forty declarants are on the list of 141 detainees for whom plaintiffs sought dental/medical records in the November 7, 2013 document request. A number of the declarants are among those whose medical records plaintiffs' counsel requested from Cermak in November 2013.

Plaintiffs' motion to vacate suggests that the interim order prevents plaintiffs' counsel from investigating claims of clients other than class members in this case, citing one example, Jai

3

Crutcher. (Pls.' Mot. Vacate at 3.) The request for Mr. Crutcher's records was apparently part of one of the batch requests for medical records including those of class members in this case. (*Id.*, Ex. 1.) Both Cermak's response and the response of Cook County's counsel state that if plaintiffs' counsel is looking for records of detainees other than for this case, plaintiffs' counsel should advise. (*Id.*, Exs. 1 and 3.) There is no indication that plaintiffs' counsel took up that suggestion.

**Discussion**

Plaintiffs claim that they have "an unconditional right" under the Illinois Hospital Records Act, 735 Ill. Comp. Stat. § 5/8-2001, to receive a copy of the medical records, and that this court lacks jurisdiction to limit their ability to do so because their requests to Cermak are not discovery but rather investigation, for which they cite *American Bank v. City of Menasha*, 627 F.3d 261 (7th Cir. 2010). (Pls.' Resp. Order at 1) [Dkt 239.] The Illinois Hospital Records Act provides that a private or public health care facility shall, upon the presentation of a valid authorization for release of records signed by the patient or the patient's legally authorized representative, allow the patient or representative to examine the patient's treatment records and permit copies of such records to be made by his or her health care representative or authorized attorney. 735 Ill. Comp. Stat. § 5/8-2001(b). That right is not, however, "unconditional," as plaintiffs claim. The Act requires a valid authorization, and also requires that the person making the request reimburse the facility "at the time of such copying for all reasonable expenses," including a handling charge not to exceed $20 for processing the request and other charges at rates specified in the Act. *Id.* at § 5/8-2001(c).[4]

---

[4] The regulations under Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936, also provide that the patient must pay the reasonable expenses of copying medical records. 45 C.F.R. § 164.524(c)(4).

Plaintiffs' counsel's letters to Cermak requesting records state that waivers to release medical records are enclosed, and the court will assume, *arguendo*, that valid authorizations were enclosed, although none are included with the motion. Plaintiffs' counsel's letters do not, however, refer to tendering payment for expenses as set out in the Act, and so the interim order raised the question of whether plaintiffs' counsel had tendered payment to Cermak for the requested records. (Order, Dec. 19, 2013 at 11.) Plaintiffs' counsel has refused to answer that question, but it is relevant to the determination of whether plaintiffs' requests are part of a legitimate investigation or an attempt to circumvent the discovery limitations in this case.

The specific fee and cost schedule set out in the Illinois Hospital Records Act is an integral part of the procedure under the Act. That fact is reinforced by the Illinois Supreme Court's recounting, in *Solon v. Midwest Medical Records Assn.*, 925 N.E. 2d 1113 (Ill. 2010), of the legislative history of an amendment to the Act regarding the $20 handling charge. The Court observed that there is an "abundance of legislative history" regarding that $20 charge, which "was expressly agreed upon by competing interested parties after lengthy negotiations." *Id*. at 1119, 1121. During the debates on the amendment, legislators recounted that the fee schedule, including "*an initial fee that you have to pay, a handling charge of [$20]*," was the result of negotiations and compromise among the trial lawyers, medical society, hospital society and representatives of companies that copy records. *Id.* at 1120 (quoting 92d Ill. Gen. Assem., Senate Proceedings, April 5, 2001, at 226-27 (statements of Senator Cullerton, emphasis added by Court in *Solon*)). The Court further observed, "Representative Turner confirmed that the $20 handling charge could be deemed an 'order fee' or a 'deposit fee' at the time the records were requested." *Solon*, 925 N. E. 2d at 1120 (citing 92d Ill. Gen. Assem., House Proceedings, May 8, 2001, at 46). Representative Turner also

5

said, "'[T]he purpose of this is not to assist lawyers, it's not to assist doctors. It's simply to assist patients . . . so that they can get copies of their own records at a reasonable cost.'" *Solon*, 925 N. E. 2d at 1120 (quoting 92d Ill. Gen. Assem., House Proceedings, May 8, 2001, at 47-48).

Thus, the General Assembly did not create an "unconditional" right to demand production of medical records. Plaintiffs must pay the required statutory fee and charges for all of the records they demand. For the 78 detainees plaintiffs have requested, the $20 handling charge alone totals $1,560, without considering the mandatory statutory per page copying cost, which will be substantial. For example, Cook County indicates that the medical records of Bernard Crenshaw, whose records are part of plaintiffs' counsel's November 14 letter, total more than 7,000 pages. (Cook County's Resp. Pls.' Objections at 5.) [Dkt 284.]

Plaintiffs cite *American Bank,* 627 F.3d at 265, in which the Seventh Circuit distinguished discovery in litigation from a party's use of a state's public records law to investigate a client's claim. The Seventh Circuit noted an important distinction between the two processes: using state statutes to investigate requires paying the costs.

> For as is typical of public records statutes, the costs associated with responding to requests for access to public records under Wisconsin's public records law are charged to the person making the request. . . . In any event there is no expense to the defendant, as he doesn't have to rummage through his files to respond to a demand for information – at least *qua* defendant; . . . .

*Id.* at 266.

Plaintiffs' counsel's refusal even to discuss whether they have tendered the statutory payment supports the conclusion that they are not using their requests in order to investigate the claims of individual clients but as a way of getting the discovery they were unable to get in this case.

The time frames set out in the Act further demonstrate that it was not intended for the type

6

of "batch request" plaintiffs' counsel attempted to use here. Within the course of one week, plaintiffs' counsel requested 78 detainees' records. Using Ms. Kampe's undisputed time estimate, it could take as much as 156 hours to pull and scan those records. Cermak could only comply with plaintiffs' request within the presumptive 30 days provided in the Act by devoting an employee *full time to nothing but* fulfilling the demand plaintiffs' counsel made in a single week. That could not possibly be the intended purpose of the Act, which, as Representative Turner said, is to assist patients, not lawyers.

The circumstances of plaintiffs' counsel's batch requests – including the timing, the number of requested records, the particular detainees whose records were requested, the apparent failure to tender the required payment, and the "batch" nature of the requests themselves – point to one conclusion: the batch requests were a direct response to the October 30, 2013 order limiting the medical/dental records defendants are required to produce in discovery, which presaged the likely failure of plaintiffs' November 7, 2013 request for additional 141 detainees' records. The court concludes that the batch requests were, as Cook County argued, an attempt to evade the limitations of discovery in this case.

There is no dispute that an attorney representing a client who has signed a valid authorization and who tenders the required costs and fees is entitled to use the Illinois Hospital Records Act to obtain the client's medical records. But the Illinois Hospital Records Act was not intended as a back-door form of discovery to circumvent court-ordered limitations on discovery, which is what plaintiffs attempted here. Accordingly, plaintiffs' counsel's batch requests to Cermak served in November and December 2013 are improper attempts at discovery and are quashed.

A word is required on plaintiffs' protests that, after the plaintiffs filed the 53 declarations in

7

support of their motion for preliminary injunction, Cook County obtained the medical records of the first 14 of those declarants and provided the records to plaintiffs' counsel. (Pls.' Objections to Magistrate's Order at 3.) [Dkt 270.] Plaintiffs' protests are not well taken because plaintiffs themselves, in their motion for preliminary injunction, requested that Cook County provide the records for the 53 declarants. (Cook County's Resp. Pls.' Objections at 5 (citing Pls.' Mot. Prel. Inj. at 1).)

Plaintiffs' problems with discovery about the medical/dental records are of their own making. To recap, in July 2013, a firm discovery cut-off date was set after a number of extensions; that date was December 20, 2013. Instead of heeding the District Judge's ruling that representative evidence would be appropriate for establishing liability (Order, Aug. 17, 2011 at 5) [dkt 93], plaintiffs' counsel thereafter embarked on requesting large numbers of detainee medical/dental records, in addition to the records that had previously been produced. In August 2013, plaintiffs requested records for 195 detainees, eventually reduced to records for 167 detainees. A week after the court pared that request down to records for 33 detainees, plaintiffs served a request for records for 141 detainees, virtually the same number the court had just rejected as excessive, and almost *three times* more than the number of declarations plaintiffs eventually used to support their motion for preliminary injunction. Plaintiffs' counsel expended time and resources to appeal this court's denial of that request, but there is no evidence on the record before this court that during that time plaintiffs' counsel ever conferred with Cook County to narrowed their request for 141 to the 53 that plaintiffs eventually used in the preliminary injunction motion.

A great deal of time and effort was expended on discovery related to the medical/dental records, including significant motion practice, yet realistically, not every one of the detainees'

8

grievances and records can be presented in evidence. A targeted, focused approach to discovery rather than plaintiffs' broad stroke, shotgun approach could well have saved considerable time, and effort on the part of all parties, including plaintiffs.

## CONCLUSION

For the foregoing reasons, Cook County's motion for protective order and plaintiffs' motion to vacate are both granted in part and denied in part, as follows: the requests for medical records served by plaintiffs' counsel on Cermak Health Services of Cook County in November and December 2013 are quashed and Cermak is not required to honor those requests or any future batch requests (that is, requests for more than one detainee's records) that include a request for records of any persons listed in plaintiffs' November 7, 2013 request for production of documents. The interim order is lifted in that Cermak is not prohibited from providing records pursuant to the Illinois Hospital Records Act with respect to any requests for documents presented by plaintiffs' counsel that comply with the requirements of that Act including a valid authorization and appropriate fees and costs.

IT IS SO ORDERED.

_Geraldine Soat Brown_
Geraldine Soat Brown
United States Magistrate Judge

April 8, 2014