IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| John Smentek, et al., | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | No. 09-cv-529 |
| *-vs-* | ) | |
| | ) | *(Judge Lefkow)* |
| Sheriff of Cook County and Cook County, Illinois | ) ) | |
| | ) | |
| *Defendants.* | ) | |

## PLAINTIFFS' OBJECTIONS TO MAGISTRATE'S ORDER OF MARCH 25, 2014 (ECF #282)

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, plaintiffs hereby object to the order of the Magistrate Judge entered on March 25, 2014. (ECF #282.) As set out below with greater specificity, the challenged order is based on clearly erroneous findings of facts, is contrary to law, and reifies defendants' one-sided access to relevant information.

### I. The Requested Discovery

Defendant Sheriff of Cook County maintains in a computer database a variety of information about each person processed into the Cook County Jail. The Sheriff used that database to produce in computer readable form the following identifying information in *Jackson v. Sheriff*, 06-cv-493 (persons entering the Jail from January 27, 2005 through January 25, 2007), *Parish v. Sheriff*, 07-cv-4369 (those entering the jail from August 3,

2005 through January 29, 2009), and *Elizarri v. Sheriff*, 07-cv-2427 (those

leaving the jail after June 5, 2005, or still in custody on July 20, 2011):

> Inmate ID
> Booking Number
> First Name
> Last Name
> Address
> City
> State
> Zip
> Date of Birth
> Home Phone
> SS Number
> Book Date
> Release Date
> Reason for Release (if any)

The plaintiff class in this case seeks to update the identifying

information the Sheriff produced in *Elizarri* with the same identifying

information for July 21, 2011 through December 31, 2013.

## II.    The Relevancy of the Requested Information

The supplemental identifying information is reasonably calculated to

lead to the discovery of admissible evidence:

1.    The class seeking prospective injunctive relief consists of "[a]ll

persons presently confined at the Cook County Jail who are experiencing

dental pain and who have waited more than seven days after making a

written request for treatment of that pain without having been examined by a dentist."

2.    A detainee makes a "written request for treatment of that [dental] pain" by completing a "health service request" and placing it into the "health service request" box.

3.    Defendants have represented that it is impossible to produce the "health service request" forms without going through each detainee's complete medical records, and that this search must be conducted by hand, rather than by computer. Plaintiffs agree that it would be unduly burdensome to review by hand each detainee's medical record to see if he (or she) had submitted a "health service request" complaining about dental pain.

4.    Plaintiffs therefore intend to solicit information from a representative sample of those persons who entered the Jail concerning responses by the Jail to any health service request complaining about dental pain. Plaintiffs will use the requested identifying information about persons who entered the Jail for the period of July 21, 2011 through December 31, 2013 to select this representative sample. Plaintiffs may use age, length of time at the jail, and address in selecting this representative sample.

5. Plaintiffs will also use the identifying information about persons who entered the Jail from July 21, 2011 through December 31, 2013 to prepare statistical evidence as a basis for potential expert opinion to support their claims of deliberate indifference. This statistical evidence may include analyses of the number of persons who enter and leave the Jail each day, the length of time each person spends in the Jail, the age of those entering the Jail, the address of persons entering the Jail, the relationship, if any, between the number of persons in the Jail and the number of dentists, and the age, length of stay, and number of persons leaving the Jail for the Illinois Department of Corrections.

### III. Defendants' Objections to Producing the Updated Identifying Information

Defendants objected to producing updated identifying information because "not all people processed into the Jail will be members of the two classes." (ECF #240 at 3.) Defendants did not assert that it would be unduly burdensome to produce the requested information. Nor did defendants assert any privilege to producing the requested information. Finally – because defendants claim to be unable to access health care requests without going through each detainee's file – defendants did not claim that there is any practical method, other than to provide notice to *all*

-4-

persons who entered the jail, to determine which detainees made written complaints of dental pain.

Rather than provide plaintiffs with the requested data, defendants offered to provide "1) the monthly and yearly detainee population of CCDOC in 2011, 2012 and 2013; 2) the 'average' and 'median' length of detainment at the CCDOC in 2011 and 2012." (ECF #240 at 4.) Defendants conditioned this offer on "the initial understanding that the above information is currently available." (ECF #240 at 4 n.3.) This offer does not provide plaintiffs with any ability to test defendants' computations. Nor does defendants offer allow plaintiffs to present statistics about the age of those entering the Jail, the address of persons entering the Jail, the relationship, if any, between the number of persons in the Jail and the number of dentists, and the age, length of stay, and number of persons leaving the Jail for the Illinois Department of Corrections.

## IV. Defendants' Use of Statistical Evidence in Opposing Plaintiffs' Application for a Preliminary Injunction

Defendants relied on statistical evidence in their opposition to plaintiffs' application for a preliminary injunction. ECF #251-4 is an affidavit from Matthew Burke, Assistant General Counsel for the Cook

County Sheriff's Office. Mr. Burke offers evidence about the Jail population in 2012:

> 2. According to Cook County Sheriff's records and research conducted by Loyola University, the CCDOC average annual daily Jail population in 2012 was 9,451 detainees. During 2012, approximately 25% of the detainee population was housed in the CCDOC for only 2 days or less; approximately 50% of the detainee population was housed for only 12 days or less, and approximately 60% of the detainee population was housed for 16 days or less.

Defendants have not provided plaintiffs with the data from which the statistics reported by Mr. Burke are based. The order of the Magistrate Judge prevents plaintiffs from obtaining this data. The Court should overrule this order.

## V.   The Order of the Magistrate Judge

The Magistrate Judge found that defendants had produced "similar information" to that sought by plaintiffs in three other class actions. (ECF #282 at 3 n.2.) The Magistrate Judge, however, mis-described two of those cases: *Jackson v. Sheriff*, 06-cv-492 was a class action for male detainees who were subjected to STD testing; the Magistrate Judge described *Jackson* as involving HIV testing. The Magistrate Judge also mis-described *Parish v. Sheriff*, 07-cv-4369, as a class action for "detainees who were screened by a mental-health specialist upon admission to the jail."

(ECF #282 at 2 n.3.) *Parish* has nothing to do with mental health screening; the class in this case includes "all persons confined at the Cook County Jail on and after August 3, 2005 who provided notice that he or she had been taking prescription medication for a serious health need and who was not provided with appropriate medication within 24 hours thereafter." (*Parish v. Sheriff*, 07-cv-4369, October 24, 2008, at 11.)

The Magistrate Judge also accepted defendants' claim that the classes certified in this case "consist of approximately 2,000 individuals." (ECF #282 at 4.) Defendants never explained this estimate, which is less than half of the number of present and former detainees who have contacted class counsel and reported that he (or she) is a class member.

The Magistrate Judge also accepted defendants' representation that plaintiffs will make particular arguments about the daily population at the jail. (ECF #282 at 4.) Plaintiffs are unable to present such evidence unless they are able to obtain the updated detainee data at issue in these objections.

The Magistrate Judge concluded that plaintiffs should not get the updated information because "discovery is closed and the hearing on the motion for preliminary injunction and bench trial on the merits are set for June 2, 2014." (ECF #282 at 5.) Defendants, however, have the ability to

cite statistics at will, even after the close of discovery, as reflected in the Affidavit of Matthew Burke, ECF #251-4. If the trial is to be a search for truth, all parties should have access to this data.

## VI. Conclusion

It is therefore respectfully submitted that the Court reverse the order of the Magistrate Judge and order defendants to produce the identifying information set out at page 2 above.

Respectfully submitted,

/s/ Kenneth N. Flaxman
Kenneth N. Flaxman
ARDC No. 08830399
200 S Michigan Ave, Ste 1240
Chicago, IL 60604
(312) 427-3200

Thomas G. Morrissey
Patrick W. Morrissey
10249 S. Western Ave.
Chicago, IL. 60643
(773) 233-7900
*Attorneys for the Plaintiff Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of April, 2014 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Maureen O. Hannon, ASA, 69 W Washington Street, Ste 2030, Chicago, IL 60602 and Michael Gallagher, ASA, 50 W Washington Street, Ste 500, Chicago, IL 60602 and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: none.

/s/   Kenneth N. Flaxman
Kenneth N. Flaxman
ARDC 830399
200 S Michigan Ave, Ste 201
Chicago, Illinois 60604
(312) 427-3200
*an attorney for plaintiffs*