# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN SMENTEK, et al., ) | |
|     Plaintiffs, ) | Case No. 09 C 529 |
| ) | |
|     v. ) | District Judge Joan H. Lefkow |
| ) | |
| SHERIFF OF COOK COUNTY and ) | Magistrate Judge Geraldine Soat Brown |
| COOK COUNTY, ILLINOIS, ) | |
|     Defendants. ) | |
| ) | |

## ORDER

For the reasons set out in the following order, Plaintiff's Amended Motion to Reopen Discovery to Allow Depositions of Witnesses Disclosed by Defendants After the Close of Fact Discovery [280] is denied.

## Statement

Three months after the close of discovery, plaintiffs filed the present motion to reopen discovery to allow depositions of thirty additional persons. (Pls.' Mot.) [Dkt 280.] Defendant Cook County has filed a response (Def.'s Resp. [dkt 288]), and plaintiffs have filed a reply (Pls.' Reply [dkt 297]). For the following reasons, the motion is denied.

Discovery closed in this case on December 20, 2013, after it had been extended several times. (Order, July 17, 2013.) [Dkt 170.] On January 6, 2014, plaintiffs filed a motion for preliminary injunction [dkt 236], which the District Judge set for trial and hearing on June 2, 2014. (Order, Mar. 6, 2014.) [Dkt 269.] That was subsequently reset for June 5, 2014. (Order, Apr. 29, 2014.) [Dkt 302.]

Although discovery closed and trial is set, plaintiffs have been allowed certain post-cutoff discovery. Plaintiffs' previously filed motion to extend the discovery cutoff was granted in part and denied in part. (Order, Dec. 19, 2013.) [Dkt 232.] Plaintiffs' renewed motion to compel discovery, which was filed only three days before the close of discovery, was also granted in part. (Order, Mar. 25, 2014.) [Dkt 282.] With the trial date looming, Cook County's response states that plaintiffs' attorneys are still in the process of scheduling and taking the previously-permitted depositions of Cook County medical personnel. (Def.'s Resp. at 3.)

It is in that context that the court considers plaintiffs' current motion. The motion derives from the fact that plaintiffs attached to their motion for preliminary injunction 53 declarations by detainees at the Jail. [Dkt 236, Ex. 11.] As part of the relief requested in the motion for preliminary injunction, plaintiffs asked that Cook County be ordered to produce the medical records for those persons. (*Id*. at 1.) Notwithstanding the fact that discovery was closed, Cook County produced medical records for the first 14 of those detainee-declarants. (Def.'s Resp. at 2.) According to plaintiffs, those medical records identify 30 persons who screened detainee "Health Service Requests." (Pls.' Mot. at 2.) Plaintiffs ask that discovery be reopened so they can "depose as many of the [30] persons as can be scheduled before the June 2nd trial date." (*Id*.)

Plaintiffs characterize those persons as "thirty witnesses disclosed by defendants after the close of discovery," (*id*. at 1), but, notably, there is no suggestion that defendants have disclosed any of them as witnesses. This is *not* a situation where a party lists new persons whom that party wishes to present for testimony at the trial.

Additionally, plaintiffs make no effort to identify any particular individual or to suggest a

2

priority for specific depositions based on any specific need for trial preparation. They simply ask to take "as many depositions as possible." That is plainly discovery for discovery's sake.

Discovery in this case has closed. Plaintiffs have not presented a persuasive reason to reopen it. Plaintiffs' motion is denied.

IT IS SO ORDERED.

/s/Geraldine Soat Brown<br>United States Magistrate Judge

Dated: April 30, 2014