UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN SMENTEK et. al., | ) | |
| | ) | |
| Plaintiff, | ) | 09 C 529 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Joan H. Lefkow |
| SHERIFF OF COOK COUNTY, | ) | |
| and COOK COUNTY, ILLINOIS | ) | Magistrate Judge Brown |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' JOINT MOTION TO EXCLUDE
THE TESTIMONY OF DR. JAY SHULMAN**

NOW COMES the Defendant, SHERIFF OF COOK COUNTY and COOK COUNTY, by their attorney Anita Alvarez, Cook County State's Attorney, and through her assistants, Michael Gallagher and Maureen Hannon, and moves this Court to exclude the testimony of Plaintiffs' retained expert witnesses Dr. Jay D. Shulman. In support of this motion, Defendants state as follows:

**INTRODUCTION**

Plaintiffs filed this class action under to Section 42 U.S.C § 1983 alleging deliberate indifference to the dental care needs of the detainees in the Cook County Department of Corrections ("DOC") in violation of the Eighth and Fourteenth Amendments. Plaintiffs allege that Defendants were deliberately indifferent to Plaintiffs medical needs by eliminating dental positions in 2007 causing Plaintiffs to wait for a prolonged period of time before receiving dental care. Plaintiffs' claim was certified as a class action under Rule 23(b)(2) on November 18, 2010 (Dkt.# 67).

Pursuant to Federal Rule of Civil Procedure 26(a)(2), Plaintiffs have named Dr. Jay D. Shulman ("Dr. Shulman") to provide opinion testimony and an expert report. (*See* Dkt. # 258). Dr. Shulman "opinions" and report are limited to a resuscitation of the dates and treatments recorded in the medical records of fourteen individuals provided to him by Plaintiff's counsel. (*See* Expert Report for Application for Preliminary Injunction, Prepared by Jay D. Shulman, Ex. A at 3-17). Plaintiff's experts do not provide any opinions on Defendants' customs, policies and practices, or on the timeliness or adequacy of dental care provided in Cook County Jail. Not only are the experts' opinions irrelevant at this stage in the litigation, but the methodology used to formulate their opinions is flawed and based upon nothing more than speculation and conjecture. Therefore, this Court should exclude their opinions in this matter.

## ARGUMENT

"Federal Rule of Evidence 702 allows an expert witness to testify about a relevant scientific issue in contention if his testimony is based on sufficient data and is the product of a reliable methodology applied to the facts of the case." *Gayton v. McCoy*, 593 F.3d 610, 616 (7th Cir. 2010). "Under the *Daubert* framework, the district court is tasked with determining whether a given expert is qualified to testify in the case in question and whether his testimony is scientifically reliable." *Gayton*, 593 F.3d at 616, citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993)). "

The Seventh Circuit has adopted the two-step analysis for evaluation of expert testimony under *Daubert*. *Cummins v. Lyle Indus.*, 93 F.3d 362, 367-368 (7th Cir. 1996). First, the district court must determine whether the expert's testimony is reliable. *Id.* Second, the district court has to determine "whether evidence or testimony assists the trier of fact in understanding the evidence or in determining a fact in issue. *Id.* at 368.

In assessing the reliability of an expert's testimony, the court should consider the proposed the methodology used to arrive at a particular conclusion. *Smith v. Ford Motor Co.*, 215 F.3d 713, 718 (7th Cir. 2000). "Proposed testimony must be supported by appropriate validation, i.e., 'good grounds,' based on what is known." *Daubert*, 509 U.S. at 590. In most cases, "[t]he expert's testimony must be grounded in an accepted body of learning or experience in the expert's field, and the expert must explain how the conclusion is so grounded." Fed. R. Evid. 702, advisory committee's notes (2000 amendment). "If the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." *Id*.

"Rule 702 imposes a special obligation upon a trial judge to ensure that any and all scientific testimony is not only relevant, but reliable." *Clark*, 192 F.3d at 756 (internal citation omitted). Rule 702 admits only "scientific knowledge," and not speculation or subjective belief. *Daubert*, 509 U.S. at 590. The Supreme Court in *Daubert* lists four factors that courts should consider when determining whether testimony is reliable: (1) whether the theory or technique can be tested; (2) whether it has been subject to peer review; (3) whether the technique has a known or potential rate of error; and (4) whether the theory has attained general acceptance in the relevant community. *Id*. at 593-94. The Seventh Circuit has stated that the "Rule 702 inquiry is 'a flexible one'" and it has given "the district court wide latitude in performing its gate keeping function and determining both how to measure the reliability of expert testimony and whether the testimony itself is reliable." *Bielkis v. Louisville Ladder, Inc.*, 663 F.3d 887, 894 (7th Cir. 2011) quoting *Daubert*, 509 U.S. at 594.

When a court engages in the reliability analysis, its' focus "must solely be on principals and methodology, not on the conclusions [experts] generate." *Daubert*, 509 U.S. at 595. "An expert's opinion must be reasoned and founded on data." *Bielkis*, 663 F.3d at 894.

In order to satisfy the second prong of *Daubert*, opinion testimony also must be relevant to the case in that it logically advances a material aspect of the case. *Daubert*, 509 U.S. at 591. Under *Daubert*, scientific testimony does not assist the trier of fact unless the testimony has a justified scientific relationship to the pertinent facts. *Id*. The trial court must determine whether the expert is proposing to testify to scientific knowledge that will assist the trier of fact, which entails a preliminary assessment of whether the reasoning or methodology properly can be applied to the facts at issue. *Daubert*, 509 U.S. at 592-593; see also, FRE 104.

This litigation and injunction is about, *inter alia*, whether the dental care at Cook County Jail is constitutionally sufficient and whether changes need to be made in order to prevent Plaintiffs from suffering irreparable harm. With respect to this matter, Plaintiff's expert report is both unreliable and unhelpful to the trier of fact.

I. **DR. SHULMAN OPINIONS ARE UNRELIABLE**

The United States Supreme Court has held that "scientific implies a grounding in the methods and procedures of science" and that "knowledge connotes more than a subjective belief or unsupported speculation." *Daubert*, 509 U.S. at 590. While Dr. Shulman is a "non-scientific" expert, the Seventh Circuit has "emphasized that experts' work is admissible only to the extent it is reasoned, uses the methods of the discipline, and is founded on data. Talking off the cuff -- deploying neither data nor analysis -- is not an acceptable methodology." *Lang v. Kohl's Food Stores, Inc.,* 217 F.3d 919, 924 (7th Cir. 2000). Moreover, "[i]f the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the

4

conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Fed. R. Evid. 702, advisory committee's notes (2000 amendment); *Zenith Electronics Corp. v. WH-TV Broadcasting Corp.,* 395 F.3d 416, 419 (7th Cir. 2005)("A witness who invokes 'my expertise' rather than analytic strategies widely used by specialists is not an expert as Rule 702 defines that term.)

    1. <u>Dr. Shulman Fails to Include his Methodology or Analysis</u>

Dr. Shulman's reports fails to provide any scientifically reliable testimony that meets the stringent standards of FRE 702 as construed by *Daubert*. Dr. Shulman's report is a mere resuscitation of information contained in the medical reports and grievances of fifteen detainees provided to him by Plaintiff, all of which are entirely disconnected from the conclusory opinions offered at the beginning of the report. (Ex. A at 3 – 17). It fails in its entirety to identify any discernable methodology, analysis or generally accepted standards to support his conclusory "opinions." (*Id*. at 1, 3-17). Specifically, his report does not rely, nor does it claim to rely, on any methodology, scientific or otherwise. Dr. Shulman offers four conclusory opinions on page one, followed by a basic timeline of events cherry picked from documents presented to him by Plaintiffs' counsel. (*Id.*); *see also Valentino v. Proviso Twp*., 2003 U.S. Dist. LEXIS 10945, 7 (N.D. Ill. June 26, 2003) (Zagel, J.) (holding under *Daubert* that an experts report which including a timeline of events without more is unreliable expert testimony). Moreover, Dr. Shulman did not interview or examine the individuals whose records he reviewed, he did not rely on or review any of Cook County or the Sheriff's policies or practices, read the depositions of any Cook County Jail health care providers, or any Cook County Jail dentists or dental providers. (*Id.* at 3).

Dr. Shulman's report also fails to include any analysis of the information that he *did* review. His report does not offer any connection between his review of medical records and grievances to *any* opinion regarding care at CCDOC, let alone the opinions on the first page of his report. (*Id*. at 1, 17-18). In fact, beyond this initial "statement of opinions" at no point does Dr. Shulman discuss these opinions or attempt to connect them to the alleged timeline he presents in the body of his report. (*Id.*) Similarly, Dr. Shulman does not ground his opinions in his experience in correctional dentistry or discuss how his experience in the correctional industry led him to the conclusions reached in his report, a requirement of reports such as these. Fed. R. Evid. 702, advisory committee's notes (2000 amendment); *Zenith Electronics Corp.,* 395 F.3d at 419. Accordingly, his report fails in every respect to provide any actual methodology or analysis, which is the most important part in assisting a fact-finder.

2. Dr. Shulman Fails to Include or Reference any Standard of Care Relied Upon

Dr. Shulman fails to mention any standard of care, let alone what the applicable standards are, where they come from or what they are based upon. (*See generally* Ex. A.) There is no mention of any national or locally accepted standards, and he did not review Cook County or the Sheriff's policies, procedures and customs. Moreover, Dr. Shulman does not discuss or seem to consider the important distinction between a community standard of care and the standard of care in a correctional setting. Instead, Dr. Shulman's report discusses the various causes, treatments and outcomes for toothache in a general correctional setting, none of which are relevant to his report or disclosed "opinions." *(See Id.* at 2-3). In fact, Dr. Shulman's makes no reference to standards for analgesia and screening, the screening of health care requests, or for proper medical documentation of delays and rescheduling, the four subjects of his disclosed opinions. Given this, it is unsurprising that his report contains no opinions regarding Defendants' general or

specific customs, policies and practices with respect to dental care or how these customs, policies and practices were in violation of any national standard of dental care.

    3. <u>Dr. Shulman's Review of the Records is Incomplete</u>

Dr. Shulman's Report indicates that the only information he considered when rendering his "opinions" were the "medical records of 14 persons identified in Exhibit 1… the medical records for Larry Williams, two declarations signed by Kamal Albitar, and an affidavit of Brenda Taylor." *Id.* at 3. Dr. Shulman also reviewed "records about grievances" but not the actual grievances. *Id.*

As an initial matter, Dr. Shulman reviewed medical reports of only fifteen detainees. Currently the dental group at Cook County Jail sees approximately 500 patients a week. Second, even a cursory review of his resuscitation of the facts shows that his review was entirely incomplete. For example, Dr. Shulman's review of Alvin Anthony's treatment shows that he failed to review or ignored the following facts: (1) During the periods alleged, Mr. Anthony was housed in Division 08, or the Residential Treatment Unit (RTU), a brand new medical division in which inmates have 24 hour access to medical staff, (2) on August 26, 2013, Mr. Anthony failed to attend a medical appointment with Dr. Jonathan Howard at Cermak Hospital, (3) Mr. Anthony was prescribed permethrin topical cream on September 22, 2013 as a result of a visit to Cermak Hospital and (4) Mr. Anthony was seen on September 28, 2013 in Cermak Hospital for a mental health evaluation and was found to be in no acute distress. In other words, Dr. Shulman's report fails to consider the totality of the given to Mr. Anthony. Accordingly, his review of the records is incomplete and his testimony is inherently unreliable.

## II. DR. SHULMAN TESTIMONY DOES NOT ASSIST THE TRIER OF FACT

Under *Daubert,* the district court must also determine whether evidence or testimony assists the trier of fact in understanding the evidence or in determining a fact in issue. *Cummins v. Lyle Indus.*, 93 F.3d 362, 368 (7th Cir. 1996). As noted, *supra,* Dr. Shulman's report does nothing more than resuscitate the timeline of fifteen inmates at CCDOC by citing to medical records provided to him by Plaintiff. (Ex. A at 3 – 17). His "opinions" are not connected to these facts with any analysis or mythology and he fails to review or opine on any policies or practices of Cook County. Without this sort of analysis, Plaintiffs expert can offer little more than a timeline of events, which are already provided via the individuals medical records. Accordingly, Dr. Shulman's testimony does not assist the trier of fact as it has no justified scientific relationship to the pertinent facts.

## III. DR. SHULMAN SHOULD BE PROHIBITED FROM OFFERING OPINION TESTIMONY IN THIS CASE

1. <u>Dr. Shulman's Opinions are Based on Speculation and Conjecture</u>

When this Court focuses on Dr. Shulman's lack of methodology, analysis or standard of care, it is unclear on what grounds he has based his opinions. The only possible assumption, therefore, is that his opinions are based purely on speculation and conjecture so that these opinions fit within the structure of Plaintiffs' theory of the case. *See Daubert*, 509 U.S. at 593-94. As illustrated above, he fails to provide a basis for his opinions and offers little more in his report than a resuscitation of medical records. Dr. Shulman's states his opinions and regurgitates what was on the medical records and grievances, but fails to provide any analysis or actual evidence that Defendants' conduct was deliberately indifferent or even that it fell below a recognized standard of care. This exhibits flawed methodology on the part of Dr. Shulman and, ultimately this flawed methodology creates flawed opinions. As a result of Dr. Shulman's

clearly flawed methodology and the unreliability of his testimony under FRE 702, it necessarily follows his opinions and testimony cannot be relevant. Since there are no means by which Dr. Shulman can articulate a mechanism by which a different outcome could have been achieved, he cannot assist the trier of fact, and this makes his testimony irrelevant. Thus, this Court should strike Dr. Shulman as an expert and bar him from providing opinion testimony in this matter due to the numerous analytical gaps in his opinions

2. <u>Dr. Shulman's Should Be Barred From Offering Opinion Testimony Regarding Witnesses he Has Failed to Opine on in his Report</u>

In any event, if Dr. Shulman is allowed to testify, he should be barred from offering testimony regarding person not included in his January 30, 2014 report. (Ex. A at 3 – 17). Dr. Shulman's report includes narrative resuscitations of only fifteen current or former inmates at CCDOC. *Id*. These persons are Richard Adams, Kamal Albitar, Orlando J. Allen, Alvin Anthony, Francisco Balderas, Jose Bautista, Anthony Bell, Michael Birks, Jermaine Brooks, Diontae Calhoun, Miguel Castenada, Meinardo Conmcepcion, Blake Conyers, Bernard Crenshaw and Larry Williams. Federal Rule of Civil Procedure 26(a)(2) requires that Plaintiffs provide with Defendants a written report of "a complete statement of all opinions the witness will express and the basis and reasons for them." Moreover, on May 15, 2014 this Court granted Defendants' Motion in Limine barring Dr. Shulman from offering testimony outside the bounds of his report. Despite these clear rules, Plaintiffs Proposed Findings of Fact indicate that Plaintiffs will offer Dr. Shulman's testimony with respect to various inmates care not included in his report. (Dkt. # 331). Defendants respectfully request that Dr. Shulman be barred from any such testimony.

9

3. <u>Dr. Shulman's Should Be Barred From Offering Opinion Testimony Regarding Care Prior to 2013.</u>

Moreover, if Dr. Shulman is allowed to testify, he should be barred from discussing inmates care prior to 2013. Per this Court's May 15, 2014 Order, this trial is to cover the time period from January 1, 2013 to the present. As discussed, *supra*, Dr. Shulman's report offers little more than a timeline of various inmates' dental care based on records provided to him by Plaintiffs. (*Id.* at 3 – 17). However, much of that care concerns treatment provided prior to 2013. (See, e.g., Ex. A at 15-19, timeline of care for Larry Williams from November 2009 – January 21, 2011). Accordingly, Defendants respectfully request that Dr. Shulman be barred from offering any testimony regarding care prior to 2013.

## CONCLUSION

WHEREFORE, for the reasons stated above, Defendants SHERIFF OF COOK COUNTY and COOK COUNT, request that this Honorable Court grant Defendants' joint motion to exclude the testimony of Jay D. Shulman, M.D. along with any such relief as this Court deems just and appropriate.

Respectfully submitted,

/*s/ Michael L. Gallagher*/
Michael L. Gallagher
Assistant State's Attorney
Torts / Civil Rights Litigation Section
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-3124

*s/ Michael D. Warner*
Michael D. Warner
Assistant State's Attorney
Torts / Civil Rights Litigation Section
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-3368

*/Maureen O. Hannon*
/s/Maureen O. Hannon
Assistant State's Attorneys
Conflict Counsel Unit
69 W. Washington St., St. 2030
Chicago, IL 60602
(312) 604-1424