IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Dennis Smentek, *et al.,* | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| -vs- | ) | No. 09-cv-529 |
| | ) | |
| Sheriff of Cook County and Cook County, Illinois, | ) | *(Judge Lefkow)* |
| | ) | |
| | ) | |
| *Defendants.* | ) | |

## MOTION FOR PRELIMINARY APPROVAL
## OF CLASS ACTION SETTLEMENT

Plaintiffs, with the agreement of Defendants, move the Court to grant preliminary approval to the class action settlement agreement attached to this motion as Exhibit 1.

Grounds for this motion are as follows:

1. Following the decision of the Court of Appeals in the appeal from this Court's order decertifying the Rule 23(b)(2) class, *Phillips v. Sheriff of Cook County*, 828 F.3d 541 (7th Cir. 2016), this Court redefined the Rule 23(b)(3) class to be: "All inmates housed at Cook County Department of Corrections from January 1, 2007 to October 31, 2013 who made a written request for dental care because of acute pain and who suffered prolonged and unnecessary pain because of lack of treatment."

2. Thereafter, the parties enlisted the assistance and guidance of Magistrate Judge M. David Weisman to explore the possibility of compromising all matters at issue. The parties, with the approval of Magistrate Judge Weisman, exchanged additional data relevant to settlement and on August 23, 2017, Magistrate Judge Weisman provided the parties with a proposed valuation for settlement purposes. Defendants rejected this proposal on October 23, 2017.

3. On November 8, 2017, the Court set the case for trial on April 30, 2018. Defendants expressed a renewed interest in pursuing settlement after plaintiffs served their supplemental expert report, and, with the continued assistance of Magistrate Judge Weisman, the parties succeeded in negotiating a settlement of this action. A copy of the settlement agreement is attached as Exhibit 1.

4. The settlement establishes a "settlement fund" in the amount of $5,563,000 (five million five hundred and sixty three thousand dollars) to cover damages for class members associated with their dental care, incentive awards, fees and costs of counsel, resolution of three separate lawsuits, and administration of this settlement.

5. Class members will receive varying awards based on length of stay at the jail and the number of grievances, if any, filed. The algorithm

for awards is described in the settlement agreement. No class member shall receive in excess of $3,000 (three thousand dollars) Class counsel estimates that the average award will be about $200 (two hundred dollars).

6.      Class counsel believes that some class members will not receive mailed notice of this settlement because they have changed addresses and will learn about the settlement only after payment of the first installment. Accordingly, the parties have agreed that payments will be made in two waves, with payments to the "second wave" claimants being made at the same amount as paid in the first installment to the extent possible: if the total amount of these second wave payments exceed the amount remaining after payment of the first installment, the amount to be paid to each "second wave claimant" shall be proportionately reduced. Class counsel does not believe that any funds will remain after the second wave payment and the parties have agreed that the Court shall reserve jurisdiction to rule on the practicability and amount of any supplemental payment to the "first wave" claimants if the second wave payments is less than $ the amount remaining after payment of the first installment.

7.      Dennis Smentek, as the special administrator of the estate of original named plaintiff John Smentek, shall, subject to the approval of the Court, receive an incentive award of $25,000 (twenty five thousand dollars)

to be paid to the next of kin of John Smentek. Subject to the approval of the Court: The additional plaintiffs Malcolm Patton, Melvin Phillips, Rodell Sanders, and Frank Powicki, shall each receive $15,000 (fifteen thousand dollars). Class member Tom Tuduj, who appeared for a deposition, shall receive an incentive award of $3,000 (three thousand dollars). James Curtin, the plaintiff in 11-cv-933, Kenneth Morris, the plaintiff in 11-cv-934, and Percy Rounds, the plaintiff in 11-cv-4247, shall each receive $15,000 (fifteen thousand dollars). The sums in this paragraph will be paid by Cook County without any deduction for fees or costs.

8.  After full agreement had been reached on the monetary relief for the classes, the parties, with the assistance of Magistrate Judge Weisman, negotiated attorneys' fees and costs. The parties agreed that subject to the approval of the Court, class counsel will, without objection from Defendants, be reimbursed for costs, to be paid from the "settlement fund," in the amount actually expended not to exceed  $250,000 (two hundred and fifty thousand dollars), and, again subject to approval of the Court and without objection from Defendants, receive payment from the "settlement fund" in the amount of $2,000,000 (two million dollars), or about 36% of the "settlement fund." The parties also agreed that defendants will pay up to $300,000 (three hundred thousand dollars) for the costs of administration of

the settlement and that any unused portion of this amount shall revert to Defendants.

9. Counsel for the parties believe it will be feasible to mail class notice by June 1, 2018. Counsel suggest that the Court allow 60 days, or until July 30, 2018, for class members to respond to class notice, which would allow the fairness hearing to be held on August 16, 2018, or such other date as may be set by the Court.

10. Attached as Exhibit 2 is the proposed form of class notice. The parties propose that notice be sent by first class to the last known address of each class member and that an opt-out form be provided to all class members. Proposed claim forms and opt-out forms are attached as Exhibits 3 and 4, respectively.

It is therefore respectfully requested:

A. That the Court grant preliminary approval to the settlement and find that the terms of the settlement, as embodied in the Settlement Agreement, are sufficiently fair, reasonable, and adequate to allow dissemination of the notice of the Settlement Agreement to the Class;

B. That the Court set dates for mailing and responding to class notice. The parties suggest June 1, 2018 for mailing class notice and July 30, 2018 as the deadline for responding to notice;

C.     That the Court authorize the parties to provide notice, claim forms, and opt-out forms by first class mail in the form attached as Exhibits 2, 3, and 4; and

D.     That the Court hold a fairness hearing on August 16, 2018, or such other date as may be convenient to the Court.

Respectfully submitted,


/s/ Kenneth N. Flaxman
Kenneth N. Flaxman
ARDC No. 830399
Joel A. Flaxman
200 S. Michigan Ave, Ste 201
Chicago, IL 60604
(312) 427-3200

*Lead Counsel for the Plaintiff Class*


Patrick W. Morrissey
Thomas G. Morrissey, Ltd.
10150 S. Western Ave.
Chicago, Illinois 60643
*Additional Counsel for the Class*

**Exhibit 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Dennis Smentek, *et al.*, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| -vs- | ) | No. 09-cv-529 |
| | ) | |
| Sheriff of Cook County and Cook County, Illinois, | ) | *(Judge Lefkow)* |
| | ) | |
| | ) | |
| *Defendants.* | ) | |

## CLASS SETTLEMENT AGREEMENT

This settlement agreement is entered into by all parties to this action through their respective undersigned counsel to resolve all matters at issue in this action.

### I.  RECITALS

1.  **Nature of the Litigation**. On January 27, 2009, the plaintiff John Smentek filed this case, for himself and all others similarly situated, in the United States District Court for the Northern District of Illinois alleging violations of rights under the Fourteenth Amendment to the United States Constitution regarding dental care provided by Cook County. Malcolm Patton, Melvin Phillips, Rodell Sanders and Frank Powicki subsequently joined the case as additional plaintiffs. Dennis Smentek, as special representative for the estate of John Smentek, substituted as plaintiff following the death of John Smentek. At all times relevant to the Complaint,

Exhibit 1                    Page 1

Cook County designated Cermak Health Services, a division of the Cook County Health and Hospital System, as the evaluator and provider of dental care to detainees at the Cook County Jail

2.    **Class Certification.** The district court initially declined to permit the case to proceed as a Rule 23(b)(3) class action. (Mem.Op., November 18, 2010.) Following the decision of the United States Supreme Court in *Smith v. Bayer*, 131 S.Ct. 2368 (2011), the district court reconsidered and ordered that the case proceed as a class action under Rule 23(b)(3). The Court of Appeals declined to overturn that order. *Smentek v. Dart,* 683 F.3d 373 (7th Cir. 2012).

3.    **The Hearing on Injunctive Relief.** Shortly after the close of fact discovery on December 20, 2013, plaintiffs filed an application for injunctive relief. Following a six day bench trial, the district court decertified the (b)(2) class and denied the requested injunctive relief as moot. Plaintiffs unsuccessfully sought review of this order in the Court of Appeals. *Phillips v. Sheriff of Cook County*, 828 F.3d 541 (7th Cir.2016).

4.    **Redefinition of the Class.** Following the decision of the Seventh Circuit, the district court in its order of October 13, 2016 redefined the plaintiff class to be: "All inmates housed at Cook County Department of Corrections from January 1, 2007 to October 31, 2013 who made a writ-

ten request for dental care because of acute pain and who suffered pro-
longed and unnecessary pain because of lack of treatment."

5. **Settlement Process.** Recognizing the risk, uncertainty, and
delay of contested litigation, the parties enlisted the assistance and guid-
ance of Magistrate Judge M. David Weisman to explore the possibility of
compromising all matters at issue. The parties, with the approval of Magis-
trate Judge Weisman, exchanged additional data relevant to settlement
and on August 23, 2017, Magistrate Judge Weisman provided the parties
with a proposed valuation for settlement purposes. Defendants rejected
this proposal on October 23, 2017.

6. **Preparation for Trial.** On November 8, 2017, the district
court set the case for trial on April 30, 2018. Defendants expressed a re-
newed interest in pursuing settlement after plaintiffs served their supple-
mental expert report, and, with the continued assistance of Magistrate
Judge Weisman, the parties agreed to this proposed resolution of all claims
at issue in this litigation.

7. **Certification by Class Counsel.** Class counsel are skilled and
experienced in class actions, have investigated the facts and the applicable
law, and believe that it is in the best interest of the class to enter into this
Settlement Agreement.

8. **Denial of Liability.** Cook County and the Sheriff of Cook County vigorously contest and deny each and every claim and all material allegations by the plaintiffs.

Cook County nonetheless has concluded that it is in its best interests, and in the best interests of the citizens of Cook County, that the action be settled on the terms and conditions set forth in this Agreement. Cook County reached this conclusion after considering the factual and legal issues in the action, the substantial benefits of a final resolution of the action, the expense that would be necessary to defend the action through trial and any appeals that might be taken, the benefits of disposing of protracted and complex litigation, and the desire of Cook County to conduct its business unhampered by the distractions of continued litigation.

Cook County and the Sheriff of Cook County enter into this Agreement without acknowledging any fault, liability, or wrongdoing of any kind. Neither this Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Cook County and the Sheriff of Cook County of the truth of any of the allegations made in the action, or of any liability, fault, or wrongdoing of any kind whatsoever on the part of Cook County and the Sheriff of Cook County.

9.    **Non-Precedential Settlement.** To the extent permitted by law, neither this Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding, to establish any liability or admission by Cook County and/or the Sheriff of Cook County, except in any proceedings brought to enforce the Agreement.

Neither this Agreement, nor any pleading or other paper related in any way to this Agreement, nor any act or communication in the course of negotiating or implementing this Agreement, shall be deemed an admission by Cook County and/or the Sheriff of Cook County that certification of a class is appropriate in any other litigation, or otherwise shall preclude Cook County and/or the Sheriff of Cook County from opposing or asserting any argument it may have with respect to certification of any class in any proceeding. Moreover, the parties agree that this settlement shall not be used as precedent in any way as to any subsequent conduct of Cook County and the Sheriff of Cook County except as set forth herein.

## II.    DEFINITIONS

10.    In addition to the foregoing, the following terms shall have the meanings set forth below:

a. "Cook County" means Cook County, the Cook County Health and Hospital System, Cermak Health Services or and/or any other successors, assigns or legal representatives thereof.

b. "Sheriff" means the Sheriff of Cook County  and/or any other successors, assigns or legal representatives thereof.

c. "Class Period" means the time between January 1, 2007 and October 31, 2013.

d.  "Potential Class Members" means all persons who would qualify as part of the Class, prior to the date by which exclusion from the Class must be requested.

e. "Agreement" means this Class Settlement Agreement.

f.  "Released Persons" means Cook County, , the Cook County Health and Hospital System, Cermak Health Services, Cook County's counsel, the Sheriff of Cook County, the Sheriff's counsel,  and any of their past, present or future boards, commissions, members, directors, officers, agents, employees and/or independent contractors, and/or any other successors, assigns, or legal representatives thereof.

g. "Preliminary Approval Date" means the date the Court grants preliminary approval to this settlement agreement.

h. "Final Approval Date" means the date that the Court gives its final approval to this settlement agreement.

i. "Final Settlement Date" means the date on which either of the following events has occurred: (a) if no objection is interposed to this proposed settlement, the "final approval date." (b) If an objection is interposed to this proposed settlement and there is no appeal from the Final Approval Order, thirty-one (31) days after the Court enters the Final Approval Order and any objector has been provided with notice that the Court entered the Final Approval Order. (C) If an appeal is taken from the Final Approval Order, seven (7) days after a reviewing court either affirms the Final Approval Order or denies review and either all avenues of appeal have been exhausted or the time for seeking further appeals has expired.

### III. RELIEF

11. **Monetary Relief to the Class.** To resolve all claims at issue in this case, the parties have agreed that, as part of the consideration for this Agreement, Cook County will establish a "settlement fund" in the amount of $5,563,000 (five million five hundred and sixty three thousand dollars) to cover damages for class members associated with their dental care, incentive awards, fees and costs of counsel, resolution of three separate lawsuits, and administration of this settlement.

12. **Incentive Payments.** Dennis Smentek, as the special administrator of the estate of original named plaintiff John Smentek, shall, subject to the approval of the Court, receive an incentive award of $25,000 (twenty five thousand dollars) to be paid to the next of kin of John Smentek. The additional plaintiffs Malcolm Patton, Melvin Phillips, Rodell Sanders, and Frank Powicki, shall each receive $15,000 (fifteen thousand dollars). Class member Tom Tuduj, who appeared for a deposition, shall receive an incentive award of $3,000 (three thousand dollars). James Curtin, the plaintiff in 11-cv-933, Kenneth Morris, the plaintiff in 11-cv-934, and Percy Rounds, the plaintiff in 11-cv-4247, shall each receive $15,000 (fifteen thousand dollars). These sums will be paid by Cook County without any deduction for fees or costs.

13.  **Payments to Class Members.** The parties, while recognizing that each Class Member may have a distinct claim for damages, agree that the expense, uncertainly, and delay of providing each class member with an individual determination of damages outweighs the benefits of a distribution based on date of occurrence. The parties also agree that greater awards are appropriate for claimants who submitted one or more grievances, as set out below, provided, however, that no class member shall receive in excess of $3,000 (three thousand dollars.

Each Class Member shall receive one award (which may be paid in two installments) even though he (or she) claims to have suffered prolonged and unnecessary pain because of lack of treatment on more than one occasion. A first installment shall be paid on the "Final Settlement Date." The total amount of the first installment shall be half of the settlement fund available for distribution to class members, or $1,440,000 (one million four hundred and forty thousand dollars), provided that no class members receives more than $3,000 (three thousand dollars)

The amount to be paid to each claimant shall be computed by assigning points as explained below. A person who would qualify as a class member in more than stay at the Jail shall receive a single award for the highest available time period.

The number of points to be assigned to each claimant is as follows:

- 1 point to any claimant who was in custody at the Jail for less than thirty days and who did not submit a grievance complaining of untreated dental pain;

- 2 points to any claimant who was in custody at the Jail for 30 or more days  and who did not submit a grievance complaining of untreated dental pain;

- 5 points to who submitted one grievance complaining of untreated dental pain;

- 7 points to any claimant who submitted two grievances complaining of untreated dental pain;

- 10 points to any claimant who submitted three grievances complaining of untreated dental pain;

- 15 points to any claimant who submitted four or more grievances complaining of untreated dental pain.

The dollar value of each point for the first installment shall be determined by dividing $1,440,000 (one million four hundred and forty thousand dollars), the total sum available for the first installment, by the total number of points assigned to all claimants. No class member shall receive more than $3,000 (three thousand dollars).

Class counsel believes that some class members will not receive mailed notice of this settlement and will first learn about the settlement after payment of the first installment. Accordingly, class members may submit claim forms in the 60 day period following payment of the first in-

stallment. These claimants are referred to below as "second wave" claimants.

Payment shall be made to "second wave" claimants at the same amount as paid in the first installment to the extent possible: if the total amount of these second wave payments exceeds the amount remaining after payment of the first installment, the amount to be paid to each "second wave claimant" shall be proportionately reduced. The Court reserves jurisdiction to rule on the practicability and amount of any supplemental payment to the "first wave" claimants if the second wave payments is less than $1,440,000, however under no circumstances will total payments to any individual exceed $3,000.

If any funds are not distributed to claimants after the "second wave," such funds shall be paid to class members who submit claims in the nine month period following the "final approval date."

14. **Reversion to Defendants.** Any portion of the "settlement fund" that is not expended in payment of damages for Class Members, incentive awards, fees and costs of counsel, and administration expenses shall revert to Defendants.

15. **Payment to Class Counsel.** Attorneys' fees and costs were not finally negotiated until after full agreement had been reached on the

monetary relief for the class. The parties agreed that subject to the approval of the Court, class counsel will, without objection from Defendants, be reimbursed for costs, including expert expenses, to be paid from the "settlement fund," in an amount not to exceed $250,000, Subject to the approval of the Court and without objection from Defendants, class counsel will receive payment from the "settlement fund" in the amount of $2,000,000, or about 36% of the "settlement fund."

16. **Administration of the Settlement**. The settlement will be administered by an independent entity, to be selected by Class Counsel, with the consent of Defendants, which shall not be unreasonably withheld. Defendants have agreed to pay up to $300,000 for the actual costs of administration of the settlement. Any unused portion of this amount shall revert to Defendants.

## IV.  NOTICE AND CLAIMS PROCEDURE

17. Within thirty days after the Court has given its preliminary approval to this settlement, notice of the settlement, and information about the date and time of the fairness hearing will be sent by first class mail to the last ascertainable address of each Class Member. "Ascertainable" means the last known address appearing in the records of the Sheriff

of Cook County as enhanced by the United States Postal Service change of address database.

18.    To participate in this settlement, each Class Member must submit a sworn Claim Form (attached hereto as Exhibit 1) postmarked no later than the date certain established on the final Class Notice (attached hereto as Exhibit 2). The Class Notice will include a forwarding and return address, which will be a Post Office Box controlled by the Class Administrator.

## V.    DECEASED, DISSOLVED, BANKRUPT, OR INCAPACITATED CLASS MEMBERS

19.    Where a Class Member is deceased and a payment is due to that Class Member, upon receipt of a proper notification and documentation, settlement payment shall be made in accordance with Illinois law.

20.    Where a Class Member has been declared bankrupt, or is the subject of an open and ongoing bankruptcy proceeding, and a payment is due to the Class Member, upon receipt of proper notification and documentation, the settlement payment shall be made to such Class Member in accordance with applicable United States Bankruptcy Code laws.

## VI.    COMMUNICATIONS WITH THE CLASS

21.    The Class Notice shall list Class Counsels' addresses. Other than as provided for in this Agreement, communications relating to the ac-

tion or this Settlement with persons receiving Class Notices and Potential Class Members shall be through Class Counsel. Nothing in this Agreement shall be construed to prevent Cook County, the Sheriff, their employees, agents, or representatives from communicating with Potential Class Members or Class Members in the normal course of their operations.

### VII. CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION OF STIPULATION

22.     If the Court disapproves this Agreement or fails to rule, or if the Court enters the Final Judgment but it is reversed or vacated on appeal, this Agreement shall be null and void and of no force and effect. If the Court materially modifies any provision of the Agreement or proposed Final Judgment, or if either is materially modified on appeal or remanded to the Court for modification, any party shall have the option of terminating this Agreement and withdrawing this consent to the entry of the Final Judgment, in which case this Agreement shall be null and void and of no force and effect.

23.     If any financial obligation is imposed upon Cook County and the Sheriff in addition to or greater than those specifically set out in this Agreement, Cook County and the Sheriff may withdraw its consent to the

entry of the Final Judgment, in which case this Agreement shall be null and void and of no force and effect.

## VIII.   OBJECTIONS

24.   A Class Member may file a notice of intent to object to the proposed settlement. The written notice of intent to object must be filed with the Clerk of the Court not later than 7 days before the date set for the Final Settlement Hearing.

## IX.   REPRESENTATIONS AND WARRANTIES

25.   Plaintiff and Class Counsel warrant and represent that no promise or inducement has been offered or made for this Agreement except as set forth herein, that this Agreement is executed without any reliance whatsoever on any statements or representations not contained herein, including but not limited to any statements, conduct, disclosure or non-disclosure or representations regarding discovery in the action, and that this Agreement reflects the entire agreement among the parties with respect to the terms of the Release. The warranties and representations made herein shall survive the execution and delivering of this Agreement and shall be binding upon the parties" heirs, representatives, successors and assigns.

## X. RELEASES

26.     Upon the Effective Date, Plaintiff, all Class Members, and their heirs, trustees, executors, administrators, principals, beneficiaries, assigns and successors will be bound by the Final Judgment and conclusively deemed to have fully released, acquitted and forever discharged, as defined in paragraph 9(d). All people and entities who meet the Class Definition and who have not timely filed "opt out" forms shall be forever barred from prosecuting their own lawsuit asserting any of the claims at issue in this litigation and they and their heirs, executors, administrators, representatives, agents, partners, successors and assigns shall be deemed to have fully released and forever discharged the Released Persons (defined below) from all Released Claims (defined below).

27.     "Released Persons" means Cook County, Cook County's counsel, the Cook County Sheriff's Office, the Sheriff's counsel, Governmental Interinsurance Exchange, Bliss McKnight Insurance Company and any of their past, present or future boards, commissions, members, directors, officers, agents, employees and/or independent contractors, and/or any other successors, assigns, or legal representatives thereof.

28.     "Released Claims" means and includes any and all Unknown Claims, known claims, and rights, demands, actions, causes of action, suits,

debts, liens, contracts, liabilities, agreements, interest, costs, expenses or losses, for the acts alleged or which are or could have been alleged by the named plaintiffs or the potential class members in this action, or relate in any way whatsoever to this action regarding dental care at the Cook County Jail between January 1, 2007 and October 31, 2013.

## XI.    MISCELLANEOUS PROVISIONS

**29.**    The parties hereto and their undersigned counsel agree to undertake their best efforts and mutually cooperate to effectuate this Agreement and the terms of the settlement set forth herein, including taking all steps and efforts contemplated by this Agreement, and any other steps and efforts which may become necessary by order of the Court or otherwise. The parties hereto further agree to defend this Agreement against objections made to final approval of the Settlement or in any appeal of the Final Judgment or collateral attack on the Agreement or Final Judgment. Class Counsel will not seek from Cook County, Cook County's counsel, the Sheriff of Cook County, the Sheriff's counsel, and any of the Sheriff's and/or Cook County's past, present or future officers, agents, employees and/or independent contractors, and/or any other successors, assigns, or legal representatives thereof any additional compensation, including attorney fees, cost, expenses or reimbursements for any work that may be involved in defending this Agreement.

30.    The undersigned counsel represent that they are fully authorized to execute and enter into the terms and conditions of this Agreement on behalf of their respective clients.

31.    Except as otherwise provided between the parties, this Agreement contains the entire agreement between the parties hereto, and supersedes any prior agreements or understandings between them. All terms of this Agreement are contractual and not mere recitals, and shall be construed as if drafted by all parties hereto. The terms of this Agreement are and shall be binding upon each of the parties hereto, their agents, attorneys, employees, successors and assigns, and upon all other persons claiming any interest in the subject matter hereof through any of the parties hereto, including any Class Member.

32.    Any claim form or opt-out form must be signed individually by a Class Member, not as or on behalf of a group, class, or subclass, except that such claim form or opt-out form may be submitted on behalf of an individual Class Member by the executor or administrator of a deceased Class Member's estate, or the legal guardian of a Class Member who has been declared incompetent.

33.    To the extent permitted by law, this Agreement may be pleaded as a full and complete defense to, and may be used as the basis for

an injunction against, any action, suit or other proceeding which may be instituted, prosecuted or attempted in breach of this Agreement.

34. **Funding of Administration of the Settlement:** Within fourteen (14) days after the Court has given its preliminary approval to this proposed settlement, Cook County shall pay to the Client Fund Account of Kenneth N. Flaxman P.C. ("the Flaxman firm"), the sum of $300,000 (fifty thousand dollars) so that Flaxman may hire a Claim Administrator to administer the settlement and receive interim fees associated with providing notice to class members. The Flaxman Firm shall pay to the Claim Administrator the amounts due for payments to class members who submitted timely claims. The Flaxman Firm shall provide undersigned Defense counsel with all invoices from the Claim Administrator when such invoices are paid.

35. Funding of the Settlement: Within fourteen (14) after the Court has entered final approval of the terms of the proposed class settlement ("Final Settlement Date"), Cook County shall pay to the Client Fund Account of Kenneth N. Flaxman P.C. the sum of $5,263,000 (five million, two hundred and sixty three thousand dollars). Upon funding of the settlement, class counsel shall be entitled to receive the total amount of fees and costs approved by the Court. Payments to counsel shall be made not-

withstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on this Agreement or any part thereof, subject to Class Counsel's obligation to make appropriate refunds or repayments to Defendants if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the award of attorneys' fees or cost award is reduced or reversed.

36. **Payment of Claims**. If the Court enters the Final Approval Order, the Claims Administrator shall within twenty-one (21) days after the Final Approval Date mail the Class Member Payments to those Class Members who submitted a valid and timely claim.

Within 60 days of the Final Settlement Date, Class Counsel shall provide Defendants with copies of all releases and opt out forms signed by class members and potential class members.

37. **Change of Time Periods.** All time periods and dates described in this Agreement are subject to the Court's approval. These time periods and dates may be changed by the Court or by the Parties' written agreement without notice to the Class.

38. **Binding on Successors.** This Agreement binds and benefits the Parties' respective successors, assigns, legatees, heirs, and personal representatives.

39. **Entire Agreement.** This Agreement and the attached exhibits contain the entire agreement between the Parties and constitute the complete, final and exclusive embodiment of their agreement with respect to the settlement of the Lawsuit. This Agreement and the attached exhibits supersede any and all prior agreements, arrangements or understandings, whether written or oral, express or implied, between them relating to the subject matter hereof. The Parties agree that there are no understandings, written, oral, express, implied or otherwise, except as set forth in this Agreement and the attached exhibits, and that in entering into this Agreement, no Party has relied, or is entitled to rely, upon any promise, inducement, representation, statement, assurance or expectation unless it is contained herein in writing.

40. **Exhibits.** The exhibits to this Agreement are integral parts of the Agreement and are incorporated into this Agreement as though fully set forth herein.

41. **Modifications and Amendments.** No amendment, change or modification to this Agreement will be valid unless in writing signed by the Parties or their counsel.

42. **Construction and Interpretation.** Neither the Parties nor any of the Parties' respective attorneys will be deemed the drafter of this

Agreement for purposes of interpreting any provision in this Agreement in any judicial or other proceeding that may arise between them. This Agreement has been, and must be construed to have been, drafted by all the Parties to it, so that any rule that construes ambiguities against the drafter will have no force or affect.

43. **Counterparts.** This Agreement may be executed in counterparts, each of which constitutes an original, but all of which together constitutes one and the same instrument. Several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies or PDF copies of executed copies of this Agreement shall be treated as originals.

44. **Severability.** If any provision of this Agreement is declared by the Court to be invalid, void or unenforceable, the remaining provisions of this Agreement will continue in full force and effect.

45. **Waiver.** No delay on the part of either Party in the exercise of any right, power or remedy shall operate as a waiver thereof, nor shall any single or partial exercise of any right, power or remedy preclude the further exercise thereof, or the exercise of any other right, power or remedy.

46. **Governing Law.** This Agreement shall be governed and interpreted in accordance with the laws of the State of Illinois and without regard to conflict of laws principles.

47. **Attorneys' Fees and Costs.** Other than the payments set out above, each Party shall bear their own attorneys' fees and costs relating in any way to the Lawsuit or this Agreement, or the subject matter of any of them.

48. **Cooperation to Obtain Court Approval.** The Parties agree to cooperate fully to execute any documents and take all additional actions which are consistent with and which may be necessary or appropriate to secure the Court's preliminary and final approval of this Agreement.

49. **Enforcement and Reservation of Jurisdiction.** The parties agree that the Court will reserve jurisdiction to enforce the provisions of this Agreement. If the Court approves the settlement, it will enter an order of dismissal that will dismiss the litigation with prejudice as to all Class Members, except those persons who have timely filed "opt out" forms.

Agreed to, this 1st day of May, 2018 (signatures on following page)

/s/  <u>Kenneth N. Flaxman</u>
Kenneth N. Flaxman
ARDC No. 830399
200 S. Michigan Ave, Ste 201
Chicago, IL 60604
(312) 427-3200
*Lead Counsel for the Class*

Patrick W. Morrissey
Thomas G. Morrissey, Ltd.
10150 S. Western Ave.
Chicago, Illinois 60643
*Additional Counsel for the Class*


/s/  <u>Francis J. Catania</u> (with consent)
Francis J. Catania, ASA
500 Daley Center
Chicago, IL 60602
*An Attorney for Defendant* Cook County


/s/  <u>Gerald M. Dombrowski</u> (with consent)
Gerald M. Dombrowski
Sanchez Daniels & Hoffman LLP
333 West Wacker Drive Suite 500
Chicago, IL 60606-1225
*An Attorney for Defendant Sheriff of Cook County*

**Exhibit 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Dennis Smentek, et al., | ) | |
| *Plaintiffs* | ) | 09-cv-529 |
| *-vs-* | ) | |
| Sheriff of Cook County and Cook County, Illinois, | ) | *(Judge Lefkow)* |
| *Defendants* | ) | |

## NOTICE OF HEARING ON SETTLEMENT OF CLASS ACTION

TO:   All inmates housed at Cook County Department of Corrections from January 1, 2007 to October 31, 2013 who made a written request for dental care because of acute pain and who suffered prolonged and unnecessary pain because of lack of treatment

A proposed settlement of this case, *Smentek v. Sheriff of Cook County, et al*, 09-cv-529 has been submitted to the Court for approval. This document describes the proposed settlement and tells you what to do if you are a class member and (a) wish to participate in the settlement, or (b) wish to exclude yourself from this case, or (c) if you believe that the proposed settlement should not be approved.

### THIS IS NOT A NOTICE OF A LAWSUIT AGAINST YOU
### YOU MAY BENEFIT FROM READING THIS NOTICE
### PLEASE READ THIS NOTICE CAREFULLY

**WHAT THIS CASE IS ABOUT**

The plaintiffs in this case were detainees at the Cook County Jail from January 1, 2007 through October 31, 2013. The defendants are the Sheriff of Cook County, and Cook County, Illinois. The action is pending in the United States District Court for the Northern District of Illinois and alleges violations of rights secured by the United States Constitution. The Court ordered that the case may proceed as a class action on August 17, 2011 and modified the class definition on October 13, 2016. Each plaintiff made a written request for dental care because of acute pain and claims to have suffered prolonged and unnecessary pain because of lack of treatment. The Sheriff and the County deny that anyone suffered prolonged and unnecessary pain because of lack of treatment.

**THE PROPOSED SETTLEMENT**

With the assistance of the Court, the lawyers for the parties have agreed to a settlement of all claims in this case. Defendants have agreed to establish a settlement fund in the amount of $5,563,000 (five million five hundred and sixty three thousand dollars) to cover damages for class members, incentive awards, fees and costs of counsel, resolution of three separate lawsuits, and administration of this settlement. A total of $2,880,000 (two million eight hundred and eighty thousand available to pay class members.

Exhibit 2                                                    Page 1

If the Court approves the proposed settlement, each member of the "released class" will receive an award based on the total number of claimants, length of time at the Jail, and the number of grievances, if any, filed by the claimant. Class counsel expect that the average award will be about $200; regardless of the number of claimants, the maximum award available is $3,000. The estate of original plaintiff John Smentek will receive an incentive award of $25,000; the additional plaintiffs Malcolm Patton, Melvin Phillips, Rodell Sanders, and Frank Powicki, will each receive $15,000. Class member Tom Tuduj, who appeared for a deposition, will receive an incentive award of $3,000. Each plaintiff in the three consolidated cases will receive $15,000. Attorneys' fees, which were negotiated after an agreement had been reached on the monetary relief for the class, will be paid from the settlement fund in an amount not to exceed 36% of the fund, or $2,000,000 as approved by the Court. Class counsel will also receive reimbursement for actual litigation costs up to $250,000.

**RELEASE**

If you want to participate in this settlement, you must complete the enclosed Claim Form and "release", which means that you cannot sue about anything that arises out of your incarceration related to dental care at the Cook County Jail. The release does not extend to any claim that has not yet accrued or that is already pending in court.

**CLASS COUNSEL'S OPINIONS**

The class is represented by attorneys Joel A. Flaxman and lead counsel Kenneth N. Flaxman, 200 South Michigan Avenue, Suite 201, Chicago, Illinois 60604, (312) 427-3200. The class is also represented by Thomas G. Morrissey and Patrick W. Morrissey. Class Counsel have investigated the facts and the applicable law and consider this settlement to be in the best interest of the class.

**NO ADMISSION OF LIABILITY**

By settling this lawsuit, Defendants do not admit that they have done anything wrong. Defendants expressly deny any wrongdoing and/or violation of any individual's constitutional rights. Defendants, by agreeing to resolve this case, do not agree to resolve claims of detainees held at the Cook County Jail outside the time period of this class and will vigorously defend any such claims.

**FINAL APPROVAL HEARING**

A hearing will be held on **August 16, 2018** at **10:30 a.m.** in Courtroom 2201, United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60602. The hearing will decide whether the proposed class settlement is fair, reasonable, and adequate, and whether the proposed settlement should be approved by the Court. The date and time of the hearing may be changed without further written notice to the class.

Any class member who wishes to be heard either in support of or in opposition to the proposed settlement must file a written objection or comment with the Clerk of the United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois 60602 on or before **July 31, 2018.** Written objections or comments will be considered whether or not the class member attends the hearing.

**YOUR OPTIONS**

If you are an eligible class member and wish to receive a portion of the settlement proceeds, you **must** return the enclosed claim form to the Claims Administrator. A pre-paid pre-addressed return envelope is provided. **The claim form must be received by [date to file claim].** If the settlement is finally approved by the Court, and if you are an eligible class member, you will receive a check. YOU WILL NOT RECEIVE ANY MONEY IF YOU DO NOT SUBMIT A CLAIM FORM.

If you do not wish to participate in this settlement, you can opt-out, which means to exclude yourself from both the class action and the settlement. To opt-out, you **must** return the opt-out form to lead counsel for the class, Kenneth N. Flaxman, 200 South Michigan Avenue, Suite 201, Chicago, Illinois 60604. **The opt-out form must be post marked by [date of opt out].** If you do <u>not</u> timely opt out of the class, you will be a class member and bound by the terms of the settlement and the Court's orders. You will be bound by any judgment approving or disapproving the settlement, and you will receive the benefits of the settlement, if approved by the Court.

**MORE INFORMATION**

The settlement agreement and all other papers filed in this action may be examined and copied in the Office of the Clerk of the U.S. District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th floor, Chicago, Illinois 60602 between the hours of 8:30 a.m. and 4:30 p.m. Monday through Friday.

Do not call either the Court or Office of the Clerk for information about the case.

**Exhibit 3**

**RETURN THIS FORM TO:**

[name and address of administrator

# CLAIM FORM

**PREPRINTED NAME
AND ADDRESS**

### YOU MUST FILL OUT THIS FORM TO PARTICIPATE IN
### THE SETTLEMENT OF *SMENTEK V. SHERIFF OF COOK COUNTY*

### THIS FORM MUST BE *RECEIVED BY JULY 31, 2018*

I certify under penalties of perjury as provided by law that I was detained at the Cook County Jail between January 1, 2007 and October 31, 2013, that I made a written request for dental care because of acute pain, and suffered prolonged and unnecessary pain because of lack of treatment. .

By signing below, I hereby promise not to sue and to release and forever discharge Cook County, Cook County's counsel, the Sheriff of Cook County, the Sheriff's counsel, and any of their past, present or future boards, commissions, members, directors, officers, agents, employees and/or independent contractors, and/or any other successors, assigns, or legal representatives thereof for any and all Unknown Claims, known claims, and rights, demands, actions, causes of action, suits, debts, liens, contracts, liabilities, agreements, interest, costs, expenses or losses, for the acts alleged or which are or could have been alleged by the Named Plaintiff or the Potential Class Members in this action, or relate in any way whatsoever to this dental care at the Cook County Jail between January 1, 2007 and October 31, 2013.

My social security number is: ☐☐☐ — ☐☐ — ☐☐☐☐

**Claim Verification and Substitute W9:**

Under penalties of perjury, I certify that:

1. The Social Security number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and

3. I am a U.S. Person (including a U.S. resident alien).

Claim Verification and W-9 Signature

| | Date Signed |
| M M | D D | Y Y Y Y |

<u>Note</u>: if you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above. The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.

### IF YOU HAVE AN ADDRESS CHANGE, PLEASE FILL OUT THE FORM BELOW:

Mailing Address

City                                                                 State     Zip Code

**Exhibit 3**

**Exhibit 4**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| Dennis Smentek, et al., | | ) | |
| | *Plaintiffs* | ) | 09-cv-529 |
| | *-vs-* | ) | |
| Sheriff of Cook County and Cook County, Illinois, | | ) | *(Judge Lefkow)* |
| | | ) | |
| | *Defendants* | ) | |

# OPT-OUT FORM

I have read the NOTICE OF HEARING ON SETTLEMENT OF CLASS ACTION in this case.

**I *do not* want to participate as a member of the class in this lawsuit.**

I understand that by signing this form, *I will not* be represented by class counsel, *I will not* share in the settlement in this case, but must proceed on my own.

### *DO NOT FILL OUT THIS FORM*
### *IF YOU WANT TO PARTICIPATE*
### *IN THE SETTLEMENT OF THIS LAWSUIT*

If you choose *not* to participate in this case, please date and sign your name below.


Date: _____


_____
*Signature*
*[preprinted name and address]*



**If you do not wish to participate in this case, you must return this form to the law offices of Kenneth N. Flaxman, 200 S. Michigan Avenue, Suite 201, Chicago, Illinois 60604 by July 31, 2018. *This means that the form must be received at the office of class counsel by thast date and not simply put in the mail by then***

**Exhibit 4**